# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

February 06, 2014

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number:  13-10080-AA
Case Style:  Clarence Stephenson v. Warden, et al
District Court Docket No:  3:11-cv-00455-RV-CJK

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Eleanor M. Dixon, AA at (404) 335-6172.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1 Ntc of Issuance of Opinion

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10080
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cv-00455-RV-CJK


CLARENCE FRANK STEPHENSON,

Plaintiff-Appellant,

versus

WARDEN, JOHN DOE, Colonel GIELOW,
Lieutenant F. GIVEN, Sergeant S. THOMAS,
Sergeant, et al.,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 6, 2014)

Before WILSON,  JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Clarence Stephenson, a state prisoner appearing *pro se*, appeals the district court's *sua sponte* dismissal of his 42 U.S.C. § 1983 complaint without prejudice as malicious under 28 U.S.C. § 1915(e)(2)(B)(i).  The district court found that Mr. Stephenson had abused the judicial process because he had avowed in his prisoner complaint form that he had listed all of his prior civil cases, but in actuality had omitted at least two prior civil cases, including one from 2007 and a second case filed only ten days before he filed the instant action.  On appeal, Mr. Stephenson argues that the district court abused its discretion by *sua sponte* dismissing his complaint as a sanction for failure to disclose those two prior federal actions because he did not intentionally omit those actions and because the dismissal deprived him of adjudication of his civil rights claims.  After review of the record on appeal and consideration of the parties' briefs, we vacate the district court's dismissal and remand for further proceedings.

Pursuant to § 1915(e)(2)(B)(i), a district court must dismiss an *in forma pauperis* action if it determines that the action is "frivolous or malicious." We review for abuse of discretion a district court's *sua sponte* dismissal under § 1915(e)(2)(B)(i).  *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). "Discretion means the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law."  *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006)

2

(quotations omitted).

A dismissal without prejudice generally does not constitute an abuse of discretion because the affected party may simply re-file. *See, e.g., Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice for failure to file a court-ordered brief was not an abuse of discretion). But where a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice. *Justice v. United States*, 6 F.3d 1474, 1482 & n.15 (11th Cir. 1993).

Dismissals with prejudice are drastic remedies that are to be used only where lesser sanction would not better serve the interests of justice. *Id.* at 1482 n.15. Thus, dismissals with prejudice are not appropriate unless the district court finds both that a clear record of delay or willful misconduct exists, and that lesser sanctions are inadequate to correct such conduct. *Zocaras*, 465 F.3d at 483 (involving sanctions under Fed.R.Civ.P. 41(b)). Mere negligence is insufficient to justify a finding of delay or willful misconduct. *Id.* We previously have held that cutting off a plaintiff's potentially meritorious action is an unduly harsh sanction for failing to prosecute his claim or comply with a court order, absent willful or contumacious conduct. *See Justice*, 6 F.3d at 1481.

The statute of limitations for § 1983 claims is governed by the forum state's residual personal injury statute of limitations, which in Florida is four years. *See City of Hialeah, Fla. v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002). Mr. Stephenson's action, which was filed in September of 2011, was based on events which allegedly took place in September of 2007. The district court's dismissal, therefore, was tantamount to a dismissal with prejudice. *See Justice,* 7 F.3d at 1482 n.15.

We conclude that the district court abused its discretion by dismissing Mr. Stephenson's complaint as malicious. *See Hughes*, 350 F.3d at 1160. The magistrate judge correctly found that Mr. Stephenson had failed to disclose two prior civil cases brought pursuant to § 1983, including one from 2007 and one filed ten days prior to the instant complaint. It does not appear, however, that Mr. Stephenson's omission of the 2007 case was necessarily malicious. That case, although similar to the present action, was unrelated to the present action because the defendants were different and the incidents in the complaint took place before the events alleged in the present lawsuit. Although Mr. Stephenson should have disclosed the case in the section on previous lawsuits about the conditions of his confinement, he asserted that he did not intentionally omit this lawsuit, and, given that the lawsuit was from four years prior and he disclosed other previously filed lawsuits, it does not appear that this omission was necessarily malicious.

Mr. Stephenson's failure to disclose his other 2011 case, however, was arguably malicious.  Ten days prior to filing the instant action, Mr. Stephenson filed another § 1983 complaint also alleging that two of the same correctional officers named in the instant action, Officers Ellis and Givens, filed false disciplinary reports against him in August and September of 2007.  The action appears related to the instant action, and, given that he filed it just two weeks before, the failure to disclose does not appear to be a mere oversight.

Nevertheless, the record does not show that the district court understood the dismissal would preclude Mr. Stephenson from refiling due to the statute of limitations.  Nor did the court explain why a lesser sanction would be inadequate to correct Mr. Stephenson's conduct.  *See Zocaras*, 465 F.3d at 483; *Justice*, 6 F.3d at 1481-82 & n.15.  Given that Mr. Stephenson disclosed several prior suits, his failure to disclose the two suits in questions do not, on this record, support a dismissal with prejudice.  *See Zocaras*, 465 F.3d at 483.  We express no view on the appropriate resolution on remand.

**VACATED AND REMANDED.**