## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA   DIVISION

### AMENDED
## CIVIL RIGHTS COMPLAINT FORM
## TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

Clarence Frank Stephenson ,

Inmate # 185325 .
 (Enter full name of Plaintiff)

vs.

Walter A. McNeil / Michael Crews, Secretary,

Florida Department of Corrections, David ,

Ellis, Walter L. Gielow, F. R. Given, Gregory,

Raybon, Steven s. Thomas, John Doe (captain),

D. Austin and David McArthur, .

(Enter name and title of each Defendant.

If additional space is required, use the

blank area below and directly to the right.)
   Defendants.

Defendants are sued in their individual
and official capacities.

"JuRy TrIAl DemAnd "

CASE NO: **3:11cv455/RV/CJK**
(To be assigned by Clerk)

RECEIVED
UNION CORRECTIONAL INSTITUTION
APR 17 2014
BY ___ FOR MAILING

## ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

## I.   PLAINTIFF:

State your full name, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff:  Clarence Frank Stephenson
Inmate Number  185325
Prison or Jail:  Union Correctional Institution
Mailing address:  7819 N.W. 228th Street
Raiford, Florida 32026

## II.   DEFENDANT(S):

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for **every** Defendant:

(1)  Defendant's name:  Walter A. McNeil/Michael Crews
Official position:  Secretary
Employed at:  Florida Dept of Corrections
Mailing address:  501 S. Calhoun Street
Tallahassee, Florida 32399-2500

(2)  Defendant's name:  David Ellis
Official position:  Warden
Employed at:  Santa Rosa Correctional Institution
Mailing address:  5850 E. Milton Road
Milton, Florida 32583

(3)  Defendant's name:  Walter L. Gielow
Official position:  Correctional Lieutenant
Employed at:  Santa Rosa Correctional Inst.
Mailing address:  5850 E. Milton Road
Milton, Florida 32583

## ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS

continuation II. Defendants:

(4) Defendant's name: F. R. Given
Official position: Correctional Sergeant
Employed at: Santa Rosa Correctional Institution
mailing address: 5850 E. Milton Road
Milton, Florida 32583

(5) Defendant's name: Gregory Raybon
official position: Correctional Officer
Employed at: Santa Rosa Correctional Institution
mailing address: 5850 E. Milton Road
Milton, Florida 32583

(6) Defendant's name: Steven S. Thomas
official position: Correctional Sergeant
Employed at: Santa Rosa Correctional Institution
mailing address: 5850 E. Milton Road
Milton, Florida 32583

(7) Defendant's name: John Doe
official Position: Captain
Employed at: Santa Rosa Correctional Institution
mailing address: 5850 E. Milton Road
Milton, Florida 32583

(8) Defendant's name: D. Austin
official position: Correctional Nurse
Employed at: Santa Rosa Correctional Institution
mailing address: 5850 E. Milton Road
Milton, Florida 32583

Continuation II Defendants:

(9)  Defendant's name: David McArthur
     Official Position: Correctional Nurse
     Employed at:    Santa Rosa Correctional Institution
     Mailing address: 5850 E. Milton Road
                      Milton, Florida 32583

## III.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

## IV.   PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL. Plaintiff, is unsure of other prior cases that he has filed!

A.   Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes(**✗**)                     No(  )

1.   Parties to previous action:
(a)   Plaintiff(s): Clarence Stephenson
(b)   Defendant(s): Walter A. McNeil, sec., F. DOC

2.   Name of judge: William L. Gary          Case #: 2007-CA-3552

3.   County and judicial circuit: Leon County Second Judicial Circuit

4.   Approximate filing date: 12-14-07

5.   If not still pending, date of dismissal: Denied 4-23-08

6.   Reason for dismissal: In Light of Sanction

7.   Facts and claims of case: Due Process Violations; Denied Witnesses requested and failure to provide written statement.

**(Attach additional pages as necessary to list state court cases.)**

B.   Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes(✓)                     No(  )

1.   Parties to previous action:
a.   Plaintiff(s): Clarence Frank Stephenson
b.   Defendant(s): David Ellis, F.R. Given, J.C. Frizzel, etc.

