IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CLARENCE FRANK STEPHENSON,

    Plaintiff,

    v.           Case No.: 3:11cv455-RV/CJK

WALTER A. McNEIL and MICHAEL CREWS,
Secretary, Florida Department of Corrections;
DAVID ELLIS, WATER GIELOW, F.R. GIVEN;
GREGORY RAYBON; STEVEN S. THOMAS;
JOHN DOE; D. AUSTIN; DAVID McARTHUR,

    Defendants.
_____/

**ORDER**

This cause comes for consideration upon the Magistrate Judge's Amended Order and Report and Recommendation dated May 19, 2014 (doc. 29) ("Report"). The plaintiff has been furnished with a copy of the Report and has been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). I have made a de novo determination of any timely filed objections.

Having carefully considered the Report, and any timely objections thereto, I have determined that the Report should be adopted, in part, as follows.

The record reflects the following facts, based upon the plaintiff's amended complaint (which are accepted as true for present purposes). At the time relevant to this case, the plaintiff was an inmate at the Santa Rosa Correctional Institution ("SRCI") and was known as a "grievance filer", which means that he regularly filed complaints against staff. He alleges that his complaints "got the (Warden) upset," so certain of the correctional officer defendants sprayed him with chemical agents

*Case No.: 3:11cv455-RV/CJK*

on multiple occasions, did not give him sufficient time in the shower to "wash the gas off", stripped his cell, and falsified disciplinary reports against him in order to justify the various actions that they took.[1]

The plaintiff filed this action against the current and former Secretary of the Florida Department of Corrections (Walter McNeil and Michael Crews); the Warden at SRCI (David Ellis); the officers who allegedly sprayed him with chemical agents, stripped his cell, and otherwise participated in the retaliation (Walter Gielow, F.R. Given, Gregory Raybon, Steven S. Thomas, and John Doe); and two nurses who treated him after he was sprayed with the agents (D. Austin and David McArthur). The plaintiff alleges that his First, Eighth, and Fourteenth Amendments rights were violated, and he has brought this action against the defendants in their official and individual capacities.

Upon an initial pre-screening review of plaintiff's complaint, the Magistrate Judge issued the Report and recommended that (1) the official capacity claims be dismissed under Eleventh Amendment immunity; (2) the Fourteenth Amendment claim be dismissed as plaintiff has not alleged a constitutionally protected liberty interest; (3) the First Amendment claim be dismissed on the basis that a claim for retaliation in filing a grievance against staff cannot lie where an inmate was given due process and found guilty of the actual behavior underlying the charge; (4) the claims against the Secretary and the Warden be dismissed as there is no basis for

---

[1] The plaintiff alleges that the officers manipulated and manufactured video footage to make it appear as though he was being "unruly and disruptive" (by, for example, screaming and kicking his cell door), even though he was not. I note that these allegations bear a striking resemblance to claims that were made by another inmate at SRCI in a case that went to trial before me earlier this year [Thompson v. R. Quinn, 3:11-CV-533-RV/EMT], and are similar to another case currently pending before me against several officers at SRCI (including one of the defendants in this case) [Smith v. R. Tifft, 3:12-CV-172-RV/CJK].

*Case No.: 3:11cv455-RV/CJK*

supervisor liability; (5) the Eighth Amendment deliberate indifference claims against the two nurses be dismissed as facially insufficient; and (6) the Eighth Amendment claims against the individual correctional officers be allowed to stand (and that they be served with the complaint) as these particular allegations have "crest[ed] the bar for Eighth Amendment violations."[2]

  I agree with the Report in large part. Specifically, I agree that all the official capacity claims must be dismissed; that the Fourteenth Amendment due process claim must fail; that there is no basis for supervisor liability against the Secretary (in contrast to the Warden, see infra); that the Eighth Amendment claims against the nurses are legally insufficient; and that the plaintiff has adequately stated an Eighth Amendment claim against the individual officers. However, I do not agree that the First Amendment claim must be dismissed at this early stage. While it is true, as the Magistrate Judge has noted, that plaintiff was given a hearing on the charges brought against him, it cannot be said for certain at this time that he was given adequate due process, see Report at 10 (citing O'Bryant v. Finch, 637 F.2d 1207 (11th Cir. 2011)), as plaintiff appears to allege that the disciplinary system at SRCI was rigged. A rigged hearing with contrived evidence is not due process. Cf.

---

  [2] The Report concluded that the plaintiff's Eighth Amendment claim against "John Doe" be dismissed. Doe is believed to be a captain who ordered the plaintiff to be sprayed with pepper spray when he (the plaintiff) set off a fire sprinkler. The Report recommends that this claim against Doe be dismissed as he was justified in spraying plaintiff with pepper spray on the basis that "the disruption resulting from someone pulling a fire sprinkler is significant" in the prison context as there is very high risk of "danger and chaos caused by such an act". I agree with the Magistrate Judge as a general matter, but we know little about the exact circumstances under which Doe had plaintiff sprayed with pepper spray. The allegation in the complaint appears to be that the plaintiff pulled the sprinkler head in his cell because he was burning so badly from the two September 17 gassings by Gielow and Thomas and that Doe arrived about an hour later and ordered him gassed a third time, all before the plaintiff was allowed to have any shower. I do not agree that the claim against Doe should be dismissed at this time.

*Case No.: 3:11cv455-RV/CJK*

Soto v. Erickson, 2008 WL 2004172 (E.D. Wis. May 9, 2008) (granting summary judgment for defendant in prison grievance retaliation case where prisoner received a hearing and there was "no evidence even suggesting that the process he received was inadequate or rigged"). The plaintiff's allegation appears to implicate the entire SRCI internal administrative review policy and procedure. While the evidence in this case may later show that the claim is unfounded and that the plaintiff was afforded all process he was entitled to (and that he has nothing but unsubstantiated claims), he should at least be given a chance to develop and present evidence to support his claims.

I also do not agree with the Report to the extent that it concludes that the plaintiff has not pled enough facts to hold the Warden liable. Although it is certainly true that the Warden cannot be held responsible for the actions of his subordinates on the basis of respondeat superior or vicarious liability, the plaintiff appears to be alleging that the officers took the action(s) against him (at least in part) specifically because he was told that he "got the (Warden) upset" with all his grievance filings. That is an allegation of "direct involvement" sufficient to withstand dismissal. See, e.g., Lyle v. Garza, 2006 WL 3499512 (S.D. Tex. Dec. 5, 2006) (concluding that claim against warden survived screening where complaint alleged that the plaintiff filed grievances and that officers took action against him because the warden "did not like his complaining").

Accordingly, it is now **ORDERED** as follows:

1. The magistrate judge's Report and Recommendation is adopted, in part as set forth above, and incorporated by reference in this order.

2. The official capacity claims are DISMISSED.

3. The Fourteenth Amendment claim is DISMISSED.

4. This action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) against the defendants McNeil, Crews, Austin, and

McArthur, for the plaintiff's failure to state a claim upon which relief may be granted.

5. This case is hereby remanded to the Magistrate Judge for further proceedings with respect to the following: plaintiff's individual capacity claims for compensatory and punitive damages against defendants Warden Ellis and Officers Gielow, Given, Raybon, Thomas, and Doe, for alleged First and Eighth Amendment violations.

DONE and ORDERED this 23rd day of July 2014.

/s/ Roger Vinson
ROGER VINSON
Senior United States District Judge

*Case No.: 3:11cv455-RV/CJK*