2.   District and judicial division: Norther District, Pensacola Division

3.   Name of judge: M. Casey Rodgers          Case #: 3:11 cv 418 MCR/CJK

4.   Approximate filing date: August 31, 2011

5.   If not still pending, date of dismissal: March 25th, 2013

6.   Reason for dismissal: Failed to state a claim

**IV.** Previous Lawsuits A, Continues:

1. Parties to previous action:
   (a) Plaintiff(s): Clarence Stephenson
   (b) Defendant(s): James R. McDonough, Sec., F Doc
2. Name of Judge: William L. Gary, case# 2008-CA-0278
3. County and Judicial circuit: Leon County, Second Judicial Circuit
4. Approximate filing date: 1-22-08
5. If not still pending, date of dismissal: Denied 6-18-08
6. Reason for dismissal: Denied on all issues + claims
7. Facts and claims of case: Violation code does not support the charged infraction, Disciplinary hearing team relied on insufficient evidence, Due process violation in the course of proceedings.

1. Parties to previous action:
   (a) Plaintiff(s): Clarence Stephenson
   (b) Defendant(s): James R. McDonough, Sec., FDOC
2. Name of Judge: William L. Gary, case# 2008-CA-0228
3. County and Judicial Circuit: Leon County, Second Judicial Circuit
4. Approximate filing date: 12-19-07 - Amended - 2-26-08
5. If not still pending, date of dismissal: Denied 6-18-08
6. Reason for dismissal: Failed to show that the department violated due process, abused its discretion, or otherwise departed from the essential requirements of law.
7. Facts and claims of case: Disciplinary team failed to give a copy of their final decision and evidence relied on, failed to acknowledge the disciplinary report being approved by an officer who told another officer to write the infraction; due process violation.

IV. Previous Lawsuits A. Continues:

1. Parties to previous action:
   (a)  Plaintiff(s): Clarence Stephenson
   (b)  Defendant(s): James R. McDonough, Sec., FDOC
2. Name of Judge: William L. Gary, Case# 2008-CA-0279
3. County and Judicial Circuit: Leon County, Second Judicial circuit
4. Approximate filing date: 1-22-08
5. If not still pending, date of dismissal: Denied 6-18-08
6. Reason for dismissal: Denied on all issues and claims
7. Facts and claims of case: Agency failed to present evidence at the hearing; Failed to follow own rules and regulations; deprived petitioner of his 1st Amendment const. right when falsified DR in retaliation for utilizing Admin. grievance Procedure.

1. Parties to previous action:
   (a)  Plaintiff(s): Clarence Stephenson
   (b)  Defendant(s): Walter A. McNeil, Sec., FDOC
Name of Judge: William L. Gary, Case# 2008-CA-0280
County and Judicial Circuit: Leon County, Second Judicial circuit
Approximate filing date: 1-22-08
If not still pending, date of dismissal: Denied 10-19-08
Reason for Dismissal: Denied on all issues and claims
Facts and claims of case: Defendant failed to give written statement and evidence, reason on by the fact finders; Failed to correct procedure errors; Due process violations

7.   Facts and claims of case: _Malicious prosecution, deliberate_
_indifference, Conspiracy, False charges._

**(Attach additional pages as necessary to list other federal court cases.)**

C.   Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes(✓)                    No(   )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1.   Parties to previous action:
 a.   Plaintiff(s): _Clarence Frank Stephenson_
 b.   Defendant(s): _Rachal, Ritchie, M. Nichols_
2.   District and judicial division: _Northern District, Pensacola Division_
3.   Name of judge: _Lacey A. Collier_        Case #: _3:11 cv 145/LAC_
4.   Approximate filing date: _3-22-2011_
5.   If not still pending, date of dismissal: _9-18-12_
6.   Reason for dismissal: _Abuse of the Judicial Process_
7.   Facts and claims of case: _Cruel and unusual Punishment, excessive_
_Force, Deliberate Indifference._

**(Attach additional pages as necessary to list cases.)**

D.   Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes(✓)                    No(   )

1.   Parties to previous action:
 a.   Plaintiff(s): _Clarence Frank Stephenson_
 b.   Defendant(s): _David Ellis, F.R. Given, J.C. Frizzell, etc._
2.   District and judicial division: _Northern District, Pensacola Division_
3.   Name of judge: _M. Casey Rodgers_        Case Docket # _3:11 cv 418/mcR_
4.   Approximate filing date: _8-31-2011_     Dismissal date: _4-30-12/3-25-13_
5.   Reason for dismissal: _Failed to state a claim_

Continuation C.

1. Parties to previous action:
   (a) Plaintiff(s): Clarence F. Stephenson
   (b) Defendant(s): Walter A. McNeil, sec., FDOC
2. District and Judicial division: Middle District, Jacksonville Division
3. Name of Judge: Douglas N. Frazier, John E. Steele case # 211cv-00120
4. Approximate filing date: February 22, 2011
5. If not still pending, date of dismissal: N/A
6. Reason for dismissal: N/A
7. Facts and claims of case: Violation of petitioner's sixth and fourteenth Amendment, unlawful placement on close management.

1. Parties to previous action:
   a. Plaintiff(s): Clarence Frank Stephenson
   b. Defendant(s): Walter A. McNeil, Edwin G. Buss, sec., FDOC
2. District and Judicial division: Southern District, Ft. Pierce Division
3. Name of Judge: Donald L. Graham, Case # 2:11-cv-14079 DLG
4. Approximate filing date: February 22, 2011
5. If not still pending, date of dismissal: Denied 10-18-11
6. Reason for dismissal: N/A
7. Facts and claims of case: D'R statement of facts failed to comply with Fla. Admin. Code Rule 33-601.304 (2) as it did not contain the specific rule violated or a formal statement of the charge and (2) the presence of a typographical error in the D'RS statement of facts required the D'R to be re-written under Fla. Admin. Code Rule 33-601.307(b). And violation of petitioner's 6th and 14th Amendment Rights

**IV.** Previous Lawsuits D. continues:

1. Parties to Previous action:
   a. Plaintiff(s): Clarence Stephenson
   b. Defendant(s): LT. Swartz
2. District and Judicial division: Northern District, Pensacola Division
3. Name of Judge Elizabeth M. Timothy, case# 3:07 cv353/LAC/EMT
4. Approximate filing date: August 14th, 2007, Dismissal date: N/A
5. Reason for dismissal: N/A
6. Facts and claims of case: N/A

6.    Facts and claims of case: _Malicious Prosecution, False written reports_

**(Attach additional pages as necessary to list cases.)**

## V.    STATEMENT OF FACTS:

State briefly the FACTS of this case.  Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim.  In describing what happened, state the names of persons involved, dates, and places.  Do not make any legal arguments or cite to any cases or statutes.  You must set forth separate factual allegations in separately numbered paragraphs.  You may make copies of this page if necessary to supply all the facts.  Barring extraordinary circumstances, no more than five (5) additional pages should be attached.  **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

This complaint addresses repeated malicious and sadistic gassing of inmates in retaliation for angering or filing grievances against prison officials, As well as, physical injury. Resulting in experienced intense physical pain and buring, Chest pain, damaged eyes, and trouble breathing while gassed.

## COMPLAINT

Plaintiff, Clarence Frank Stephenson, Pro Se, sues Defendants and alleges:

## INTRODUCTION

1. This is a civil action for damages by Clarence F. stephenson, [ herein-after referred to as Plaintiff] against all Defendants for violations of the First, Eighth and Fourteenth Amendments to the United States Constitution and statutory claims that are so related to the other counts that they form part of the same case.

2. The court has original jurisdiction of the Plaintiff's federal causes of action that properly invoke this court's subject matter Jurisdiction under 28 U.S.C. §1331 and 1343, et seq..

3. Plaintiff's claim for relief is predicated upon 42 U.S.C. § 1983, which autho-rizes actions to redress the deprivation, under color of state law, of rights,

Privileges, and immunities secured by the constitution and laws of the United States.

4. Venue and jurisdiction are proper in this Court because Defendant Florida Department of Corrections is situated within and all of the wrongful acts complained of occurred within the Northern District of Florida.

## PARTIES

5. Plaintiff, Clarence Frank Stephenson, is an inmate in custody of the Florida Department of Corrections currently at Union Correctional Institution, 7819 N.W. 228th Street, Raiford, Fla. 32026-4000.

6. Defendant, Walter A. McNeil, or his Predecessor, Michael Crews, is/was at all times material hereto, Secretary of the Florida Department of the corrections, a Florida Agency that accepts federal funds and is charged with providing care and custody and custodial medical services to prisoners a Santa Rosa Correctional Institution, and directs all medical provisions involved in Plaintiff's care. Defendant McNeil is sued under 42 U.S.C. § 1983 in his individual and official Capacities.

7. At all times material hereto, Defendant David Ellis, was Warden of Santa Rosa Correctional Institution [hereinafter SAR.C.I.], and was the Florida Department of corrections [hereinafter FDOC/DOC] Policymaker charged with care and custody of Prisoners, like Plaintiff, who were held in close Confinement, during all times relevant to this action, at SAR.C.I., and with Providing them with the basic necessities of life, including Personal safety. He is sued in his individual and supervisory capacities.

8. At all times material hereto, Defendant Walter L. Gielow as a Corrections Supervisor at SAR.C.I., acting within the Course and scope of employment and under color of law and is individually and officially sued in these capacities.

9. At all times material hereto, Defendant F.R. Given was a Correctional Officer Sergeant at SAR.C.I., acting within the course and scope of his employment and under color of law and is sued in his individual and official capacities.

10. At all times material hereto, Defendant Gregory Rayben was a Correctional Officer at SAR.C.I., acting within the course and scope of his employment and under color of law and is sued in his individual and official capacities.

11. At all times material hereto, Defendant Steven S. Thomas was a Correctional Officer Sergeant at SAR.C.I., acting within the course and scope of his employment and under color of law and is sued in his individual and official capacities.

12. At all times material hereto, Defendant John Doe was a Corrections supervisor at SAR.C.I. (captain), acting within the course and scope of employment and under color of law and is individually and officially capacities sued.

13. At all times material hereto, Defendants Jane Doe, or John Doe was Correctional Nurses, acting within the course and scope of their employment and under color of law and is sued in their individual and official capacities. Defendants D.Austin, D. McArthur, ect.. are those nurses.

## COMMON ALLEGATIONS OF FACT

14. During all times relevant to this complaint Plaintiff was housed in Close management/ Close Confinement at SAR.C.I. and known by the defendants as a "grievance filer". As a result, Plaintiff was subjected to the following, which will demonstrate a chronological

Of a series of events suggesting that the Plaintiff was subjected to continued conspiratorially planned disciplinary action taken in retaliation for filing prison grievances via established grievance procedure against the defendants and their co-workers as punishment.

15. Around 1:00 p.m. on Sept. 5, 2007 Plaintiff called Defendant Raybon to his cell-front to ask him to contact S.A.R.C.I. Library staff about his legal deadline materials provided to the Law clerk on 9/4/07 to take to the library for copying services. Defendant Raybon told Plaintiff there was nothing he could do. It was between Plaintiff and library.

16. Shortly after Defendant Raybon left Plaintiff's cell Defendant Given came by and Plaintiff stopped him and explained his situation. As a result, Defendant Given instructed Defendant Raybon to contact the library about the Plaintiff deadline materials.

17. Shortly thereafter, Defendant Raybon returned and told Plaintiff that the Librarian said that the Plaintiff had 50 days to file to the Court. Why Plaintiff waited so long?"

18. As Defendant Raybon was leaving the Plaintiff cell Defendant Gielow stopped him and ordered him to write Plaintiff a Disciplinary Report [hereinafter DR]. Plaintiff was written a bogus Disorderly Conduct DR.

19. Defendant Gielow proceeded to Plaintiff cell mean-mugging him and stated, " I have no rap for you. I wanna gas your ass for writing grievances against Lieutenant StWartz."

(20). Defendant Gielow approved the processing of Defendant's Raybon false Disorderly Conduct DR on 9/5/07 at 2:35 p.m..

(21). On 9/9/07 Defendant Thomas came to Plaintiff Cell to investigate Defendant Raybon's DR. Plaintiff Called fellow-inmate David Patterson, DC# 902790 as a witness, who made no statement, but signed and dated the Witness Statement Form, as if he had been intimidated by staff.

22. Plaintiff submitted a written statement denying Kicking his cell door, and stated that Defendant Gielow ordered Defendant Raybon to file the false DR, then Defendant Gielow came to Plaintiff Cell and told him that he wanted to gas him for Lt. Swartz, and that the DR was in retaliation for filing grievances against staff. Plaintiff requested the Quad's Video in support of his position.

23. On 9/11/07 Plaintiff filed Grievance, log# 0709-191-141 directly with Defendant Ellis informing him of Defendants Gielow and Raybon action requesting a transfer from SAR.C.I.. Plaintiff grievance was denied.

24. At subsequent DR Hearing held on 9/13/07 Defendant Gielow was a Hearing Team Member, but was recused by the Chair-Person because he approved the DR to be wrote. Nevertheless, Plaintiff was found guilty. Sentenced to 30 days Confinement.

25. On 9/13/07 Defendant Gielow filed a false Disobeying Order DR against Plaintiff Claiming that he observed him and heard him in his cell screaming at an unidentified inmate on the 2nd Floor.

26. At a subsequent DR on 10/2/07 Plaintiff was found guilty by the Hearing Team and sentenced to 30 days Confinement to run consecutive to the 30 days Confinement imposed on 9/13/07.

27. On 9-14-07 Defendant Gielow came to Plaintiff's Cell at approximately 6:13 a.m., woke him up and stated, " get ready. I'll be back."

28. At 8:16 a.m. Defendants Gielow and Given returned to Plaintiff's cell together. Plaintiff was told, "get ready. We about to spank you in a few minutes."

29. At 8:35 a.m. Defendant Gielow alone returned to Plaintiff's cell to make it appear on the Quad's video that he was counseling Plaintiff about unruly behavior. When he was not.

30. At 8:43 a.m. Defendants Gielow and Given again returned to Plaintiff cell together, again to make it appear on the Qud's video that they were counseling Plaintiff. This time the handheld camera accompanied them.

31. At 8:48 a.m. Defendants Gielow and Given returned to Plaintiff's cell without the handheld camera and administered chemical agent in the Plaintiff cell directly in his face and on all uncovered skin. The spray was excessive.

32. While the Plaintiff was suffering intense physical pain, burning sensation in the mucous membranes, involuntary closing of eyes, gagging, paralysis of the larynx, disorientation, anxiety, and panic as a result of the exposures to gas Defendant Given was pushing the Quad's video up toward the ceiling to prevent the recording of the excessive and malicious use of gas.

33. At 9:00 a.m., Defendants Gielow ordered Plaintiff to be gassed a second time.

34. At approximately 9:20 a.m., Defendant Gielow ordered Plaintiff to be gassed a third time.

35. Plaintiff was gassed at times when he was not engaging in any disorderly behavior.

36. Each time Defendant Given applied the chemical agents in ex-

cessive amounts.

37. Plaintiff begged Defendants to stop, told Defendants he was not resisting any lawful Commands and asked to be left alone.

38. At approximately 9:30 a.m. Defendant's Gielow came to Plaintiff's cell accompanied by the handheld Camera and ordered Plaintiff to Come out the cell or he will summon the Cell Extraction Team to remove him.

39. Due to fearing for his well-being and safety and panic after being excessively sprayed with gas Plaintiff refused to Come out of his cell for and with Defendant Gielow.

40. For nearly an hour Plaintiff had endured the effects of gas before he was finally ordered to leave his cell.

41. Prior to and during the gassing Plaintiff was secure behind a locked cell door and was not an immediate threat to himself or others, did not pose a genuine security threat.

42. Plaintiff stated to the handheld Camera that Defendant Gielow was retaliating against him for filing grievances. That his life was in danger.

43. The Camera was turned Completely Off. In Violation of the Department's own rules. They didn't want Plaintiff speaking this way.

44. At approximately 9:40 a.m. Officers Dorn and Wilson Came to Plaintiff cell alone, without Camera, and talked Plaintiff out of his cell to shower, and escorted him to the shower.

45. At approximately 9:43 a.m. while showering Defendant Gielow Came to Plaintiff smiling and stated, "I wanna gas you again today. Are you with it?"

46. Plaintiff Stated, " No! I'm not with it. I want to be left alone. "Why are you retaliating against me?"

47. Defendant Gielow stated," because you're a piece of shit. You wrote all them grievances on staff and now you got the (Warden) upset with you."

48. Plaintiff was given only a few seconds in the Shower, and was not allowed sufficient time to properly decontaminate.

49. The gas that remained on Plaintiff was so strong that the nurse (Defendant D. Austin) who treated him had difficulty breathing.

50. During his post-use of force physical, Plaintiff told Defendant Austin that he was burning so badly, and to be allowed to wash the gas off and the nurse refused. Told Plaintiff to sign up for Sick-Call.

51. Plaintiff continued to suffer from exposure to gas for at least two weeks including severe skin burns, peeling of the skin, frequent burning of the body, and intense physical pain.

52. During Plaintiff's physical Defendant Gielow ordered all Plaintiff property removed from his Cell. Plaintiff was placed on property restriction [hereinafter Strip] a minimum of 72 hours. Leaving him only the boxer shorts he was wearing.

53. Plaintiff was held in incommunicado. Not even allowed to file a grievance challenging his inhumane Conditions. The Plaintiff was forced to sleep on a Steal bunk in a very Cold Cell. Sleep rarely Came, and didn't Come without total exhuastion.

(54). Plaintiff suffered sleep deprivation and physical pain as a result of excessive gas, lying on a steal bunk and cold tempertures.

55. At approximately 1:50 p.m. Defendant Gielow returned to Plaintiff's cell stating, " say you sorry on the witness statement form in the use of force that somebody will bring you to sign."

56. At approximately 3:00 p.m. the Housing Sergeant came to Plaintiff cell with the Witness Statement Form for the use of force. Plaintiff wrote on it, " I can not make a statement at this time because my life's in danger."

57. On 9/17/07 Defendant Gielow sent Defendant Thomas to Plaintiff's cell to set the stage to gas him while he was on "strip". Plaintiff was due to get off "strip" this date.

58. Defendant Thomas stood staring in the door of Plaintiff's cell. Plaintiff was silent in his cell. Plaintiff asked him about receiving his property back. Told him that Plaintiff was cold.

59. Defendant Thomas stated, " We'll see. You still on strip?" Plaintiff stated, " my 72 hrs. restriction is over with." He left the cell.

60. At approximately 8:46 a.m. Defendants Gielow and Thomas returned to Plaintiff cell together with the handheld camera.

61. Defendant Gielow warned Plaintiff, " Keep up the disturbance chemical agents will be used to quell the disturbance." They left.

62. At approximately 9:30 Defendants Gielow and Thomas returned to Plaintiff's cell with gas.

63. Defendant Gielow ordered Defendant Thomas to gas Plaintiff. Plaintiff was sprayed in the face, torso area, groin and legs.

64. Plaintiff was burning so badly he pulled the sprinkler-head in his cell in an attempt to find relief from the suffering pain.

65. At approximately 10:00 a.m. Defendant Gielow ordered De-

fendant Thomas to gas Plaintiff a second time.

**66.** In between 10:00 a.m. and 10:30 a.m. Defendant John Doe (Captain) was called by Plaintiff to his cell, where Plaintiff told him he was being abused for filing grievances, and that he could barely see because the gas was burning his eyes, and badly.

**67.** Defendant Doe told Plaintiff, " you will be burning more in a minute. You will be receiving an outside charge for that sprinkler system."

**68.** At approximately 10:25 a.m. Plaintiff was gassed a third time.

**69.** Between 10:30 and approximately 10:45 a.m. Plaintiff was taken to the shower to shower.

**70.** As before, as stated hereinabove, in paragraphs 27−54 Plaintiff was subjected to the exact treatment this time too,

**71.** This time Plaintiff was given a physical by Defendant David McArthur. Plaintiff told Defendant McArthur his eyes, skin, and groin area was burning severely from the gas, and asked to be allowed to shower.

**72.** Defendant McArthur denied Plaintiff's request to shower and refused to provide him any medical treatment and instructed him to report to sick call.

**73.** Thereafter, Plaintiff was placed in a mental health observation cell on strip. Plaintiff was not allowed to request sick call by medical and security personnel, because this is known routine practice. Sick-call is denied on strip. Not allowed,

**74.** An unknown officer came to Plaintiff cell later in the day

and told Plaintiff, " Lt. Gielow said if you don't say you are sorry for writing complaints, witness statements against him, Lt. Swartz and other staff members, the gassing will continue until you do."

75. Plaintiff wrote on the Witness Statement for use of force as ordered.

76. As a result, of being subjected to excessive gas Plaintiff suffered burning" and swelling around the eyes, bleary vision in addition to what he suffered when gassed on 9/14/07.

77. On 9-17-07 Defendant Thomas filed three (3) separate DRs against Plaintiff. He claim that he wrote a (1-3) PART. In Disturbance DR at 11:20 a.m. because he observed Plaintiff yelling in wing, and kicking his cell door, which was the basis for gassing Plaintiff. Second DR was also wrote at 11:20 a.m. charging Plaintiff with (9-34) Tamper w/ safety Dev. ( breaking cell sprinkler head) and a third DR at 11:25 a.m. entitled (1-1) Assault or Attempt because Plaintiff tried to strike staff with a rag.

78. Plaintiff was on strip. Therefore, he only had the boxer shorts he had on. Plaintiff made no effort to assault staff.

79. Defendant Thomas claimed to write 3 DRs in five (5) min. Each DR containing no less than 100 words, numbers, and signs. That's impossible to do without any type of assistance.

80. At subsequent DR Hearings held 9/25/07 Plaintiff was found guilty by the Hearing Team and sentenced to a total of 120 days confinement to run consecutive to the other 60 days being served.

81. On 9/26/07 Plaintiff filed Grievance, log # 07-6-25908 to Defendant McNeil outlining the abovementioned inhumane treatment.

On 10/16/07 the Office of Defendant McNeil denied Plaintiff's grievance.

82. On 9/28/07 Plaintiff filed Grievance, log# 07-6-26231 directed to Defendant McNeil raising concerns of being subjected to inhumane conditions. On 11/5/07 Plaintiff grievance was denied.

83. On 10/7/07 Plaintiff filed Grievance, log# 07-6-26778 directly to Defendant McNeil addressing inhumane conditions subjected to. On 10-26-07 Plaintiff's grievance was returned without action.

### Count I: Violation of Constitutional Rights Under 42 U.S.C. § 1983 against Defendants Gielow, Rayboon, Given, Thomas and John Doe (captain).

84. Plaintiff realleges the Common Allegations as if fully set forth herein.

85. Defendants Gielow, Rayboon, Given, Thomas and Doe are liable to Plaintiff in that they unjustifiably administered or ordered the administration of excessive chemical agents, strip in a very cold cell repeatedly in retaliation for Plaintiff's lawful exercise of rights and failing to intervene, though able to do so, in the physical abuse of Plaintiff.

86. Defendants Austin and McArthur is liable to Plaintiff in that they refused to permit Plaintiff to wash the burning chemical agents from his body and in failing to intervene, though able, in the physical abuse of Plaintiff.

87. The acts of Defendants constituted a violation of the First Amendment of the U.S. Constitution, Court Access, of the Eighth Amendment to the U.S. Constitution, prohibiting cruel and unusual

Punishment, and of the Fourteenth Amendment to the U.S. Constitution mandating due process and equal protection of the law.

88. The conduct of the Defendants was under color of state law by state actors, acting within the course and scope of their employment.

89. The force used by the officers was inflicted as gratuitious punishment and exceeded that which was reasonable and necessary under the circumstances, violated universally accepted standards of decency and amounted to cruel and unusual punishment.

90. As a direct and proximate result of the wrongful acts alleged above, Plaintiff suffered bodily injury and resulting pain and suffering, disability, aggravation of an existing condition, humiliation, and mental anguish. The injuries and losses are permanent and continuing, and Plaintiff will suffer such losses in the future.

91. Plaintiff is entitled to punitive damages against defendants sued individually.

WHEREFORE, Plaintiff prays this Court enter judgment as noted below.

## Count II: Violation of Constitutional Rights under 42 U.S.C.§1983 against Defendant Ellis (supervision and Retention)

92. Plaintiff realleges the Common Allegations as if fully set forth herein.

93. Defendant Ellis is liable to Plaintiff because Ellis failed, as Warden, to screen, train, supervise, discipline, or terminate, Gilow, Given, Raybon, Thomas, Doe and Nurses Austin and McArthur, because he acquiesced in, condoned, and ratified their behavior, and because he was deliber-

ately indifferent to longstanding and widespread abuse at Santa Rosa Correctional Institution.

94. The acts of Ellis constituted a violation of the Eighth Amendment to the U.S. Constitution, prohibiting cruel and unusual punishment.

95. As a direct and proximate result of the wrongful acts alleged above, Plaintiff suffered bodily injury and resulting pain and suffering, disability, humiliation, and mental anguish. The injuries and losses are permanent and continuing, and Plaintiff will suffer such losses in the future.

96. Plaintiff is entitled to punitive damages against defendants individually sued.

WHEREFORE, Plaintiff prays that this Court enter judgment as noted below.

## Count IX: Violation of Constitutional Rights under 42 U.S.C. § 1983 against Defendants Austin and McArthur (Failure to Treat)

97. Plaintiff realleges the Common Allegations as is fully set forth herein.

98. Defendants Austin and McArthur is liable to Plaintiff because they were charged with the duty of providing care for physical injuries from the application of chemical agents and they failed to provide that care.

99. As a direct and proximate result of the wrongful acts alleged above, Plaintiff suffered bodily injury and resulting pain and suffering, disability, humiliation, and mental anguish. These injuries and losses are permanent and continuing, and Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff prays this Court enter Judgment as noted below.

Count II: Violation of Constitutional Rights under 42 U.S.c. § 1983 against Defendants McNeil and Ellis.

100. Plaintiff realleges the Common Allegations as set forth fully herein.

101. Defendants McNeil and Ellis, or their sucessor in office, as Secretary of the Florida Department of Corrections, and Warden of SAR.C.I. is liable to Plaintiff because the Department and the Institution had notice of the guards unconstitutional conduct, and were aware of a need to correct it through further training, or supervision, or discipline.

102. Defendants McNeil and Ellis knew before these incidents further training, discipline and supervision was needed at SAR.c.I., had the means to correct the unconstitutional: gassing, strip, physical abuse, retaliatory bogus DRs writing and denial of due process during the processing of those DRs to punish prisoners with harsh longterm confinement Conditions and denial of medical care, but failed to do so.

103. Before these incidents McNeil, and Ellis had knowledge of what was going on through "force reports and similar documents, video tapes, inmate complainsts, attorney complaints, and personal observation" that officers at SAR.c.I. "regularly used chemical agents unjustly and excessively as means of punishment, wrote false DRs to justify and conseal their actions, not for legitimate reasons, and to deter inmates from filing grievances, while stripping them of all personal and state property, leaving them in extremely cold cells to sleep on steal bunks without mattress, pillow, bedding, hygiene items, and in incommunicado they

kept them.

104. Through the same sources McNeil, and Ellis were made aware that officers at S.A.R.c.I. gassed prisoners in ( 5' x 7') cells with the ventilation turned off denying inmates prompt and adequate ventilation, decontamination, medical care following chemical agent discharge (excessively) as a means of punishment and not for legitimate reasons, then file false DRs claiming inmates are yelling on the wing and kicking cell doors without stating specific reasons for doing so, would not quit until they were gassed three separate times, then finding them guilty at prisoner-bias DR Hearings after failing to providing prisoners meaningful investigations to secure evidence to prove their innocence of the alleged offense, to further punish them with program and privileges restriction confinement and longterm Confinement in Close management in harsh and very restrictive conditions.

105. Inspite of " the many, many known incidents," McNeil, and Ellis took no action. They " did not discipline known incidents, and did not conduct additional training despite knowledge that chemical agents was being improperly used on a regular basis by officers and that inmates were being denied proper treatment after spraying incidents."

106. In addition, McNeil, and Ellis were well aware, before these incidents involving Plaintiff, " of many, many such incidents on all shifts, but especially on the shift (Day Shift) which McNeil, Ellis, Gielow, Given, Raybon, Thomas, Doe, Austin, and McArthur worked. Nevertheless, the officers engaging in this pattern of abuse were not disciplined for their actions or provided with additional training."

107. The 'history' of widespread abuse put McNeil, and Ellis on

notice of the need to correct the stated deprivations, and failed to do so. "The widespread abuse was obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." The FDOC, and SAR.C.I. are recipients of federal funds.

108. Instead of honoring Plaintiff's rights to file grievances, Defendants attempted to deter him of doing so by harming him, then criminally charging him with breaking the sprinkler head, after placing him under duress to commit the act, to find needed relief, from the ill effects of unjustified excessive chemical agents. The failure to honor Plaintiff's rights was intentional, and/or deliberately indifferent to Plaintiff's rights secured under the First, Eighth and Fourteenth Amendments to the United States Constitution, and was the proximate cause of his injuries.

109. The actions and omissions by Defendants, their agents, employees, and/or representatives, proximately caused, and/or were the moving force of the injuries and damages to Plaintiff and proximately caused injuries to Plaintiff. These actions and omissions of the Defendants violated the First, Eighth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays this Court enter judgment as noted below.

## Prayer for Relief

WHEREFORE, Plaintiff seek judgment as follows:

## VI.   STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific.  Number each separate claim and relate it to the facts alleged in Section V.  **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

The Plaintiff's statement of claim against each Defendant has been set fort in paragraghs 84 through 109 and/or pages 22 through 27 of this Complaint. It is there he has fully demonstrated what rights the Defendants has violated as we.        For administrative convenience please review said section of this Complaint and accept that as fulfillment of this requirement.

## VII.   RELIEF REQUESTED:

State briefly what relief you seek from the Court.  Do not make legal arguments or cite to cases/ statutes.

(A). Compensatory damages against each of the defendants herein totaling a minimum of $50,000.00, (D). Punitive damages against defendants sued individually; (C). Pre-judgment interest on all economic losses and post-judgment interest; (B). Attorney's fees pursuant to 42 u.s.c. §§ 1988 and 12205 and costs of litigation; (E). A trial by Jury on all issues so triable; (F). Such further relief as the Court deems just and proper.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

4-17-14
(Date)

_Clarence Stephenson_
(Signature of Plaintiff)

## IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☑ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the __17th__ day of ____APRIL____, 20 14 .

_Clarence Stephenson_
(Signature of Plaintiff)

Revised 03/07

-28 of 28



U.S POSTAGE >> PITNEY BOWES

ZIP 32083
02 1W
0001383720 APR 18 2014

$ 008.10⁰

CombasePrice
Priority Mail

Mailed from A
State Correctional
Institution

Clarence Stephenson #185325
Union Correctional Institution
7819 N.W. 228th Street
Raiford, Florida 32026

Clerk of court
U.S. Federal Courthouse
1 North Palafox Street
Pensacola, Florida 32502



PRIORITY MAIL
UNITED STATES POSTAL SERVICE
Visit us at usps.com
Label 107R, January 2008