RECEIVED

UNION CORRECTIONAL INSTITUTION

AUG 2 0 2014

for E-FILING

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA**
_PENSACOLA_ **DIVISION**

## CIVIL RIGHTS COMPLAINT FORM
## TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

Clarence Frank stephenson ,

Inmate # 185325 .
(Enter full name of Plaintiff)

vs.

Warden, David Ellis; Lieutenant ,
Walter L. Gielow; Captain, Rhodes; ,
Sergeant, F.R. Given; sergeant, Steven
S. Thomas; officer, Gregory Raybon,
Defendants .

(Enter name and title of each Defendant.

If additional space is required, use the

blank area below and directly to the right.)
Defendants are sued in their individual
Capacities.

SECOND AMENDED

" Jury Trial Demand "

CASE NO: 3:11cv 455-RV-CJK
(To be assigned by Clerk)

## ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

## I.   PLAINTIFF:

State your <u>full name</u>, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff:   Clarence Frank Stephenson
Inmate Number   185325
Prison or Jail:   Union Correctional Institution
Mailing address:   7819 N.W. 228th street
Raiford, Florida 32026

## II.   DEFENDANT(S):

State the <u>name</u> of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address.  Do the same for <u>**every**</u> Defendant:

| | | | |
|---|---|---|---|
| (1) | Defendant's name: | David Ellis | (4) Rhodes |
| | Official position: | Warden | Captain |
| | Employed at: | Santa Rosa Corr. Inst. | Santa Rosa C.I. |
| | Mailing address: | 5850 E. Milton Road | 5850 E. Milton Road |
| | | Milton, Florida 32583 | Milton, Florida 32583 |
| (2) | Defendant's name: | Walter L. Gielow | (5) Gregory Raybon |
| | Official position: | Correctional Lieutenant | Correctional officer |
| | Employed at: | Santa Rosa Correctional Institution | Santa Rosa C.I. |
| | Mailing address: | 5850 E. Milton Road | 5850 E. Milton Road |
| | | milton, Florida 32583 | Milton, Florida 32583 |
| (3) | Defendant's name: | F.R. Given | (6) Steven S. Thomas |
| | Official position: | Correctional Sergeant | Corr. Sergeant |
| | Employed at: | Santa Rosa Correctional Inst | Santa Rosa Corr. Inst. |
| | Mailing address: | 5850 E. milton Road | 5850 E. Milton Road |
| | | Milton, Florida 32583 | milton, Florida 32583 |

## <u>ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS</u>

- 2 of 28 -

## III.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

## IV.   PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL. **Plaintiff, is unsure of other prior cases that he has filed!**

A.   Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes( **X** )            No( )

1.   Parties to previous action:
(a)   Plaintiff(s): **Clarence Stephenson**
(b)   Defendant(s): **Walter A. McNeil, Sec, F. Doc**

2.   Name of judge: **William L. Gary**         Case #: **2007-CA-3552**

3.   County and judicial circuit: **Leon County Second Judicial Circuit**

4.   Approximate filing date: **12-14-07**

5.   If not still pending, date of dismissal: **Denied 4-23-08**

6.   Reason for dismissal: **In Light of Sanction**

7.   Facts and claims of case: **Due Process violations; Denied Witnesses requested and failure to provide written statement.**

**(Attach additional pages as necessary to list state court cases.)**

B.   Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes( ✓ )            No( )

1.   Parties to previous action:
a.   Plaintiff(s): **Clarence Frank Stephenson**
b.   Defendant(s): **David Ellis, F.R. Given, J.C. Frizzel, etc.**

2.   District and judicial division: **Norther District, Pensacola Division**

3.   Name of judge: **M. Casey Rodgers**      Case #: **3:11 cv 418 MCR/CJK**

4.   Approximate filing date: **August 31, 2011**

5.   If not still pending, date of dismissal: **March 25th, 2013**

6.   Reason for dismissal: **Failed to state a claim**

IV.   Previous Lawsuits   A. Continues:

1. Parties to previous action:
   (a)   Plaintiff(s): Clarence Stephenson
   (b)   Defendant(s): James R. McDonough, Sec., FDOC
2. Name of Judge: William L. Gary, case # 2008-CA-0278
3. County and Judicial circuit: Leon County, Second Judicial circuit
4. Approximate filing date: 1-22-08
5. If not still pending, date of dismissal: Denied 6-18-08
6. Reason for dismissal: Denied on all issues & claims
7. Facts and claims of case: Violation code does not support the charged infraction, Disciplinary hearing team relied on insufficient evidence, Due process violation in the course of proceedings.


1. Parties to previous action:
   (a)   Plaintiff(s): Clarence Stephenson
   (b)   Defendant(s): James R. McDonough, Sec., FDOC
2. Name of Judge: William L. Gary, Case # 2008-CA-0228
3. County and Judicial circuit: Leon County, Second Judicial circuit
4. Approximate filing date: 12-19-07 - Amended - 2-26-08
5. If not still pending, date of dismissal: Denied 6-18-08
6. Reason for dismissal: Failed to show that the department violated due process, abused its discretion, or otherwise departed from the essential requirements of law.
7. Facts and claims of case: Disciplinary team failed to give a copy of their final decision and evidence relied on, failed to acknowledge the disciplinary report being approved by an officer who told another officer to write the infraction; due process violation.

**IV.** Previous Lawsuits  A. Continues:

1. Parties to previous action:
   (a) Plaintiff(s): Clarence Stephenson
   (b) Defendant(s): James R. McDonough, Sec., F.DOC
2. Name of Judge: William L. Gary, case# 2008-CA-0279
3. County and Judicial circuit: Leon County, Second Judicial circuit
4. Approximate filing date: 1-22-08
5. If not still pending, date of dismissal: Denied 6-18-08
6. Reason for dismissal: Denied on all issues and claims
7. Facts and claims of case: Agency failed to present evidence at the hearing; Failed to follow own rules and regulations; deprived petitioner of his 1st Amendment const. right when falsified D'R In retaliation for utilizing Admin. grievance Procedure.

1. Parties to previous action:
   (a) Plaintiff(s): Clarence Stephenson
   (b) Defendant(s): Walter A. McNeil, Sec., FDOC
   Name of Judge: William L. Gary, Case# 2008-CA-0280
   County and Judicial Circuit: Leon County, Second Judicial circuit
   Approximate filing date: 1-22-08
   If not still pending, date of dismissal: Denied 10-19-08
   Reason for Dismissal: Denied on all issues and claims
   Facts and claims of case: Defendant failed to give written statement and evidence, reason on by the fact finders; Failed to correct procedure errors; Due process violations

7.    Facts and claims of case: Malicious Prosecution, deliberate
indifference, Conspiracy, False charges.

**(Attach additional pages as necessary to list other federal court cases.)**

C.    Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your .confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes(✓)                              No(  )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1.    Parties to previous action:
    a.    Plaintiff(s): Clarence Frank Stephenson
    b.    Defendant(s): Rachal, Ritchie, M. Nichols
2.    District and judicial division: Northern District, Pensacola Division
3.    Name of judge: Lacey A. Collier        Case #: 3:11 cv 145/LAC
4.    Approximate filing date: 3-22-2011
5.    If not still pending, date of dismissal: 9-18-12
6.    Reason for dismissal: Abuse of the Judicial Process
7.    Facts and claims of case: Cruel and unusual Punishment, excessive Force, Deliberate Indifference.

**(Attach additional pages as necessary to list cases.)**

D.    Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes(✓)                              No(  )

1.    Parties to previous action:
    a.    Plaintiff(s): Clarence Frank Stephenson
    b.    Defendant(s): David Ellis, F.R. Given, J.C. Frizzell, etc.
2.    District and judicial division: Northern District, Pensacola Division
3.    Name of judge: M. Casey Rodgers        Case Docket # 3:11 cv 418/mcR
4.    Approximate filing date: 8-31-2011        Dismissal date: 4-30-12/3-25-13
5.    Reason for dismissal: Failed to state a claim

Continuation C.

1. Parties to previous action:
   (a) Plaintiff(s): Clarence F. Stephenson
   (b) Defendant(s): Walter A. McNeil; sec., FDOC
2. District and Judicial division: Middle District, Jacksonville Division
3. Name of Judge: Douglas N. Frazier, John E. Steele case# 3:11cv-00120
4. Approximate filing date: February 22, 2011
5. If not still pending, date of dismissal: N/A
6. Reason for dismissal: N/A
7. Facts and claims of case: Violation of petitioner's sixth and fourteenth Amendment, unlawful placement on close management.

1. Parties to previous action:
   a. Plaintiff(s): Clarence Frank Stephenson
   b. Defendant(s): Walter A. McNeil, Edwin G. Buss, sec., FDOC
2. District and Judicial division: Southern District, Ft. Pierce Division
3. Name of Judge: Donald L. Graham, Case# 2:11-cv-14079 DLG
4. Approximate filing date: February 22, 2011
5. If not still pending, date of dismissal: Denied 10-18-11
6. Reason for dismissal: N/A
7. Facts and claims of case: D'R Statement of facts failed to comply with Fla. Admin. Code Rule 33-601.304(2) as it did not contain the specific rule violated or a formal statement of the charge and (2) the presence of a typographical error in the D'Rs statement of facts required the D'R to be re-written under Fla. Admin. Code Rule 33-601.307(b). And violation of petitioner's 6th and 14th Amendment Rights

**IV.**   Previous Lawsuits D. continues:

1. Parties to Previous action:
   a. Plaintiff(s): Clarence Stephenson
   b. Defendant(s): LT. Swartz
2. District and Judicial division: Northern District, Pensacola Division
3. Name of Judge Elizabeth M. Timothy, case# 3:07 cv 353/LAC/EMT
4. Approximate filing date: August 14th, 2007, Dismissal date: N/A
5. Reason for dismissal: N/A
6. Facts and claims of case: N/A

This Complaint addresses repeated malicious and sadistic gassing of inmates in retaliation for angering or filing grievances against Prison officials. As well as, Physical injury. Resulting in experienced intense Physical pain and burning, chest pain, damaged eyes, and trouble breathing while gassed.

# COMPLAINT

Plaintiff, Clarence Frank Stephenson, Pro Se, sues Defendants all alleges:

# INTRODUCTION

1. This is a civil action for damages by clarence F. Stephenson, [hereinafter referred to as Plaintiff] against all Defendants for violations of the First, Eighth and Fourteenth Amendments to the United States Constitution and Statutory claims that are so related to the counts that they form part of the same case.

2. The court has original Jurisdiction of the Plaintiff's federal causes of action that Properly invoke this court's subject matter Jurisdiction under 28 U.S.C. § 1331 and 1343, et seq..

3. Plaintiff's claim for relief is predicated upon 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, Privileges, and immunities secured by the constitution and laws of the United States.

4. Venue and Jurisdiction are Proper in this court because Defendant(s) Florida Department of corrections is situated within and all of the wrongful acts complained of occurred within the Northern District of Florida,

# PLAINTIFF

5.     Plaintiff, Clarence Frank Stephenson, is an inmate in custody of the Florida Department of Corrections currently at Union Correctional Institution, 7819 N.W. 228th Street, Raiford, Fl 32026-4000.

# DEFENDANTS

6.     At all times material hereto, Defendant David Ellis, was Warden of Santa Rosa Correctional Institution [hereinafter SAR.C.I.] and was the Florida Department of Corrections [hereinafter FDOC/DOC] Policy maker charged with care and custody of prisoners, like Plaintiff, who were held in close confinement, during all times relevant to this action, at SAR.C.I., and with providing them with the basic necessities of life, including personal safety. He is sued in his individual and supervisory capacities.

7.     At all times material hereto, Defendant Walter L. Gielow, as a corrections Supervisor at SAR.C.I., acting within the course and scope of employment and under color of law and is individually and officially sued in these capacities.

8.     At all times material hereto, Defendant F.R. Given was a correctional Sergeant at SAR.C.I., acting within the course and scope of his employment and under color of law and is sued in his individual and official capacities.

9.     At all times material hereto, Defendant Steven S. Thomas was a correctional Sergeant at SAR.C.I., acting within the course and scope of his employment and under color of law and is sued in his individual and official capacities.

6. Facts and claims of case: Malicious Prosecution, False Written reports.

**(Attach additional pages as necessary to list cases.)**

## V.   STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

10. During all times relevant to this complaint Plaintiff was housed in close management / close confinement at SAR.C.I., and known by the defendants as a "grievance filer". As a result, Plaintiff was subjected to the following, which will demonstrate a chronological of a series of events suggesting that the Plaintiff was subjected to continued conspiratorially planned disciplinary action taken in retaliation for filing prison grievances via established grievance procedure against the Defendants and their co-workers as punishment

11. Around 2:00 P.M. on 9-5-07 four or five officers came on (Wing-2) of D-Dormitory to move an inmate in cell (D-2204) to another cell. Plaintiff called **Defendant** Raybon to his cell front ( D-2119) to ask him to contact the law library about his legal deadline materials Provided to the law clerk for legal copies on 9-4-07. Defendant Raybon told Plaintiff he had nothing to do with it, and that Plaintiff had to take that up with the law library.

12. Defendant Raybon left the Plaintiff's cell to go sit on the top of the (Wing-2) table. Defendant Given then walked by Plaintiff's cell and Plaintiff stopped him and explained that Plaintiff's motion was given to the law clerk on 9-4-07 had a deadline due on 9-5-07. Plaintiff told Defendant Given that Defendant Raybon could confirm this because he was the officer who open the flap to the Plain-tiff's cell for the law clerk to take Plaintiff's legal documents

to the library to be copied. As a result, Defendant Given instructed Defendant Raybon to go and call the library and see whats going on with Plaintiff's copies. ( **Deadline Materials**)

13. Shortly thereafter, Defendant Raybon returned to Plaintiff's cell and told Plaintiff that the Librarian said, "you had (50) days to file to the court." "Why you waited so long?"

14. As Defendant Raybon was leaving Plaintiff cell, Defendant Gielow stopped him and ordered him to write Plaintiff a disciplinary report [hereinafter D.R.]. Plaintiff was written a bogus Disorderly Conduct D.R., which would lead to the misuse/excessive force upon the Plaintiff. (See Exh. **A**)

15. Defendant Gielow then proceeded by directly walking to Plaintiff's cell mean-muggin him with the look of hatred in his eyes and stated maliciously, "I have no rap for you." "I wanna gas your ass for writing complaints/grievances against Lt. Swartz." (It should be noted that numerous complaints were filed against Lt. Swartz in 2007)

16. On September 5th, 2007 the false (D.R) Disorderly Conduct was written by Defendant Raybon at 2:35 P.M., and approved by Defendant Gielow in retaliation for grievances filed against Staff. (See Exh. **H-2**)(Belonging to another inmate)

17. ON 9-9-07 at 8:45 A.M, Defendant Thomas came to the Plaintiff's cell to investigate Defendant Raybon's D.R.. Plaintiff called his roommate **David Patterson**, DC# **902790** as a witness, who Plaintiff believe made no statement, but signed and dated the witness statement form, as if he had been intimidated by staff. (See Exh. **H-6**)

18. During the D.R. investigation with Defendant Thomas, Plaintiff submitted a written statement denying kicking his cell door, and stated that Defendant Gielow ordered Defendant Raybon to file the false D.R., and that Defendant Gielow came

to Plaintiff cell and told him that he wanted to gas him for Lt. Swartz, and that the D.R. was in retaliation for filing grievances against staff. (See Exh. H-7). Also Plaintiff requested the Quad video in support of his allegations. (See Exh. H-8)

19.     On 9-11-07, Plaintiff filed grievance log#0709-119-141 directly to Defendant Ellis, notifying him of the Retaliation of threats of being sprayed with chemical Agents by Defendant Gielow. Plaintiff requested to be transferred from Sar. C.I., before Defendant Gielow sprayed him. (See Exh. A * A2). Plaintiff's grievance was denied! (See Exh. A-3).

20.     Defendant Ellis ignored Plaintiff's complaint for help in grievance log#0709-119-141 (Exh. A), and refused to prevent the abuse of chemical Agents that was necessary. Instead, Defendant Ellis sided with Defendant Gielow when Defendant Gielow stated- that, "he has never ordered a disciplinary report written and that he never threaten Plaintiff with Chemical Agents." (See Exh. A-3)

21.     At subsequent (DR) hearing held on 9-13-07, as a Hearing Team member, Defendant Gielow read Plaintiff's written statement and disposition of videotape/Audio tape evidence form, (Exh. H-7 and H-8), but was recused by the Chair-Person because he approved the (D.R) to be written. (Exh. H-  ) Nevertheless, Plaintiff was found guilty, and sentenced to (30) days confinement. (Exh. H-  )

22.     Immediately after the Subsequent (DR) hearing on 9-13-07, Defendant Gielow filed a false Disobeying Order DR against Plaintiff claiming that he observed him and heard him in his cell screaming at an unidentified inmate on the 2nd floor. (Exh. I  ). This DR was never approved! (Exh. I-2)

23.    On 9-26-07, During the investigation of (D.R) Log #119-072424, Disobeying Order, Plaintiff stated in his written statement that, "This did not occur!" He never screamed at any one on the second floor, This is all in retaliation from grievances being filed against staff. This is his 6th (D.R) in (5) days. Leave him alone! Lt. Gielow does not have any evidence, of him doing such. Hearsay is not considered evidence or proof, so stop the D.R.S. (Exh. I-5). Plaintiff also requested the video and Audio tape. (Exh. I-6).

24.    At a subsequent (D.R) hearing on 10-2-07, Plaintiff was found guilty again by the Hearing Team and sentenced to 30 days confinement to run consecutive to the 30 days confinement imposed on 9-13-07, totalling 60 days. See (Exh. I-8)

25.    On 9-14-07 Defendant Gielow came to Plaintiff's cell (D-1108) (plaintiff was moved to another cell) at approximately 6:13 A.m., woke him up and stated, "get ready! I'll be back!"

26.    At 8:16 A.m, Defendants Gielow and Given returned to Plaintiff's cell together. Plaintiff was told, "get ready! We about to spank you in a few minutes."

27.    At 8:35 A.m, Defendant Gielow alone returned to Plaintiff's cell to make it appear on the Quad's Video that he was counseling Plaintiff about unruly behavior (yelling and Kicking the cell door), when he was not.

28.    At 8:42 a.m, Defendants Gielow and Given again returned to Plaintiff cell together, again to make on the Quads video that they were counseling Plaintiff. This time the handheld camera accompanied both defendants.

29.    At 8:48 A.m., Defendant Gielow and Given returned to Plaintiff's cell without the handheld camera and Maliciously and Sadistically administered chemical Agents

In the Plaintiff's cell directly in his face and on my clothes, skin and property. The spray was excessive!

30. While the Plaintiff was suffering intense physical pain, burning sensation in the mucous membranes, involuntary closing of the eyes, gagging, paralysis of the larynx, disorientation, anxiety, and panic as a result of the exposures to gas, Defendant Given was pushing the Quad's video up toward the ceiling to prevent the recording of the excessive and malicious use of gas.

31. At 9:00 A.m., Defendant Gielow ordered Plaintiff to be gassed a second time. Defendant Given maliciously administered chemical agents (gas) spraying more than three one second burst into Plaintiff cell (D-1108)

32. At approximately 9:20 A.m., Defendant Gielow ordered Plaintiff to be gassed a third time. And Defendant Given maliciously administered chemical Agents, spraying more than three one second burst into the Plaintiffs cell.

33. Plaintiff was gassed at times when he was not engaging in any disorderly behavior.

34. Each time Defendant Given applied the chemical agents in excessive amounts.

35. Plaintiff begged Defendants to stop, told Defendants he was not resisting any lawful commands and asked to be left alone.

36. At approximately 9:30 A.m., Defendant Gielow came to Plaintiff's cell accompanied by the handheld camera and ordered Plaintiff to come out the cell or he will summon the cell extraction Team to remove him.

37. Due to fearing for his well-being and safety and panic after being excessively sprayed with gas Plaintiff refused to come out of his cell for and with Defendants Gielow and Given.

**38.**     The Plaintiff then stated directly into the handheld camera that "Defendant Gielow was retaliating against him for filing grievances and complaints against staff and that his life was in danger," see (handheld video camera).

**39.**     The camera was turned completely off, in violation of the Department's own rules. Defendant Gielow didn't want Plaintiff speaking this way.

**40.**     For nearly an hour Plaintiff had endured the effects of gas before he was finally ordered to leave his cell.

**41.**     Prior to and during the gassing Plaintiff was secured behind a locked cell door and was not an immediate threat to himself or others, did not pose a genuine security threat.

**42.**     At approximately 9:40 A.m., officers Dorn and Wilson came to Plaintiff cell alone, without camera, and told Plaintiff to cuff-up, it was alright to come out the cell. Defendant (Gielow) is not on the wing and would not bother Plaintiff. Plaintiff was then escourted to the shower by officers Dorn and Wilson.

**43.**     At approximately 9:43 A.m., while Plaintiff was attempting to wash chemical Agents out his hair, skin, and face. Defendant Gielow stated, "I wanna gas you again today, are you with it?

**44.**     Plaintiff stated, "No!" "I'm not with it." "I want to be left alone," "why are you retaliating against me?"

**45.**     Defendant Gielow stated, "because you're a piece of shit." "You wrote all them grievances on staff and now you got the (Warden) upset with you."

**46.**     Plaintiff was given a limited time in the shower and was not allowed sufficient time to properly decontaminate.

**47.**     The gas that remained on Plaintiff was so strong that the nurse (D. Austin) who failed to treat him had difficulty breathing.

**48.**     During Plaintiff post-use of force physical, Plaintiff told nurse Austin that he was burning so badly, and to be allowed to wash the

gas off and the nurse refused. Told plaintiff to sign up for sickcall, knowing that it takes two to three days to see a sickcall nurse.

49.   · Plaintiff continued to suffer from exposure to gas for at least two weeks including severe skin burns, peeling of the skin, frequent burning of the body, and intense physical pain.

50.   During Plaintiff's physical Defendant Gielow ordered all Plaintiff property removed from his cell. Plaintiff was placed on property restriction [hereinafter strip] a minimum of 72 hours, leaving him only with a pair of boxer shorts and shower slides.

51.   Plaintiff was put on recreation and property restriction by Defendant Gielow, in retaliation of filed complaints and grievances.

52.   Plaintiff was taken back to his stripped and freezing cold cell about 10:30 A.M.,

53.   Plaintiff was held in incommunicado! Not even allowed to file a grievance challenging his inhumane conditions. The Plaintiff was forced to sleep on a steel bunk (bed) in a very cold cell. Sleep rarely came, and didn't come without total exhaustion.

54.   Plaintiff suffered sleep deprivation and physical pain as a result of excessive gas, lying on a steel bunk and cold temperatures.

55.   At approximately 2:50 p.m., Defendant Gielow returned to Plaintiff cell stating, "say you sorry on the witness statement form in the use of force that somebody will bring you to sign.

56.   At approximately 3:00 p.m., the Housing Sergeant came to Plaintiff cell with the Witness Statement Form for the use of force to sign, Plaintiff wrote on it, "I can not make a statement at this time because my life's in danger." (see, use of force statement by plaintiff).

57.   On 9-14-07 at 11:30 A.M., Defendant Given wrote a false DR (2-3) Part. in Disturbance, Log #118-072348, (Exh. J), against Plaintiff because he was told to by Defendant Gielow in retaliation for filing grievances and making written statements against Defendant

Gielow and Lt. Swartz.

58.    Defendant Gielow approved the processing of Defendant Given false Part. in Disturbance DR on 9-14-07 where Plaintiff was gassed, placed on property restriction and recreation restriction. (Exh.'s E, F, G, and J)

59.    On 9-18-07 at 1:08 P.M., an officer came to Plaintiff's cell to investigate Defendant Given's DR. Plaintiff submitted a written statement denying kicking his cell door, and that the DR was written in retaliation for filing grievances against staff. Plaintiff requested the Quad's video tape in support of his position.

60.    At subsequent DR hearing held on 9-20-07 at 8:15 A.M., Plaintiff was found guilty by the Hearing Team and sentenced to 30 days confinement to run consecutive to the 30 days confinement imposed on 9-13-07. (Exh. J-2)

61.    On 10-2-07 Plaintiff filed three grievances, Log #'s 0710-119-063, #0710-119-064, and #0710-119-065 to Defendant Ellis outlining the issues of his DR and his DR was overturned based on a Technical Error. See, (Exh.'s E-3, F-5, and G-4)

62.    On 9-17-07 Defendant Gielow sent Defendant Thomas to Plaintiff's cell to act/or fake like the Plaintiff was causing a problem and to see what Plaintiff was doing inside his stripped cell. This was done to set the stage to gas Plaintiff while he was still on "strip". Plaintiff was due to get off "strip" this date.

63.    Defendant Thomas stood staring in the door of Plaintiff's cell. Plaintiff was silent in his cell. When Plaintiff looked up and saw Defendant Thomas staring at him inside his cell, Plaintiff asked him

    It should be noted that Defendants Raybon and Given both used written DR's that were ment for other inmates against the Plaintiff in their retaliation against Plaintiff. (Exh.'s H-2 * J)

about receiving his property and clothes back because he was cold.

**64.** Defendant Thomas stated, "we'll see. You still on strip?" Plaintiff stated, "My 72 hrs. restriction is over with. Defendant Thomas then left the cell.

**65.** At approximately 8:46 A.m, Defendants Gielow and Thomas returned to Plaintiff cell together with the handheld camera, pointing it at Plaintiff's cell. (see, **handheld camera** and wing 1 **still video tape**)

**66.** Defendant Gielow warned Plaintiff, "keep up the disturbance chemical Agents will be used to quell the disturbance." They all left.

**67.** At approximately 9:30 A.m., Defendant Gielow and Thomas returned to Plaintiff's cell with gas (chemical Agents).

**68.** Defendant Gielow ordered Defendant Thomas to gas Plaintiff. Defendants Gielow and Thomas maliciously and sadistically Administered chemical Agents directly into the face, torso area, scrotum (Groin) and legs of Plaintiff. The spray was excessive!

**69.** Plaintiff eyes and scrotum area was burning sooo badly from the malicious and Sadistic intent, that Plaintiff was forced to Pull the Pin from the sprinkler-head inside his cell in an attempt to find relief from the suffering Pain.'

**70.** At approximately 10:00 Am, Defendant Gielow ordered Defendant Thomas to gas Plaintiff a second time, spraying more than three one-second burst into Plaintiff's cell.

**71.** Between 10:00 - 10:30 A.m., Plaintiff saw **(captain)** Defendent Rhodes and called him to his cell (D-1105), and told Defendant

It should be noted that Defendants Gielow and Thomas turned Plaintiff's water off in his cell before they sprayed him.

Rhodes that he was being abused for filing grievances, and that he couldn't see because the chemical Agents were burning his eyes and scrotum (**groin**) badly.

**72.** Defendant Rhodes told Plaintiff, "you will be burning more in a minute. You will be receiving an outside charge for that sprinkler system."

**73.** Plaintiff believe Defendants Gielow and Thomas spoke with Defendant Rhodes before coming to Plaintiff's cell because Defendant Rhodes were more concerned about the pin to the Sprinkler system, than Plaintiff's health. The Plaintiff was in Severe Pain and Defendant Rhodes ordered more abuse of (**gas**) chemical Agents upon Plaintiff.

**74.** At approximately 10:25 A.m., Plaintiff was gassed a third time. Defendant Rhodes ordered Defendants Gielow and Thomas to maliciously and Sadistically to Administer more chemical Agents into plaintiffs cell and body, which Defendants sprayed more than ~~Three~~ one second bursts.

**75.** Between 10:30 and 10:45 A.m., Plaintiff was taken to the Shower to shower. As before, as stated, hereinabove, in Paragraph (25-54). Plaintiff was subjected to the exact treatment this time too.

**76.** This time Plaintiff was given a physical by nurse David McArthur. Plaintiff to Nurse McArthur his eyes, skin, and Groin area was burning severely from the gas, and asked to be allowed to shower.

**77.** Nurse McArther denied Plaintiff's request to shower and refused to Provide him any medical treatment and instructed him to report to sick call.

**78.** Thereafter, Plaintiff was placed in a mental health observation cell or strip. Plaintiff was not allowed to request sick call by

Medical and Security Personnel, because this is known routine practice. Sick-call is denied on strip, Not allowed!

79.    An unknown officer came to Plaintiff cell later in the day and told Plaintiff, "Lt. Gielow said if you don't say you are sorry for writing complaints, witness statements against him, Lt. Swartz and other staff members, the gassing will continue until you do."

80.    Plaintiff wrote on the Witness statement for use of force as ordered.

81.    As a result, of being subjected to excessive gas Plaintiff suffered burning in and swelling around the eyes, bleary vision in addition to what he suffered when gassed on 9-14-07.

82.    On 9-17-07 Defendant Thomas filed three (3) separate DRS against Plaintiff. He claim that he wrote a (8-3) part. In Disturbance DR at 11:20 a.m. (Exh. K) because he observed Plaintiff yelling in wing, and Kicking his cell door, which was the basis for gassing Plaintiff. Second DR was also wrote at 11:20 a.m. (Exh. M) charging Plaintiff with (9-34) Tamper w/safety Dev. (pulling the pin from the Sprinkler head) and a third DR at 11:25 am (Exh. L) entitled (1-1) assault or attempt because Plaintiff tried to strike staff with a rag.

83.    Plaintiff was on strip and inside his cell. Therefore, he only had the boxer shorts he had on. Plaintiff made no effort to assault staff.

84.    Defendant Thomas claimed to write (3) DR's in five (5) minutes. Each DR containing no less than 100 words, numbers, and signs. That's impossible to do without any type of assistance, see (Exh. K, L, M).

85.   At subsequent DR hearings held 9-25-07 Plaintiff was found guilty by the Hearing Team and sentenced to a total of 120 days confinement to run consecutive to the other 60 days being served (Exh. **K-7, L-8, m-7**)

86.   On 9-26-07 Plaintiff filed Grievance, Log#07-6-25908 (Exh. B) to the Department's secretary, Walter McNeil outlining the abovementioned inhumane treatment. On 10-16-07 the office of McNeil denied Plaintiff's grievance. (Exh. **B-12**)

87.   On 9-28-07 Plaintiff filed Grievance, Log# 07-6-26231 directed to Secretary McNeil raising concerns of being subjected to inhumane conditions. (Exh. C ). On 11-15-07 Plaintiff grievance was denied. (Exh. **C-3**).

88.   On 10-7-07 Plaintiff filed Grievance, Log# 07-6-26778 directly to Secretary, McNeil addressing inhumane conditions subjected to. (Exh. **D** ). On 10-26-07 Plaintiff's grievance was returned without action. (Exh. **D-3**).

89.   At approximately 2:20 pm on 10-7-07 Defendant Given went to cell (D-1111) which housed **Marion Higgins DC# WI0132** to harass this fellow inmate. Because inmate Higgins is a witness and volunteered on Plaintiff's behalf, Plaintiff chose to watch and observe the incident and take notes. When Defendant Given saw plaintiff looking, he came directly to Plaintiff cell (D-1214).

90.   Defendant Given told Plaintiff that he was a piece of shit and that Plaintiff wont live to file a civil complaint or the next 20 days. Defendant Given told Plaintiff that he was a pussy boy and that if he was in prison Plaintiff would be his boy and fuck plaintiff.

91.   While leaving Plaintiff's cell with a property slip, Defendant Given told Plaintiff that he's going to gas him this

Week. (See Wing-1 still camera at 2:45 p.m.) As a result, Plaintiff was transferred to Union Correctional Institution (U.C.I.) on 10-29-07

### Count I. Violation of Constitutional Rights under 42 u.s.c. § 1983 against Defendants Gielow, Raybon, Given, Thomas and Rhodes.

92.    Plaintiff realleges the Common Allegations as if fully set forth herein.

93.    Defendants Gielow, Raybon, Given, Thomas and Rhodes, are liable to Plaintiff in that they unjustifiably administration of excessive chemical agents, strip in a very cold cell repeatedly in retaliation for Plaintiff's lawful exercise of rights and failing to intervene, though able to do so, in the physical abuse of Plaintiff.

94.    The acts of Defendants constituted a violation: of the First Amendment of the U.S. Constitution, Court Access, of the Eighth Amendment to the U.S. Constitution, Prohibiting cruel and unusual Punishment.

95.    The conduct of the Defendants was under color of state law by state actors, acting within the course and scope of their employment.

96.    The force used by the officers was inflicted as gratuitous Punishment and exceeded that which was reasonable and necessary under the circumstances, violated universally accepted standards of decency and amounted to cruel and unusual Punishment.

97.    As a direct and Proximate result of the wrongful acts alleged above, Plaintiff suffered bodily injury and resulting pain and emotional distress. The injuries and losses are permanent and continuing, and Plaintiff will suffer such losses in the future.

98.   Plaintiff is entitled to punitive Damages against Defendants sued individually.

Wherefore, Plaintiff prays this Court enter Judgment as noted below.

### Count II. Violation of Constitutional Rights under 42 U.S.C. § 1983 Against Defendant Ellis (supervision and Retention)

99.   Plaintiff realleges the Common Allegations as if fully set forth herein.

100.   Defendant Ellis is liable to Plaintiff because Ellis failed, as Warden, to screen, train, supervise, discipline, or terminate, Gilow, Given, Raybon, Thomas, because he acquiesced in, condoned, and Ratified their behavior, and because he was deliberately Indifferent to longstanding and widespread abuse at Santa Rosa Correctional Institution.

101.   The acts of Defendant Ellis constituted a violation of the Eighth Amendment to the U.S. constitution, Prohibiting cruel and unusual Punishment.

102.   As a direct and Proximate result of the wrongful acts alleged above Plaintiff suffered bodily injury and resulting pain and suffering, disability, humiliation, and mental anguish. The injuries and losses are Permanent and continuing, and Plaintiff will suffer such losses in the future.

103.   Plaintiff is entitled to Punitive damages against Defendants individually sued.

Wherefore, Plaintiff prays that this Court enter Judgment as noted below.

COUNT III. Violation of Constitutional Rights under 42. U.S.C. § 1983 against Defendant Ellis.

104. Plaintiff realleges the Common Allegations as set forth fully herein.

105. Defendant Ellis, as Warden of SAR.C.I. is liable to Plaintiff because the Institution had notice of the guards unconstitutional Conduct, and were aware of a need to correct it through further training, or supervision, or discipline.

106. Defendant Ellis knew before these incidents further training, discipline and supervision was needed at SAR.C.I., had the means to correct the unconstitutional : gassing, strip, physical abuse, retaliatory bogus DR writings and denial of due process during the Processing of those DRs to punish prisoners with harsh longterm confinement conditions but failed to do so.

107. Before these incidents Defendant Ellis had knowledge of what was going on through "force reports and similar documents, videotapes, inmate complaints, attorney complaints, and personal observation" that officers at SAR.C.I. "regularly used chemical agents unjustly and excessively as means of punishment, wrote false DRs to justify and conseal their actions, not for legitimate reasons, and to deter inmates from filing grievances, while stripping them of all personal and state property, leaving them in extremely cold cells to sleep on steal bunks without mattress, pillow, bedding, hygiene items, and in incommunicado they kept them.

108. Through the same sources Defendant Ellis were made aware that officers at SAR.C.I., gassed prisoners in ( 5' x 7') cells with the ventilation and water turned off, denying inmates prompt and adequate ventilation, decontamination, medical care following chemical agent discharge (excessively) as a means of punishment and not for legitimate reasons,

then file false DRs claiming inmates are yelling on the wing and kicking cell doors without stating specific reasons for doing so, would not quit until they were gassed three separate times, then finding them guilty at prisoner-bias DR Hearings after failing to provide prisoners meaningful investigations to secure evidence to prove their innocence of the alleged offense, to further punish them with program and privileges restriction, confinement and longterm confinement in close management in harsh and very re-strictive conditions.

109.   Inspite of "the many, many known incidents," Defendant Ellis took no action. He did not discipline known incidents, and did not conduct additional training despite knowledge that chemical agents was being improperly used on a regular basis by officers and that inmates were being denied proper treatment after spraying incidents."

110.   In addition Defendant Ellis were well aware, before these incidents involving Plaintiff, "of many, many such incidents on all shifts, but especially on the shift (**Day shift**) which Defendants Ellis, Gielow, Given, Raybon, Thomas and Rhodes worked. Nevertheless, the officers engaging in this pattern of abuse were not disciplined for their actions or provided with additional training."

111.   The 'history' of widespread abuse put Defendant Ellis on notice of the need to correct the stated deprivations, and failed to do so. "The widespread abuse was obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." The F.Doc, and SAR.C.I, are recipients of fedural funds.

112.   Instead of honoring Plaintiff's rights to file grievances, De-fendants attempted to deter him of doing so by harming him, then criminally charging him with breaking the sprinkler head, after placing him under duress to commit the act, to find needed relief,

from the ill effects of unjustified excessive chemical agents. The failure to honor Plaintiff's rights secured under the First, and Eighth Amendments to the United States Constitution, and was the proximate cause of his injuries.

113.    The actions and Omissions by Defendants, employees, and /or representatives, proximately caused, and/or were the moving force of the injuries and damages to Plaintiff and proximately caused injuries to Plaintiff. These actions and Omissions of the Defendants violated the First, and Eighth Amendments to the United States Constitution,

Wherefore, Plaintiff prays this Court enter Judgment as noted below.

I

## VI.    STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific.  Number each separate claim and relate it to the facts alleged in Section V.  **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

The Plaintiff's statement of claim against each Defendant has been setforth in paragraphs 92 through 113 and /or Pages 23 through 27 of this Complaint. It is there he has fully demonstrated what rights the Defendants have violated as we.    For administrative convenience please review said section of this complaint and accept that as fulfillment of this requirement.

## VII.    RELIEF REQUESTED:

State briefly what relief you seek from the Court.  Do not make legal arguments or cite to cases/ statutes.

(A) Compensatory damages against each of the defendants herein totaling a minimum of $50,000.00 (B). Punitive damages against defendants sued individually herein totaling a minimum of $50,000.00 (C) Pre-Judgment interest on all economic losses and Post-Judgment interest; (D), Attorney's fees pursuant to 42 U.S.C. §§ 1988 and 12205 and costs of litigation; (E). A trial by Jury on all issues so triable; (F), Such further relief as the court deems Just and proper.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

8-10-14
_____
(Date)

Clarence Stephenson
_____
(Signature of Plaintiff)

## IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☐ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the **8-20** day of _____August_____, 20 14 .

Clarence Stephenson
_____
(Signature of Plaintiff)

Revised 03/07

- 28 of 28 -

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

Clarence Frank Stephenson
        Plaintiff,

            vs.                    Case No: 3:11 cV 455 RV/CJK

Ellis ET. AL
        Defendants.

---

## NOTICE TO THE COURT
### Concerning Plaintiff table of Exhibits

COMES NOW, Plaintiff, Clarence F. Stephenson, Pro se,
Pursuant to the above **Notice** herein as Plaintiff will
Show to the Court the following:

   **I.**  Plaintiff contends that he have enclosed his
table of Exhibits to be incorporated with Plaintiff's
1983 civil rights complaint to Aid the Court in this
Proceeding:

                        Respectfully Submitted,

                        /S/ Clarence Stephenson
                            Clarence Frank Stephenson
                            # 185325
                            Union Correctional Institution
                            7819 N.W. 228th Street
                            Raiford, Florida 32026

1

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing have been placed into the hands of prison officials to be mailed to the United States District Court, Northern District of Florida, Pensacola Division, Office of the clerk, one North Palafox street, Pensacola, Florida 32502 on August ___, 2014

Clarence Stephenson
Pro Se.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

Clarence Frank Stephenson
   Plaintiff,


   Vs.                          Case No: 3:11cv 455 RV/CJK


Ellis Et. AL,
      Defendants.

---

## Plaintiff table Of Exhibits To Be Incorporated in his (1983)

COMES NOW, Plaintiff, Clarence F. Stephenson, Pro Se, in Proper Person, Pursuant to the above table of Exhibits herein, Plaintiff will show to the court the following:

**I.** Plaintiff contends all exhaustion grievances is attached as Exhibits A-thru-G

**II.** Plaintiff contends all DR's, DR findings, and investigative Reports are attached as Exhibits H-thru-M.

**III.** Plaintiff contends all dvd's will be produced at the stage of discovery Process for this court consideration during Summery Judgment stage, as Plaintiff's evidences:

**IV.** Plaintiff Contends that his General Affidavit made by Marion Higgins DC#w10    is attached as exhibit-N

1

V. Plaintiff contends that he has attached Property Sheet/slip as (exhibit - O)

VI. Plaintiff contends that he has attached his Declaration Statement in support as (Exhibit - P)

Respectfully Submitted,

Claeence Stephenson

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing have been placed into the hands of prison officials to be mailed to the United States District Court, Northern District of Florida, Pensacola Division, Office of the Clerk, one North Palafox street, Pensacola, Florida 32502 on August ___, 2014.

Claeence Stephenson
Pro Se.

# EXHIBITS

## Administrative Remedies

Exhibit - A ..... Formal Grievance / Log# 0709-119-141
Exhibit - B ..... Administrative Remedy / Log# 07-6-25908
Exhibit - C ..... Administrative Remedy / Log# 07-6-26231
Exhibit - D ..... Administrative Remedy / Log# 07-6-26778
Exhibit - E ..... Formal Grievances / Log#S #0710-119-063;
Exhibit - F ..... Formal Grievance / Log# 0710-119-064
Exhibit - G ..... Formal Grievance / Log# 0710-119-065
Exhibit - H ..... Disciplinary and investigative Report /# 119-072249
Exhibit - I ..... Disciplinary and investigative Report /# 119-072424
Exhibit - J ..... Disciplinary and investigative Report /# 119-072348
Exhibit - K ..... Disciplinary and investigative Report / # 119-072363
Exhibit - L ..... Disciplinary and investigative Report /# 119-072364
Exhibit - M ..... Disciplinary and investigative Report /# 119-072365
Exhibit - N ..... General Affidavit / Marion Higgins Dc#W10132
Exhibit - O ..... Property Sheet / Receipt
Exhibit - P ..... Declaration From Plaintiff

S/ Clarence Stephenson

Clarence F. Stephenson
Dc#185325
Union Correctional Institution
7819 N.W. 228th street
Raiford, Florida 32026
Pro Se.

3

DEPARTMENT OF CORRECTIONS

RECEIVED

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

SEP 1 2 2007

TO: ☑ Warden   ☐ Assistant Warden   ☐ Secretary, Florida Department of Corrections

SANTA ROSA CORRECTIONAL INSTITUTION
ASST. SUPT. PROGRAM

From: Stephenson  Clarence   #185325   Santa Rose, C.I.
Last   First   Middle Initial   Number   Institution

Reprisal / Retaliation *27   Part A – Inmate Grievance   0709-119-121

This Grievance of Reprisel is in compliance with rule 33-103.006(3)(c).
F.A.C. This grievance is against Lt. Cilo and officer Raybon due to problems
with Lt. Schwarz and the grievances filed against him and other staff em-
ployees. Both officials have violated Rule 33-103.017 Grievance of Reprisal.
Inmates shall be allowed access to the grievance process without hindra-
nce. Staff found to be obstructing an inmate's access to the grievance
process shall be subject to disciplinary action ranging from oral
reprimand up to dismissal in accordance with Rule 33-208.001-003.
F.A.A. Good faith use of or good faith participation in the grievance
process shall not result in reprisal against the inmate.
On 9/5/07 around 2:00 P.M. four or five officers came on the wing
of (D-dormitory wing 2) to move an inmate in cell 2204 to another
cell. No one was conducting a security check on Wing 2 see videotapes.
I called officer Raybon to my cell about my legal deadline that was
given to the law clerk for copies on 9-4-07. He told me that he had
nothing to do with it and that I had to take that up with the Law
library. He then left the cell to sit on the table. (See videotapes.)
Sgt. Givens then walked on the wing and when he passed my cell I
called him back to explain to him about my deadline that was given
to the law clerk on 9-4-07. Officer Raybon told and confirmed that
it was true and that he was the officer who open the flap to my
cell for the law clerk to take my legal documents to the library
for copies.
Sgt. Givens then told officer Raybon to go and call the library
and see whats going on with my copies; and he left to go make

9/11/07
DATE

Continuance *27

Clarence Stephenson #185325
SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: ☐ / ☐

Signature

---

INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Security
10e

Submitted by the inmate on: _____   Institutional Mailing Log #: _____
(Date)                                                      (Received By)

DISTRIBUTION:   INSTITUTION/FACILITY            CENTRAL OFFICE
                INMATE (2 Copies)               INMATE
                INMATE'S FILE                   INMATE'S FILE - INSTITUTION/FACILITY
                INSTITUTIONAL GRIEVANCE FILE    CENTRAL OFFICE INMATE FILE
                                                CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Revised 2/05)

Exh. A

Continuance *27
the phone call. (See videotapes).
    After a few minutes, officer Raybon came back to
my cell after Sgt. Given had left already and told
me that the Librarian said that I had 50 days
to file to the courts why I wait so long. When
officer Raybon left my cell (D-2119) Lt. Gilo stopped
him and told him to write me a DR. Lt. Gilo
then walked by my cell with an attitude   that
looked like hatred and stated; I don't have know
Rap for you, I wanna gas your ass for writing
schwarz up. See (cameras/videotapes)
    My roommate David Patterson heard everything
word for word and he is a witness to these
facts.
      I am seeking that I be transferred
away from this institution before more harm
and retaliation occur against me.

9-11-07                    Clarence Stephenson
                               #185325

A-2

#27

## PART B - RESPONSE

| STEPHENSON, CLARENCE | 185325 | 0709-119-141 | (119) SANTA ROSA C.I. | D1214L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | GRIEVANCE INSTITUTION | HOUSING LOCATION |

YOUR REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL HAS BEEN RECEIVED, REVIEWED AND EVALUATED.

YOUR COMPLAINTS HAVE BEEN INVESTIGATED. 1) LT GIELOW STATED THAT HE IS NOT AWARE OF ANY PROBLEMS THAT YOU HAVE HAD WITH LT SCHWARZ. 2) THE LAW CLERK EXPLAINED TO YOU THAT YOU WAITED TOO LONG TO ADDRESS YOUR ISSUES. 3) YOU WERE KICKING ON YOUR DOOR CREATING A DISTURBANCE IS WHY YOU WERE WRITTEN A DISCIPLINARY REPORT. 4) LT GIELOW STATED THAT HE HAS NEVER ORDRED A DISCIPLINARY REPORT WRITTEN AND THAT HE NEVER THREATENED YOU WITH CHEMICAL AGENTS.

BASED ON THE ABOVE INFORMATION, YOUR GRIEVANCE IS DENIED.

TO RECEIVE FURTHER ADMINISTRATIVE REVIEW OF YOUR COMPLAINT, YOU MUST OBTAIN FORM DC1-303, REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL, COMPLETE THE FORM, PROVIDING ATTACHMENTS AS REQUIRED, AND SUBMIT THE FORM TO THE BUREAU OF INMATE GRIEVANCE APPEALS, 2601 BLAIR STONE ROAD, TALLAHASSEE, FLORIDA, 32399 WITHIN THE TIME FRAMES SPECIFIED IN CHAPTER 33-103.

G. DAVIS

D. ELLIS

9-23-07

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |
|---|---|---|

SEP 2 5 2007

COPY DISTRIBUTION -INSTITUTION / FACILITY

(2 Copies) Inmate

(1 Copy) Inmate's File

(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

(1 Copy) Inmate

(1 Copy) Inmate's File - Inst./Facility

(1 Copy) C.O. Inmate File

(1 Copy) Retained by Official Responding

A-3

DEPARTMENT OF CORRECTIONS

OCT 04 2007

Department of Corrections
Inmate Grievances

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

TO: ☐ Warden    ☐ Assistant Warden    ☑ Secretary, Florida Department of Corrections

From: <u>Stephenson, Clarence</u>    #<u>185325</u>    <u>Santa Rosa C.I.</u>
   Last    First    Middle Initial      Number        Institution

<u>Reprisal / Retaliation : A-18</u>    Part A – Inmate Grievance    <u>07-6-25908</u>

This Grievance of Reprisal is in compliance with Rule 33-103, 007(6)(2), F.A.C.. I am bringing this complaint direct to central office by bypassing the formal grievance institutional steps, because I have been threaten by Lt. Gielow that if I filed another complaint against any staff he would repeatedly use chemical Agents on me again until my skin falls off. The institutional warden, assist. warden and the inspector has been notified numerous of   times of the threats, assaults, harasment and the fears of my life since 8-1-07 and all the Warden's and grievance coordinator are doing is falsifying grievances and complaints given staffs more opportunity to harm me in any way as well as denying me protection from the repeated assaults. My statements below are true and correct and can be proven by videotapes or still cameras if investigated thoroughly.

Staffs members violated Rule 33-103.007(1), F.A.C. Inmates shall be allowed access to the grievance process without hindrance. Staff found to be "obstructing" an inmate's access to the grievance process shall be subject to disciplinary action ranging from oral reprimand up to dismissal in accordance with Rules 33-208-.001-003, F.A.C. Good faith use of or good faith participation in the grievance process shall not result in Reprisal against the inmate.

Staff members have violated Rule 33-208.001(4)(a), No Administrator, Warden, Officer-in-charge, Supervisor, or other employee Shall knowingly permit any subordinate inmate or other person to nor shall he, commit any act or engage in any conduct which would violate any state statute, rule, directive or policy statement. The administration and enforcement of all such statutes, rules, directives and Policy statements, except as may be otherwise provided herein, shall be a basic responsibility of all Administrators, Wardens, officers-in-charge, and Supervisors.

Staff members have violated and failed to follow Rule 33-208.002, FAC. The

<u>9-26-07</u>    Continuance    <u>Clarence Stephenson</u> #185325
     DATE      (11 pages) See Attachment    SIGNATURE OF GRIEVANT AND D.C. #

---

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** $\emptyset$ / $\emptyset$    #    Signature:

**INSTRUCTIONS**

Administratively Che. When an appropriate and ultimate remedy is apparent at the institutional level, or action on requests at the institutional level...

...inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is ...Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the ...al processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of .institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

/19

<u>Receipt for Appeals Being Forwarded to Central Office</u>

Submitted by the inmate on: <u>10-02-07</u> Institutional Mailing Log #: <u>MR01-1569</u> <u>Bio Black</u>
     (Date)                                                (Received By)
                                                      10
                                              CAS Lt. Gielow

Exh. B

DISTRIBUTION:    **INSTITUTION/FACILITY**          **CENTRAL OFFICE**
                      INMATE (2 Copies)              INMATE
                      INMATE'S FILE                  INMATE'S FILE - INSTITUTION/FACILITY
                      INSTITUTIONAL GRIEVANCE FILE      CENTRAL OFFICE INMATE FILE
                                                CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Revised 2/05)

Continuance M-18

Department of corrections requires all employees to familiarize themselves with all rules and regulations pertaining to their positions and duties, and that employees abide by these rules and regulations.

Staff members violated Rule 33-208.002(1), F.A.C. Each Warden, officer-in-charge, and District Supervisor, as well as designated Central Office Staff, shall be responsible for insuring that each employee under his supervision, before assuming the duties of his employment, is familiar with all rules and regulations of the Department and institution which pertain to such employee and to the Protection, custody, control, care and treatment of Persons under his supervision or control. Each employee shall keep himself completely familiar and comply with all such rules and regulations during his employment, Copies of the rules and regulations shall be made available for inspection by employees.

Staff members violated Rule 33-208.002(2), F.A.C. Each employee shall make an immediate report to the secretary, Warden, or officer-in-charge of any violation of the law or the rules and regulations of the Department of which he has knowledge.

Staff members violated Rule 33-208.002(13), F.A.C. No employee shall falsify Reports or records.

Staff members violated Rule 33-208.002(17), F.A.C. Violence, fighting, horseplay, and threatening or interfering with other employees at any time on Department of corrections Premises or at any other place, while on duty, will not be tolerated.

Staff members violated Rule 33-208.002(27), F.A.C. Employees shall maintain a professional relationship with all persons in the custody or under supervision of the Department, and their immediate family or visitors.

Staff members violated rule 33-602.210 (14)(a) Thru (14)(P)(1), F.A.C.                                        B-2

(14)(a)(b), OC shall be used only in the manner Prescribed

# 3

Continuance 4-18

in department rules and procedures, consistent with manu-
facturer directions.

(14)(2)(a), CS shall be used for cell extractions and
other in-cell, individual, use only when OC is ineffective
and efforts to talk the inmate into cooperating have failed.

(14)(2)(b), CS shall be used only in the manner prescribed
in department rules and procedures, consistent with manufact-
urer directions.

(14) (b), Chemical Agents, OC, CN, or CS, shall be used
only after all other reasonable efforts to control a disorderly
inmate or group of inmates have been exhausted. All chemical
Agents shall be used with caution.

(14)(e), Chemical agents shall never be used to punish an
inmate.

(14)(h), No inmate shall be stripped of his clothing or comfort
items for the explicit purpose of administering chemical agents.

(14)(i), Chemical agents shall only be used when a use of
force is necessary and when this level of force is the least
likely to cause injuries to staff or inmates.

(14)(j). All chemical agents shall be used with caution and
in accordance with the manufacturer's instruction.

(14)(m)(1), IF an inmate becomes disorderly, disruptive, unruly,
and attempts by officers at counseling and ordering the cessation
of disruptive behavior fails, the confinement or close management
lieutenant or shift supervisor or person of higher rank shall be
contacted for further instructions.

(14)(m)(2), IF the confinement or close management lieutenant
or shift supervisor's efforts to control the disorderly inmate have
failed and the use of chemical agents is the least level of
force that can be expected to successfully gain control of the
disruptive inmate while minimizing the risk of injuries to
all involved, the shift supervisor shall:

B-3

#4

Continuance     A-18

(b) contact the warden or duty warden and request authorization to utilize chemical agents.

(14)(m)(3), Prior to using chemical agents, the inmate again shall be counseled with concerning his behavior.

(a), IF this atempt to counsel with the inmate is unsuccessful, the inmate will be given a final order by staff to cease his actions. The inmate will also be informed at this time that Chemical Agents will be administered if   he continues his disruptive behavior.

(b.) IF the inmate continues his disruptive behavior, approximately three minutes after the order is given, staff are authorized to administer chemical agents in the form of no more than three one-second bursts.

(c) IF after approximately five minutes from the initial exposure the inmate still continues his disruptive behavior, Staff are authorized to again administer chemical agents for no more than three one-second bursts.

(d) IF the second administration of chemical agents fails to control the inmate's disruptive behavior, the duty warden shall again be consulted to determine the next course of action. Additional Actions include.

   **I.** Additional administration of the same type or other type of chemical agent:

   **II.** Use of electronic immobilization devices; and

   **III.** Other uses of force as authorized by this rule.

B-4

(14)(P)(1), IF an inmate refuses to shower or change, the refusal shall be documented!

(c), on Form DC6-229, by the close Management lieutenant or Shift supervisor, if the inmate is in close management. Form DC6-229 is incorporated by reference in Rule 33-601.800, F.A.C.

Continuance ^(A-18)

Staff members have violated Rule 33-602.210(9), F.A.C.

Any employee who witnesses, or has reasonable cause to suspect, that an inmate has been unlawfully abused shall immediately prepare, date and sign an Incident Report, Form DC6-210, pursuant to section 944.35(5), F.S., specifically describing the nature of the force used, the location and time of the incident and the persons involved. The report shall be delivered to the inspector general of the department with a copy delivered to the warden of the institution. The Inspector general shall conduct an appropriate investigation and, if probable cause exists that a crime has been committed, notify the state attorney in the circuit in which the institution is located.

Staff members violated the Rules and will be punished in compliance with Rule/Procedure 602.002 (13) (A),(B) & (C).

ᴎ

ON 9-5-07 Lt. Gielow told officer Raybon to write me a disciplinary report on my Birthday for disorderly conduct. On 9-9-07 during the investigation of that Disciplinary Report (DR) I made a statement in my behalf and what the tape will show as evidence of the falsified report. During the Disciplinary Board hearing that took place on 9-13-07 Lt. Gielow read my statement's and what tapes will show, before being replaced by Lt. Romine. I was found guilty based on officer's statement.

That same day on 9-13-07, officer Dorn came to my cell with an orientation form for me to sign from the Classification Department dated for 4-27-07. I signed the form on 9-13-07 and was gassed the very next day by Lt. Gielow and sgt. Given who both were involved in that (DR) dated on 9-5-07 written by officer Raybon. B-5

ON 9-14-07 Lt. Gielow came to my cell door about 6:13 A/m woke me up out of my bunk and told me to be ready he will be back. See D-dorm wing camera bottom floor

Continuance A-18
of wing one]

After shift changed at 7:00 A/m around 8:16 A/m Lt. Gielow and Sgt. Given Came to my cell and told me to get ready that they were about to spank me in a few minutes. [See wing one still camera botton floor of D-dormitory]

Then again Lt. Gielow sent Sgt. Given to my Cell to make it look like I was yelling or Kicking the cell door at 8:35 A.M. (See wing camera) (No shift supervisor)

Again Sgt Given came to my cell at 8:42 acting like there was a problem along with Lt. Gielow and officer Wilson who came with the video camera but left after I stated my life was in danger by Lt. Gielow. see (wing one still camera)

At 8:48 A.M. Lt. Gielow and Sgt. Given administered Chemical Agents in my cell with No camera or me being seen by the captain or shift supervisor. (See wing one still Camera). The camera will show that I was spraid more than the required amount of Three one-second bursts.

During this time Sgt Given then took a squeegee and Pushed the wing one camera up so that it would face the Roof /ceiling so that it couldn't witness the abuse of the (3) cans of chemical Agents that were used on me. (See wing one still camera in D-Dorm). And I was spraid again by the two defendants off camera at 9:00 A.M.

Around 9:20 A.M. both Defendants administered chemical Agents into my cell for the third time **Violating** the rules of ch. 33-602.210 (14), F.A.C.

About 9:30 A.M. Lt. Gielow came back to my cell with the video camera ordering me to come out the cell or he would called or use the Extraction team to remove me from the cell D-1108. I Refused because my life was in danger and I needed to see the captain or a higher rank. I also stated on the video camera that my life was in

B·6

7

Continuance B-18

danger and Lt. Gielow was retaliating against me for the grievances being filed against him at 8:48 A.M. see (Video Camera and still camera on Wing 1 of D-Dorm).

About 9:40 A.M. Officer Dorm and Officer Wilson told me to cuff up and come out the cell to take a shower that Lt. Gielow is off the wing and would not bother me, I was then at that time taken to the shower on wing 2 by these officials. (See, Wing 1 + 2 still cameras)

At 9:43 A.M. while I was washing the chemical agents out of my hair and skin, I noticed Lt. Williams and Lt. Gielow come on the wing together smiling at (me) the abused inmate and Lt. Gielow came to my shower cell still smiling and stated "I wanna gas you again today are you with it?" "I told him No"! I asked Lt. Gielow why he was retaliating against me and he stated "because you a piece of shit," "You wrote all them grievances on staff and now you got the Warden and Colonel upset with you." (See wing 2 still Camera and Video Camera/tape)

At 10:00 A.M. I was taken to see the nurse after I had already refused to come out my cell D-1108. During this time my property was taken out of my cell, I was stripped to only 1 pair of boxer shorts and shower slides and placed on Recreation and Property restriction so that I couldn't file anymore complaints and that I could be gassed with Chemical Agents without any clothes to protect my skin and body. (See wing 1 still Camera in D-dorm). This all occurred from the grievances, written statement and what evidence the tape would show in D'R Log# 119-072249 (9-17) Disorderly Conduct, see: (D'R Report, Disc. Worksheet and what camera would show)

Around or about 10:30 A.M. I was taken back to the same cell D-1108 without clothes and no property to notify anyone of the abuse.

B-7

Continuance A-18

8

At 2:50 p.m. Lt. Gielow who had just retaliated against me came to my cell door and told me to say I'm sorry on my witness statement and that he would have some one to bring it to me. (See camera)

At about 3:00 p.m. After the shift had changed for D-dorm, the sgt. for D-dorm came to my cell D-1108 and asked me if I wanted to make a statement in my behalf for the gassing, (see wing camera) use of force that occurred earlier that day. I made a written statement stating that "I can-not make a statement at this time because I'm in fear of my life or my lifes in danger. (See witness statement for the use of force).

On the morning of 9-17-07 at 8:42 a.m. Lt. Gielow sent the D-dorm Sergeant sgt. Thomas to act like he was checking on me to see what I was doing. When I seen sgt. Thomas standing at my cell door [The same sergeant who investigated D'R Log # 119-072249 (9-17) disorderly conduct written by officer Raybon] staring at me, I asked him for and about my property and clothes that I had deadlines to meet, and he stated "We'll see! you still on strip?" I told him that my 72 hours were up and he left my cell - D-1108. (See wing 1 camera).

At 8:46 A.M. Sgt. Thomas and Lt. Gielow came to my cell with the video camera (officer Wilson holding the camera) and made his speach about if I keep up the disturbance chemical agents will be used to quell the disturbance. (See wing 1 still camera) Again no Captain was notified or the chain of command. Lt. Gielow can not authorize chemical agents to be used without approval. (See 33-602.210, F.A.C.) Lt. Gielow, officer Wilson and sgt. Thomas left my cell with the camera and returned to gas me without any property or clothes. on,

B-8

Continuance A-18

At approx. 9:30 A.M. Sgt. Thomas and Lt. Gielow came to my cell D-1108 and administered chemical Agents into my _ cell, face and groin area and I was forced to pop the sprinkler system to stop the burning, And that was the 1st time I ever seen the captain, and he was more concerned about the sprinkler head than the abuse. (see wing 1 camera)

The captain told me between 10:00 and 10:30 A.M. that I would be burning more in a minute and that I would be receiving an outside charge for the sprinkler system. I suffered severe pain that whole day and the captain ordered more chemical abuse upon me. (see wing 1 still camera)

At 10:00 A.M. I was repeatedly abused by both officials Lt. Gielow, Sgt. Thomas and officer Wilson as a onlooker with chemical Agents. (see camera wing 1)

Again around 10:25 A.M. chemical Agents were administered into my cell D-1108

Hear I lost completely track of the time. But Lt. Gielow, Sgt. Thomas and the camera holder officer Wilson returned to my cell D-1108 and asked me if I wanted to take a shower. I was handcuff with my hands behind my back and taken to the shower on wing 2. After I showered, seen the nurse I was placed inside a strip cell D-2122 wing 2 for inmates on Mental health (SOS). (see wing 2 still camera)

However, again I was brought another witness statement form (DC6-112) by a different sergeant and he told me that Lt. Gielow said that he wanted me to say that I was sorry for writing complaints and witness statements against him, Lt. Schwarz and other staff members, or the gassing will continue until I do. I wrote in my written statement that I was sorry because the warden at this institution has failed to protect me from the prison beasts. The warden and colonel has told

B-9

continuance 4-18

Lt. Grelow to abuse me until I backed off the complaints and grievances filed. (See wing 2 camera)

ON 9-17-07 In the Abuse against me by Lt. Grelow and Sgt. Thomas I called 5 eyewitnesses in my behalf, Marion Higgins DC# W10132 cell D-1111, Jesse Ramos DC# W29966 cell D-1116, Terrance Carter DC# 125470 cell D-1114, Gerald Houston DC# N16231 cell D-1216, + James Jackson DC# 522595 and they were all threatened by Lt. Gielow; if they made a statement they would be stripped of there belongings. [It should be noted that its cold in milton, Florida at night this time of the year]. (See use of force incident report)

ON 9-19-07 I was taken back to wing 1 around 9:55—10:00 P.m. where I discovered that Lt. Gielow had placed James Jackson in my old cell D-1108, took all his property and stripped him of all his belongings, placing him on Restriction. I was Just was abused twice in 3 days in D-1108. (See wing 1 + 2 camera)

ON 9-21-07, I witnessed the abuse of James Jackson from my cell D-1214. At 7:20 A.m. I watch Sgt. Given come to Jacksons cell for NO Reason at all Just holding a regular conversation, then left the cell. (See wing 1 camera)

At 7:34 A.m. Sgt Given Returned to Jacksons cell with the same nonsense Just maken small talk. (See wing 1 camera)

At 7:40 A.m. Lt. Gielow and Sgt. Given came to Jacksons' cell again, there was no noise on the wing because everybody was still a sleep. The only noise was coming from the exhaust fan. (See wing 1 camera)

At 7:52 Lt. Gielow and Sgt Given again Returned to Jacksons cell with office Bawl (C-dorm Rec officer) holding the video camera and Lt. Gielow saying if you don't stop being disorderly chemical Agents will be used.

At 8:33 A.m. Lt. Gielow and Sgt. Given administered

B-10

· 11

continuance  A-18

Chemical Agents into Jacksons' cell for No reason at all and No Video Camera. (See wing 1 Camera)

At 8:34 A.M. Lt. Gielow ordered Sgt. Given to turn the water off inside Jacksons' cell. (See wing 1 Camera)

At 8:46 A.M. Jackson was taken to the shower and seen by the examining nurse after the use of force. (see wing Camera)

At 9:08 A.M. Jackson was placed back into cell D-1108 where he received his property later that day. (See wing 1 Camera)

Because Lt. Gielow has abused his authority as an Lieutenant in retaliation against me and James Jackson for filed grievances, complaints and statements I seek that he be served a dismissal from the Department of Corrections. It should be noted that he was suspended for (2) weeks for the same thing.

All defendants will be sued in their individual capacity and I am requesting at this time that all tapes and cameras be held completion of my civil rights complaints against defendants are final

I also seeked to be transferred immediately before more bodily harm occur by defendants/employees. It should be noted that Sgt. Cook, Lt. Schwarz and Lt. Gielow are all from Okaloosa C.J. where I was housed and had problems with these officials from 1994 to 1997. The defendants are like family. My lifes in danger and its been proven by the (3) use of physical forces on me within (35) days. I have also received (11) Disciplinary Reports from officials after my complaints were already filed. Lt. Gielow has promised me more retaliation if I file more complaints. He will be back to do me harm after this grievance is investigated.   Clarence #185325  Stephenson

B-11

MAILED / FILED
WITH AGENCY CLERK

OCT 2 2 2007

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| STEPHENSON, CLARENCE | 185325 | 07-6-25908 | (119) SANTA ROSA C.I. | D1214L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | GRIEVANCE INSTITUTION | HOUSING LOCATION |

Your appeal has been reviewed and evaluated.  The subject of your grievance is currently being reviewed by the investigative section of the Office of the Inspector General. A copy of your complaint will be forwarded to that section to be included as a part of the current review. Upon completion of this review, information will be provided to appropriate administrators for final determination and handling.  As this process was initiated prior to the receipt of your grievance, your request for action by this office is denied.

A copy of your grievance has been forwarded to the Inspector General's Office for review.

If you fear for your safety, you need to notify the appropriate staff so immediate action can be taken.

It is not necessary to copy the rules as part of your grievance.

You are advised that it is not within an inmate's scope of responsibility or authority to recommend disciplinary action regarding staff.

Furthermore, the institution was contacted and G. Davis advised you filed four formals on 9/14/07 and an informal on 9/19/07.  Therefore, you had access to forms.

E. STINE

| E. Stine | Tony Bourde | 10/16/0 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY

(2 Copies) Inmate

(1 Copy) Inmate's File

(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

(1 Copy) Inmate

(1 Copy) Inmate's File - Inst./Facility

(1 Copy) C.O. Inmate File

(1 Copy) Retained by Official Responding

B-12



B-13

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

RECEIVED ___ 2007

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL OCT 0 4 2007

Department of Corrections
Inmate Grievances

TO: ~~Warden~~    ☐ Assistant Warden    ☑ Secretary, Florida Dept of Corrections

From: Stephenson, Clarence    #185325    Santa Rosa C.I.
   Last   First   Middle Initial   Number   Institution
                                    07-6-26231

Remedy Grievance : A-19    Part A – Inmate Grievance    Reprisal / Retaliation

This Grievance of Reprisal is in compliance with Rule 33-103.
.006(3)(C), F.A.C.

I disagree with the Response in the Part B- Respose Section of
grievance Log# 0709-119-141.

1.) Lt. Gielow Stated that he is not aware of any problems that I
had with Lt. Schwarz. 2.) The law clerk explained to me that I
waited too long to address MY issues. 3.) you were kicking on
your door creating a disturbance is why I was written a disciplinary
Report. 4.) Lt. Gielow Stated that he has never ordered a disciplin-
ary Report written and that he never threatened me with Chemical
Agents.

1.) Lt. Gielow and Lt. Schwarz both was at okaloosa C.I.
during the time I was there from 1994—1997, and their both
friends. 2.) The law clerk can't tell or explained to me when and
how to file my deadlines, I had a deadline and it was given to
the law clerk for copies in time. the law clerk and law librarian
failed to copy my motion and return it back to me for mailing to
the courts which could injure me in the future. 3.) Me kicking the
door is a false allegation and No proof of that allegation made by
Lt. Gielow, officer Raybon or Sgt. Given. 4.) Lt. Gielow Stated that he
has never ordered a Disciplinary Report written and that he never
threatened me with Chemical Agents. Then why was I given a D'R
for (9-17) disorderly conduct Log# 119-072249 written by officer Raybon
and Authorized by Lt. Gielow. And why was I abused with Chemical
Agents on 9-14-07 and 9-17-07 by Lt. Gielow. See Disc Report written
9-28-07    Continuance #A-19    Clarence Stephenson #185325
   DATE    See Attachments    SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: _0_ / _(signature)_
                                                          #    Signature

INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.
___ Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is
entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the
inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of
the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance
will be returned to the inmate for processing at the institutional level.

                                                                         119
Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: 10-01-07    Institutional Mailing Log #: MR01-2568    Ms Blocke
                    (Date)                                        (Received By)

DISTRIBUTION:    INSTITUTION/FACILITY    CENTRAL OFFICE
                INMATE (2 Copies)        INMATE                    10BLt.Gielow
                INMATE'S FILE            INMATE'S FILE - INSTITUTION/FACILITY
                INSTITUTIONAL GRIEVANCE FILE    CENTRAL OFFICE INMATE FILE    CAS
                                        CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Revised 2/05)

Exh. C

Continuance [A-19]
by officer Raybon on 9-5-07 and videotapes on 9-14-07
and 9-17-07

    This Grievance of Reprisal shall be Approved
and Lt. Gielow and sgt. Given shall be punished accordingly
to the Rules of 33-103.017(1), F.A.C.

    I still seek to be transferred away from this
institution before more harm and retaliation occur
against me.

9-28-07                 Clarence Stephenson
                             #185325

C - 2

MAILED / FILED
WITH AGENCY CLERK

NOV 2 1 2007

Department of Corrections
Bureau of Inmate Grievance Appeal

## PART B - RESPONSE

| STEPHENSON, CLARENCE | 185325 | 07-6-26231 | (119) SANTA ROSA C.I. | O3228S |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | GRIEVANCE INSTITUTION | HOUSING LOCATION |

Note:    This grievance is not accepted as a grievance of reprisal.

Your administrative appeal has been reviewed and evaluated.  The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.

The fact that Lt. Gielow authorized disciplinary report # 119-072249 is not the same as ordering a disciplinary report written by another officer.

Furthermore, you are advised that it is not within an inmate's scope of responsibility or authority to recommend disciplinary action regarding staff.  Your complaint was addressed and responded to, any further action will be at the discretion of the administrative staff.

Also, it is noted that as of 10/29/07, you are no longer assigned to Santa Rosa C.I.

Your administrative appeal is denied.

E. STINE

_____                                    11/15/07
SIGNATURE AND TYPED OR PRINTED NAME          SIGNATURE OF WARDEN, ASST. WARDEN, OR          DATE
OF EMPLOYEE RESPONDING                              SECRETARY'S REPRESENTATIVE


COPY DISTRIBUTION -INSTITUTION / FACILITY                 COPY DISTRIBUTION - CENTRAL OFFICE

(2 Copies) Inmate                                                (1 Copy) Inmate

(1 Copy) Inmate's File                                           (1 Copy) Inmate's File - Inst./Facility

(1 Copy) Retained by Official Responding                 (1 Copy) C.O. Inmate File

                                                                         (1 Copy) Retained by Official Responding

C - 3

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED
OCT 12

: ☐ Warden   ☐ Assistant Warden   ☑ Secretary, Florida Department of Corrections

m: Stephenson, Clarence   #185325   Santa Rosa C.I.

Last   First   Middle Initial   Number   Institution

| Sensitive Nature ~~A~~ 23 | Part A – Inmate Grievance | 07-6-26778 |

This Grievance of sensitive Nature is in compliance with Rule 33-103.006 (3)(d) F.A.C. Inmate Stephenson is afraid to file this complaint to the institutional warden because he will notify the threatening officer and that officer will retaliate like he have done in the past on 9-14-07 and 9-17-07 I have already been warned that if I file one more grievance against staff they will punish me, and I believe that, see Rule 33-103.007 (1)(A)(2) F.A.C.

Sgt. Given, the D-dorm wing sergeant has violated Rule 33-208.002(9) F.A.C, No employee shall willfully or negligently treat an inmate in a cruel or inhuman manner, nor shall profane or abusive language be used in dealing with an inmate or person under his supervision.

Sgt. Given, the D-dorm Wing Sergeant has violated Rule 33-208.002(17) F.A.C, violence, fighting, horseplay, and threatening or interfering with other employees at any time on Department of Corrections Premises or at any other place, while on duty, will not be tolerated.

Sgt. Given, the D-dorm wing sergeant has violated Rule 33-208.002(19), F.A.C. Employees shall maintain a professional relationship with all persons in the custody or under supervision of the Department,

The Department of Corrections requires all employees to familiarize themselves with all rules and regulations pertaining to their positions and duties, and that employees abide by these rules and regulations. see 33-208.002 F.A.C.

However, on 10-7-07 at 2:20 P.M. Sgt. Given went to cell (D-1111) (wing 1) to harass inmate Marion Higgins DC# W10132. Because I was on the cell door looking at how my witness was being treated, sgt. given came to my cell D-1214 and told me that I was a piece of shit and that I wont

| 10-7-07 | Continuance A-22 | Clarence Stephenson #185325 |
| DATE | | SIGNATURE OF GRIEVANT AND D.C. # |

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** ∅ / ∅

#   Signature

**INSTRUCTIONS**   Exh. D

*.....orm is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with ....
....iistra Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).*

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is ...itled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

119

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: 10-08-07   Institutional Mailing Log #: MR072633   mo Blocker
(Date)   (Received By)

| DISTRIBUTION: | INSTITUTION/FACILITY | CENTRAL OFFICE | 'OB Sgt. Given |
| | INMATE (2 Copies) | INMATE | |
| | INMATE'S FILE | INMATE'S FILE   INSTITUTION/FACILITY | CAS Lt. Gielow |
| | INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE | |
| | | CENTRAL OFFICE GRIEVANCE FILE | |

DC1-303 (Revised 3/05)

STATE OF FLORIDA

DEPARTMENT OF CORRECTIONS

RECEIVED

OCT 03 2007

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☑ Warden     ☐ Assistant Warden     ☐ Secretary, Florida Department of Corrections

ASST. SUPT. PROGRAMS

From.. __Stephenson, Clarence__     #__185325__     __Santa Rosa C.I.__
　　　　Last　　First　　Middle Initial　　　　Number　　　　　Institution

0710-119-068

| Formal Grievance: #34 | Part A – Inmate Grievance (2-3) Part. In Disturbance Log# 119-072348 |
|---|---|

This Formal Grievance is in compliance with Rule 33-103.006, F.A.C. — The Department of Corrections requires all employees to familiarize themselves with all rules and regulations pertaining to their positions and duties, and that employees abide by these rules and regulations. See Rule 33-208.002, F.A.C.

On 9-20-07, I was found guilty of violation code (2-3) Part. In disturbance Log# 119-072348 and sentenced to (30) days Disciplinary Confinement. On that same night (9-20-07) around 8:20 P.M. I received a copy of the disciplinary work-sheet through Routine mail, and given to me by an officer on the 3 to 11 shift while I was still on Property Restriction in cell D-2122. I was also not notified

__10-2-07__　　　　　　　　　　　　　__Clarence Stephenson #185325__
　　　DATE　　　　　　　　　　　　　　　SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: ___0 / 0___
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　#　　Signature

PART B – RESPONSE

Exh. E

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |
|---|---|---|

ORIGINAL: TO BE RETURNED TO GRIEVANT AFTER COMPLETION OF ACTION.

TEAR　ON　PERFORATION

PART C - RECEIPT　(TO BE COMPLETED BY DC STAFF)

RETURN TO: _____
　　　　　　LAST　　　FIRST　　MIDDLE INITIAL　　　NUMBER　　　INSTITUTION

I ACKNOWLEDGE RECEIPT THIS DATE OF A GRIEVANCE FROM THE ABOVE INMATE IN REGARD TO THE FOLLOWING SUBJECT:

_____

| DATE | GRIEVANCE LOG NUMBER | RECIPIENT'S SIGNATURE (STAFF MEMBER) |
|---|---|---|

**DISTRIBUTION:**
WHITE COPY　　　　INMATE COPY
CANARY COPY　　　INMATE'S FILE
PINK COPY　　　　INMATE COPY
GOLDENROD COPY　RETAINED BY OFFICIAL RESPONDING

**INSTITUTION/FACILITY**

**DISTRIBUTION:**
WHITE COPY　　　　INMATE COPY
CANARY COPY　　　INMATE'S FILE - INST /FACILITY
PINK COPY　　　　C.O. INMATE FILE
GOLDENROD COPY　RETAINED BY OFFICIAL RESPONDING

**CENTRAL OFFICE**

119-072348

DC1-303 (Revised 8-00)

continuance. #A-23

Live to file a civil complaint or the next (20) twenty days. He also called me a pussy boy and that if he was in prison I would be his boy and fuck me. While leaving my cell with a property slip he told me that he's going to gas me this week. See D-dorm wing 1 camera at 2:45 P.M. on 10-7-07.

It should be noted that the Wing camera facing my cell D-1214 has been turned away from my cell for over a week now. And I feel that it was done in Retaliation So that they could do me more harm. and Justify it.

I have seen and told the Inspector on the morning of 10-4-07 that sgt. Given and Lt. Gielow has been threatening and promising to gas me if I filed another complaint and she told me that they would not bother me anymore. Why is sgt. Given's threatening to kill me within 20 days?

I am seeking that cells D-1107, 1108, 1109, 1110, 1111, 1114, 1116, 1208, 1209, 1210, 1212, 1213, 1215, 1216, to name a few, be investigated on the threat on my life, and that I be transferred to another institution.

Exh. D-2

AGENCY CLERK

OCT 3 0 2007

**PART B - RESPONSE**

| STEPHENSON, CLARENCE | 185325 | 07-6-26778 | (113) SANTA ROSA C.I. | D1221L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | GRIEVANCE INSTITUTION | HOUSING LOCATION |

NOTE: This grievance is not accepted as a grievance of a sensitive nature.

Your request for administrative appeal is in non-compliance with the Rules of the Department of Corrections, Chapter 33-103, Inmate Grievance Procedure. The rule requires that you first submit your appeal at the appropriate level at the institution. You have not done so or you have not provided this office with a copy of that appeal, nor have you provided a valid or acceptable reason for not following the rules.

The institution must be given the opportunity to respond to your grievance.

Furthermore, Lieutenant Kirkland was contacted and advised you were interviewed on 10/16/07 at 2:15 p.m. and stated that Sergeant Givens and Lieutenant Geilow were threatening to gas you everyday. You stated there were no problems at this time. You did not address any other issues as indicated on your sensitive grievance filed on 10/7/07. You just wanted this incident to be addressed and documented for future reference. Incident report submitted on 10/16/07.

Also, Sergeant Given, was interviewed on 10/19/07 and stated that he has adjusted the cameras in the past due to them being hit by laundry bags thrown by inmates returning laundry bags up stairs. The camera was reviewed for the prior week as stated in your grievance and found that the cameras have not been moved or reset, except on 10/27/07 at 4:28 a.m. when an inmate passing out laundry did throw a laundry bag upstairs and did strike the camera, moving it very little. It can be seen very clear. Although the camera was struck buy the laundry bag, it still did not re-position it away from any cells. Sergeant also stated at no time has he ever threatened you.

Upon receipt of this response, you are allowed an additional 15 days from the date this response was mailed (date stamped in upper left corner) to resubmit your grievance at your current location in compliance with Chapter 33-103, Inmate Grievance Procedure. Attach a copy of this response to your re-filed grievance.

Based on the foregoing information, your grievance is returned without action.

E. STINE

| | | |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 10/26/07 DATE |

COPY DISTRIBUTION -INSTITUTIONAL FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

D-3

Continuance* 37
Of my (15) days to Appeal the teams decision.

The disciplinary team can-not do this. I must receive a disciplinary Worksheet from the fact-finders or Disciplinary Hearing officer. If not, then my due process will be violated.

The inmate <u>shall</u> be informed of the final decision <u>by</u> the hearing officer or disciplinary team and the bas's for that decision see <u>33-601.307 (4)(c)</u>, F.A.C.

In order to afford prisoners due process under the 14th Amendment, the Dep't of Corrections must comply with the Procedures setforth in its own rules, even if they are more stringent than are otherwise required by the constitution, see (Holcomb, 609 So.2d at 755 footnote)

The United States Supreme Court held that in context of prison disciplinary proceedings, "due process requires that the prisoner receive a written statement by the fact finders (disciplinary team) stating the evidence relied on and reasons for the disciplinary actions taken". see Wolff vs. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)

Because the Disciplinary Team failed to provide Stephenson with a mandatory copy of the Disciplinary Worksheet, [teams final decision] of evidence relied on, which violates his rights to Due Process under the 14th Amendment const., is A mandatory dismissal. Stephenson seeks that this D'R for (2-3) Part. in disturbance Log #119-072348 be overturned and expunge from his record and file.

E-2

10-2-07                    Clarence Stephenson #185325

#37

## PART B - RESPONSE

STEPHENSON, CLARENCE   185325   0710-119-063   (119) SANTA ROSA C.I.   D1214L
INMATE             NUMBER   GRIEVANCE LOG NUMBER   GRIEVANCE INSTITUTION   HOUSING LOCATION

YOUR REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL HAS BEEN RECEIVED, REVIEWED AND
EVALUATED.

DISCIPLINARY REPORT 119-072348 WAS OVERTURNED IN YOUR FORMAL GRIEVANCE 0710-119-065 AND
RETURNED TO SECURITY FOR REWRITE IF DEEMED APPROPRIATE.

BASED ON THE ABOVE INFORMATION, YOUR GRIEVANCE IS DENIED AS MOOT.

TO RECEIVE FURTHER ADMINISTRATIVE REVIEW OF YOUR COMPLAINT, YOU MUST OBTAIN FORM DC1-303,
REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL, COMPLETE THE FORM, PROVIDING ATTACHMENTS AS
REQUIRED, AND SUBMIT THE FORM TO THE BUREAU OF INMATE GRIEVANCE APPEALS, 2601 BLAIR STONE
ROAD, TALLAHASSEE, FLORIDA, 32399 WITHIN THE TIME FRAMES SPECIFIED IN CHAPTER 33-103.

G. DAVIS                                          D. ELLIS

SIGNATURE AND TYPED OR PRINTED NAME              SIGNATURE OF WARDEN, ASST. WARDEN, OR          10-8-07
OF EMPLOYEE RESPONDING                           SECRETARY'S REPRESENTATIVE                      DATE

COPY DISTRIBUTION -INSTITUTION / FACILITY          COPY DISTRIBUTION - CENTRAL OFFICE

(2 Copies) Inmate                                  (1 Copy) Inmate

(1 Copy) Inmate's File                             (1 Copy) Inmate's File - Inst./Facility

(1 Copy) Retained by Official Responding           (1 Copy) C.O. Inmate File

                                                   (1 Copy) Retained by Official Responding

E-3

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

RECEIVED

TO: ☑ Warden    ☐ Assistant Warden    ☐ Secretary, Florida Department of Corrections

OCT 03 2007

SANTA ROSA CORRECTIONAL INSTITUTION,
STA ROSA CORRECTIONAL INSTITUTION
INSTITUTIONAL PROGRAM

From.. Stephenson, Clarence    # 185325    Santa Rosa C.I.

Last    First    Middle Initial    Number    Institution/Program

0710-119-064

Formal Grievance # 36    Part A – Inmate Grievance (2-3) Part. In Disturbance
Log # 119-072348

This Formal Grievance is in compliance with Rule 33-103.006, F.A.C. _ The Dept.
of corrections requires all employees to familiarize themselves with all rules and
regulations pertaining to their positions and duties, and that employees abide by these
rules and Regulations. See 33-208.002, F.A.C.

ON 9-20-07 The disciplinary Team found inmate Stephenson guilty of the infraction
of (2-3) Part. In Disturbance Log # 119-072348 based in Part on the Written statement of
Sgt. Given and Confirmed in the investigation that on 9-14-07 at approx. 7:47 A.m.
I/m Stephenson, Clarence DC# 185325 participated in a disturbance by yelling in the wing.
When counseled about his disruptive behavior, he became agrumentative and began

10-2-07
DATE

Clarence Stephenson #185325
SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: ∅ / ∅
                                                                        #      Signature

PART B – RESPONSE

Exh. F

SIGNATURE AND TYPED OR PRINTED NAME
OF EMPLOYEE RESPONDING

SIGNATURE OF WARDEN, ASST. WARDEN, OR
SECRETARY'S REPRESENTATIVE

DATE

ORIGINAL: TO BE RETURNED TO GRIEVANT AFTER COMPLETION OF ACTION.

TEAR ON PERFORATION.

PART C - RECEIPT    (TO BE COMPLETED BY DC STAFF)

LAST    FIRST    MIDDLE INITIAL    NUMBER    INSTITUTION

I ACKNOWLEDGE RECEIPT THIS DATE OF A GRIEVANCE FROM THE ABOVE INMATE IN REGARD TO THE FOLLOWING SUBJECT:

DATE    GRIEVANCE LOG NUMBER    RECIPIENT'S SIGNATURE (STAFF MEMBER)

DISTRIBUTION:
WHITE COPY
CANARY COPY
PINK COPY
GOLDENROD COPY

INSTITUTION/FACILITY
INMATE COPY
INMATE'S FILE
INMATE COPY
RETAINED BY OFFICIAL RESPONDING

DISTRIBUTION:
WHITE COPY
CANARY COPY
PINK COPY
GOLDENROD COPY

CENTRAL OFFICE
INMATE COPY
INMATE'S FILE - INST./FACILITY
C.O. INMATE FILE
RETAINED BY OFFICIAL RESPONDING

119-072348    Reyes    2-3
9/14

DC1-303 (Revised 8-00)

Continuance" 36
Kicking on his cell door.

1. There is no proof of evidence that inmate Stephenson was yelling in the wing.

2. There is no proof of evidence that he became Agrumentative and began kicking on his cell door. If anything, his proved that he didn't do either of the above.
~~proved that~~

3. The investigation definitely did-not confirm in the above findings and decisions of the evidence relied on by the Disciplinary hearing Team.

4. However, the cameras requested do-not have Audio and can see inside the inmate's cell; Therefore its officer words against inmates. Thats not proof of nothing more than a swearing contest and inmate Stephenson, is not being charge for that violation, if any exsist.

However, The Disciplinary Team or Hearing officer's finding shall enumerate the specific facts derived from the disciplinary report, the disciplinary investigative report or the witness statements and what ~~spef~~ specific _evidence_ was used in the disciplinary teams or hearing officer's conclusion.

In this infraction there is no fact or evidence to support the charge for (2-3) Part. In Disturbance. The entire statement of facts is only a myth told by Sgt. Given. Meaning No evidence, No Proof. His statement or statements alone does not satisfy the due process requirements in Wolff vs. McDonnell, 418 U.S. 539, 94 S.Ct, 2263, 41 L.Ed. 2d 235 (1974).

F-2

Continuance #36

In Wolff vs. McDonnell, Supra, the United States Supreme Court held that in context of Prison disciplinary Proceedings, "due Process requires that the Prisoner Receive a Written Statement by the fact-finders stating the evidence relied on and reasons for the disciplinary actions taken".

Due Process requires something more than mere boilerplate Sentences to support the findings of the disciplinary hearing team that could be applied to every case. See Johnson vs. State, 564 So.2d 999 (Ala.1989).

Prisoners due Process rights were violated by disciplinary committee's making insufficient written findings of the specific evidence relied on to find prisoner guilty of infraction. See Brooks-Bey vs. Smith, 819 F.2d 178 (7th Cir.1987).

A Prison disciplinary committee's written findings of a disciplinary report which only states that it found the inmate guilty based on reporting officer's statement contained in the disciplinary report [is not] adequate to satisfy due process requirements. See King vs. Wells, 760 F.2d 89 (6th Cir.1985)

A disciplinary boards conclusion that based on officers' statement and evidence found that inmate was guilty [does not] satisfy Wolff's requirements of written reasons. See McCall-Bey vs. Franzen, 585 F. Supp. 1295 (ND Ill, 1984).

However, in this case, Sgt. Given's observation was malfeasance and has not been Proven according to the evidence Relied on by the disciplinary team, that Stephenson actually committed this charged violation of (2-3) Part. In Disturbance.

For a discussion on case law and other authorities related to hearsay evidence and what is considered admissable or reliable evidence used in context of prison disciplinary hearings, see Section 9.24, Rights of prisoners, 2d Edition by Michael Mushlin. See also Fla. Admin. Code Annotated, Volume 13, Pg. 220, footnote "evidence", which

F-3

Continuance # 36

States, inter alia: ("in context of prison disciplinary hearings "evidence" should be defined by chapter 90 of the Florida Evidence Code.

   NOTE: This Statement is derived from the Fla. Dep't of Corrections own Rules and Regulations as published in the aforesaid code (F.A.C.)


   Wherefore, I seek Relief that because there is NO evidence to support the Statement of facts or the disciplinary team's decision and there evidence Relied on. This D'R for (2-3) Part. In Disturbance shall be overturned and expunge from my Record and file.


   It should be Noted that I am being Refused DC1-303 Forms and this grievance should be accepted.



10/2/07                    Clarence Stephenson
                              #185325


F – 4

#36

## PART B - RESPONSE

| STEPHENSON, CLARENCE | 185325 | 0710-119-064 | (119) SANTA ROSA C.I. | D1214L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | GRIEVANCE INSTITUTION | HOUSING LOCATION |

YOUR REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL HAS BEEN RECEIVED, REVIEWED AND EVALUATED.

DISCIPLINARY REPORT 119-072348 WAS OVERTURNED IN YOUR FORMAL GRIEVANCE 0710-119-065 AND RETURNED TO SECURITY FOR REWRITE IF DEEMED APPROPRIATE.

BASED ON THE ABOVE INFORMATION, YOUR GRIEVANCE IS DENIED AS MOOT.

TO RECEIVE FURTHER ADMINISTRATIVE REVIEW OF YOUR COMPLAINT, YOU MUST OBTAIN FORM DC1-303, REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL, COMPLETE THE FORM, PROVIDING ATTACHMENTS AS REQUIRED, AND SUBMIT THE FORM TO THE BUREAU OF INMATE GRIEVANCE APPEALS, 2601 BLAIR STONE ROAD, TALLAHASSEE, FLORIDA, 32399 WITHIN THE TIME FRAMES SPECIFIED IN CHAPTER 33-103.

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 10-8-07 |
|---|---|---|
| | | DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

F - 5

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

RECEIVED

OCT 03 2007

### REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☑ Warden    ☐ Assistant Warden    ☐ Secretary, Florida Department of Corrections

SANTA ROSA CORRECTIONAL INSTITUTE 1991 INMATE GRIEVANCE PROGRAM

From.. Stephenson, Clarence    #185325    Santa Rosa C.I.
     Last    First    Middle Initial      Number      Institution

0710-119-065

---

Formal Grievance : # 38    Part A – Inmate Grievance (2-3) Part. In Disturbance
Log# 119-072348

This Formal Grievance is in compliance with Rule 33-103.006, F.A.C. The Department of Correction requires all employees to familiarize themselves with all rules and regulations pertaining to their position and duties, and that employees abide by these rules and regulations. See 33-208.002, F.A.C.

"Disciplinary Team Failed To Follow Own Rules"

The disciplinary Team Violated Rule 33-601.304, F.A.C. when they found inmate Stephenson, guilty of an uncompleted written Report and description of the

10/2/07          Clarence Stephenson #185325
DATE                SIGNATURE OF GRIEVANT AND D.C. #

---

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: 0,0
                                                  #      Signature

### PART B – RESPONSE

Exh. G

---

SIGNATURE AND TYPED OR PRINTED NAME      SIGNATURE OF WARDEN, ASST. WARDEN, OR      DATE
OF EMPLOYEE RESPONDING              SECRETARY'S REPRESENTATIVE

ORIGINAL: TO BE RETURNED TO GRIEVANT AFTER COMPLETION OF ACTION.
- - - - - - - - - - - - - - - - - - - - - - - - - - - TEAR ON PERFORATION - - - - - - - - - -

PART C - RECEIPT    (TO BE COMPLETED BY DC STAFF)

Continuance #38
Statement of facts in Disciplinary Report Log# 119-072348,
(2-3) Part. In Disturbance.

The Statement of facts shall include;
(a) A Description of the violation including date, time and place.

(9) Any other specific facts necessary for an understanding of
the charge.

(3) The completed disciplinary Report shall be turned in to the
shift supervisor.

See Rule 33-601.304 (2)(a) & (2)(g) and (3), F.A.C.

"The Dorm supervisor Auther" in the statement of
facts is not a full and clear understanding of a complete
description in the statement of facts and what it shall
include.
However, The Reporting officer Richard Goodwin, in the
statement of facts, is not the Reporting officer in this infraction
and should have never been written in the statement of facts.
Officer Goodwin is from another dorm! The investigating or
hearing officer can-not scratch out and write in another
name on any documents or Records, Just to find an inmate
guilty of a charge.
The hearing officer should have postponed the entire
disciplinary report for further review investigation, or correction.
See 33-601.307(4)(a), F.A.C.

$G$-2

IF further review Suggest a different charge should
have been indicated or that additions, deletions or changes
should be made in the statement of facts (Change section narrative)
then the originator shall rewrite the disciplinary report shall
be scheduled for a hearing. See 33-601.307(4)(b), F.A.C.

Continuance # 3**8**

    I have been Prejudiced by a bias Disciplinary Team Because I was found guilty of a major infraction for evil reasons violating my rights to Procedural and Due Process rights. (See Disciplinary Report and worksheet).

    Therefore, I seek that this D'R be overturned and expunged from my Record and file.

    It should be noted that I'm being Refused 303 grievance forms, from the Wing officers in D-dorm and the Law Library.

10/2/07                 Clarence Stephenson #185325

G-3

#38

**PART B - RESPONSE**

STEPHENSON, CLARENCE   185325        0710-119-065        (119) SANTA ROSA C.I.        D1214L
     INMATE          NUMBER    GRIEVANCE LOG NUMBER    GRIEVANCE INSTITUTION    HOUSING LOCATION

YOUR REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL HAS BEEN RECEIVED, REVIEWED AND
EVALUATED.

YOU ARE CORRECT, THERE WAS A TECHNICAL ERROR FOUND IN DISCIPLINARY REPORT
#119-072348 AND IT HAS BEEN OVERTURNED. THE SECURITY DEPARTMENT HAS BEEN GIVEN 30 DAYS TO
REWRITE AND REPROCESS THE VIOLATION, IF APPROPRIATE.

THEREFORE, YOU MAY CONSIDER YOUR GRIEVANCE APPROVED.

G. DAVIS                                D. ELLIS

                                                                               10-8-07

SIGNATURE AND TYPED OR PRINTED NAME     SIGNATURE OF WARDEN, ASST. WARDEN, OR     DATE
OF EMPLOYEE RESPONDING            SECRETARY'S REPRESENTATIVE

COPY DISTRIBUTION -INSTITUTION / FACILITY     COPY DISTRIBUTION - CENTRAL OFFICE

(2 Copies) Inmate                   (1 Copy) Inmate

(1 Copy) Inmate's File              (1 Copy) Inmate's File - Inst./Facility

(1 Copy) Retained by Official Responding    (1 Copy) C.O. Inmate File

                                       (1 Copy) Retained by Official Responding

G - 4

FLORIDA DEPARTMENT OF CORRECTIONS                    09/06/2007
ISSO150 (01)            CHARGING DISCIPLINARY REPORT
                            LOG # 119-072249
-------------------------------------------------------------------------
   DC#: 185325   INMATE NAME: STEPHENSON, CLARENCE F.        INFRACTION
   VIOLATION CODE: 0917   TITLE: DISORDERLY CONDUCT          DATE: 09/05/07
   FACILITY CODE: 119   NAME: SANTA ROSA C.I.                TIME: 14:00
-------------------------------------------------------------------------

I.   STATEMENT OF FACTS
     INMATE STEPHENSON, CLARENCE DC# 185325, IS BEING CHARGED
     WITH A VIOLATION OF FAC CHAPTER 33-601.314 RULES OF
     PROHIBITED CONDUCT. (9-17) DISORDERLY CONDUCT.  ON SEPTEMBER
     5, 2007 I WAS ASSIGNED TO D-DORM AS CLOSE MANAGEMENT
     HOUSING OFFICER. AT APPROXIMATELY 2:00 PM I WAS CONDUCTING A
     SECURITY CHECK AND OBSERVED INMATE STEPHENSON, YELLING AND
     KICKING ON HIS CELL DOOR. INMATE STEPHENSON REFUSED ALL
     ORDERS TO CEASE HIS DISORDERLY CONDUCT UNTIL COUNSELED WITH
     BY SERGEANT GIVENS. THE HOUSING LIEUTENANT WAS NOTIFIED AND
     AUTHORIZED THIS REPORT. INMATE STEPHENSON WILL REMAIN IN HIS
     CURRENT STATUS PENDING DISCIPLINARY TEAM ACTION.


   REPORT WRITTEN: 09/05/07, AT 14:30   OFFICER: RG011 - RAYBON, G.
-------------------------------------------------------------------------

II.  INMATE NOTIFICATION OF CHARGES: DATE DELIVERED: _9_/_9_/_07_, AT _8_:_45_

        NO HEARING SHALL COMMENCE PRIOR TO 24 HOURS OF DELIVERY OF CHARGES
        EXCEPT WHEN THE INMATE'S RELEASE DATE DOES NOT ALLOW TIME FOR SUCH
        NOTICE OR THE INMATE WAIVES THE 24 HOUR PERIOD AS AUTHORIZED IN RULE
        33-601, FLORIDA ADMINISTRATIVE CODE.

              DELIVERED BY : _T5509_  - _Sgt. Thomas_
-------------------------------------------------------------------------


   NOTICE TO INMATE:
   AS AN INMATE BEING CHARGED WITH A VIOLATION OF THE RULES OF PROHIBITED
   CONDUCT, YOU ARE ADVISED THE FOLLOWING:
-------------------------------------------------------------------------

   INVESTIGATION:
   AN IMPARTIAL INVESTIGATION WILL BE CONDUCTED ON THIS DISCIPLINARY REPORT.
   DURING THE INVESTIGATION OF THE DISCIPLINARY REPORT, YOU WILL BE ADVISED
   OF THE CHARGES AGAINST YOU AND YOU MAY REQUEST STAFF ASSISTANCE. DURING
   THE INVESTIGATION YOU SHOULD MAKE KNOWN ANY WITNESSES TO THE INVESTIGATING
   OFFICER. THE TESTIMONY OF WITNESSES SHALL BE PRESENTED BY WRITTEN STATEMENTS.
   SEE RULE 33-601.307(3) FOR COMPLETE INFORMATION REGARDING WITNESSES. YOU WILL
   HAVE THE OPPORTUNITY TO MAKE A STATEMENT IN WRITING REGARDING THE CHARGE AND
   TO PROVIDE INFORMATION RELATING TO THE INVESTIGATION.
-------------------------------------------------------------------------

   DELIVERY OF CHARGES:
   A COPY OF THE CHARGES WILL BE PROVIDED TO YOU AT LEAST 24 HOURS PRIOR
   TO THE CONVENING OF THE DISCIPLINARY HEARING UNLESS YOU WAIVE THE WAITING
   PERIOD. THE HEARING MAY BEGIN ANY TIME AFTER THE 24 HOUR PERIOD UNLESS
   YOU SIGN THE WAIVER.
-------------------------------------------------------------------------



EXHIBIT
H

FLORIDA DEPARTMENT OF CORRECTIONS                    09/06/2007
ISSO150 (01)              CHARGING DISCIPLINARY REPORT
                              LOG # 119-072249

```
-------------------------------------------------------------------------------
  DC#: 185325    INMATE NAME: STEPHENSON, CLARENCE F.            INFRACTION
  VIOLATION CODE: 0917    TITLE: DISORDERLY CONDUCT              DATE: 09/05/07
  FACILITY CODE:  119    NAME:  SANTA ROSA C.I.                  TIME: 14:00
-------------------------------------------------------------------------------
```

DISCIPLINARY HEARING:
THE DECISION WILL BE MADE IN ADVANCE WHETHER THE HEARING WILL BE CONDUCTED
BY THE DISCIPLINARY TEAM OR THE HEARING OFFICER. YOU MAY REQUEST A HEARING
BY THE FULL DISCIPLINARY TEAM RATHER THAN THE HEARING OFFICER. YOU WILL
APPEAR IN PERSON BEFORE THE DISCIPLINARY TEAM/HEARING OFFICER UNLESS YOU
WAIVE THIS APPEARANCE BY SIGNING A WAIVER FORM. YOU WILL BE ADVISED OF
THE CHARGES PLACED AGAINST YOU AND THE RANGE OF PENALTY IF FOUND GUILTY.
YOU MAY REQUEST STAFF ASSISTANCE. THE CHAIRPERSON/HEARING OFFICER WILL READ
THE STATEMENT AND ASK YOU FOR YOUR PLEA. A GUILTY PLEA REQUIRES NO FURTHER
STATEMENT; HOWEVER, YOU MAY MAKE A STATEMENT FOR THE TEAM/HEARING OFFICER
TO CONSIDER. A NO CONTEST PLEA WILL BE TREATED AS A GUILTY PLEA. A REFUSAL
TO ENTER A PLEA WILL BE TREATED AS A NOT GUILTY PLEA. IF YOU ENTER A NOT
GUILTY PLEA, YOU WILL BE ALLOWED TO MAKE A STATEMENT ON YOUR OWN BEHALF,
PRESENT EVIDENCE AND REQUEST STAFF OR INMATE WITNESSES AS DEEMED APPROPRIATE
BY THE TEAM/HEARING OFFICER. AFTER THE TEAM/HEARING OFFICER HAS MADE A
DECISION, YOU WILL BE ADVISED VERBALLY AND IN WRITING AS TO THE DECISION AND
THE EVIDENCE RELIED UPON IN MAKING THAT DECISION. IF YOU ARE FOUND GUILTY, YOU
WILL BE ADVISED VERBALLY AND IN WRITING AS TO THE RECOMMENDED PENALTY.
-------------------------------------------------------------------------------

APPEAL:
IF YOU ARE FOUND GUILTY, YOU MAY APPEAL THIS DECISION BY FILING A
FORMAL GRIEVANCE WITH THE WARDEN OF YOUR FACILITY WITHIN 15 DAYS OF
THE RECEIPT OF WRITTEN NOTICE OF THE TEAM/HEARING OFFICERS DECISION.
FOR INFORMATION REGARDING THE RULES ON DISCIPLINE, REFER TO: 33-601, F. A. C.

## Disciplinary Report Worksheet

**State of Florida**   Log # 119072249 Department of Corrections

---

**I.   Identifying Inmate Information**

DC # /8 W29966   Inmate Name _____ Stephenson, Jessie Clarine

Violation Code and Short Title   9-17 disorderly conduct

Facility Name _____ SARCI _____   Facility Code ___119
Infraction Date 09/05/2007 Date Report Written 09/05/2007 Inmate Housing Assignment 2119L
Inmate Work/Program Assignment _____ N/A

---

**II.   Statement of Facts** (Include date, time, place, circumstances, evidence, and witnesses)
Inmate Stephenson, Jessie-DC#W29966 is being charged with a violation of FAC chapter 33-601.314 rules of

prohibited conduct. (9-17) Disorderly Conduct.

On September 5, 2007 I was assigned to D-dorm as Close Management Housing Officer. At approximately 2:00

pm I was conducting a security check and observed Inmate Stephenson, yelling and kicking on his cell door.

Inmate Stephenson refused all orders to cease his disorderly conduct until counseled with by Sergeant Givens.

The housing Lieutenant was notified and authorized this report. Inmate Stephenson will remain in his current

status pending disciplinary team action.

Date Report Written _____ September 05, 2007 _____   at __2:30__ AM /PM☒

Signature of Reporting Officer
Name and Position (print)   _____ Officer Gregory Raybon _____

---

**III.   Review of Disciplinary Report:**   Approved ☑   Disapproved ☐

Supervisor's Signature
Printed Name and Position   Lt. Gielow
Date Report Reviewed   9/5/07   at _2'35_   AM/RM

DC6-112F Revised (5-00)

H - 2

| | Disciplinary Investigative Report | |
|---|---|---|
| **State of Florida** | Log # _72249_ | **Department of Corrections** |

DC# _185325_ Inmate Name _Stephenson, Clarence_
Date Report Written _9/5/07_ , at _2:30_ AM/PM
Date Investigation Began _9/6/07_ , at _8:00_ AM/PM
(Use ball point pen, blue or black ink, when completing this form)

**I.** **Staff Assistance Offered:** Declined ☒ Accepted ☐ **Provided: Yes ☐ No ☐**

_I/m declined_

**II.** **Charged Inmate's Version of Infraction:** Date _9-9-07_ , at _8:45_ AM/PM

_I/m provided statement_

**III.** **Charging Staff Member Interview:** Date _9/6/07_ , at _8:00_ AM/PM
_I Sgt. S. Thomas interviewed Ofc Raybon on 9/6/07, at which time he
stated that the facts are true and accurate on the DC6-112F._

**IV.** Other Staff/Pertinent Individual(s) Interview(s): _____

_Sgt. Given provided statement_

**V.** Other Inmate(s) Interview(s): _____

_I/m Patterson provided statement_

**VI.** Explanation of Witness Statement Forms Not Completed and/or Other Interviews Not Completed:

_None_

**VII.** Explanation of Delay(s) at Any Stage of Investigation: _____

_None_

**VIII.** Evidence; Other Included Reports; Other Information: _____

_DC6-2028_

Signature of Investigating Officer _Sgt. Thomas_
Legibly Printed Name ( _Sgt. Thomas_ )

Date Investigation Completed: _9-10-07_ Report Continued: Yes ☐ No ☐

DC6-112A (Revised 5-00) Original: Inmate File Pink: Central Office

**EXHIBIT**
**H-2**

**Witness Disposition**

| State of Florida | Log # _____ | Department of Corrections |
|---|---|---|

DC# _185325_ Inmate Name _Stephenson, Clarence_ Facility _119_
Violation Code and Short Title _9-17 Disorderly Conduct_
Date Report Written _9-5-07_ Date of Hearing _9.13.07_

**I. Notice to Inmate:** The following shall be read to the charged inmate by the Investigating Officer:

"The charged inmate shall indicate whether he has any material witnesses. In the event that you have material witnesses, they must be listed below. Failure to complete and sign Section II of this form will result in a waiver of the opportunity to call witnesses either live or by written statement."

As a rule the testimony of inmate witnesses will be presented by written statements instead of witnesses appearing at the hearing. Multiple disciplinary hearings are often held at one time and limited staffing prohibits the routine retrieval and escort of inmate witnesses to the hearing and back to assignments. Further, written statements minimize the disruption of work and program assignments of inmate witnesses. A request for live testimony for witnesses not listed below must be made at the hearing and supported by cause sufficient to overcome the concerns noted above."

**II. Inmate Witnesses:** I do not have any witnesses ☐   I do have witnesses, listed below ☑

| Name of Witness | DC6-112C Read YES/NO | Witness Requested to Appear YES/NO | Reason Witness Requested to Appear | Disposition |
|---|---|---|---|---|
| 1. DAVID Patterson | ☑/☐ | ☐/☐ | | |
| 2. | ☐/☐ | ☐/☐ | | |
| 3. | ☐/☐ | ☐/☐ | | |
| 4. | ☐/☐ | ☐/☐ | | |
| 5. | ☐/☐ | ☐/☐ | | |
| 6. | ☐/☐ | ☐/☐ | | |
| 7. | ☐/☐ | ☐/☐ | | |
| 8. | ☐/☐ | ☐/☐ | | |
| 9. | ☐/☐ | ☐/☐ | | |
| 10. | ☐/☐ | ☐/☐ | | |

Signature of Inmate _Clarence Stephenson_

Signature and Title of Investigating Officer _Sgt. Thomas_

**III. Investigating Officer Witnesses:** Witnesses determined relevant during the investigation and not requested by charged inmate.

| Name of Witness | DC6-112C Read YES/NO | Witness Requested to Appear YES/NO | Reason Witness Requested to Appear | Disposition |
|---|---|---|---|---|
| 1. Sgt. Given | ☑/☐ | ☐/☐ | | |
| 2. | ☐/☐ | ☐/☐ | | |
| 3. | ☐/☐ | ☐/☐ | | |
| 4. | ☐/☐ | ☐/☐ | | |
| 5. | ☐/☐ | ☐/☐ | | |
| 6. | ☐/☐ | ☐/☐ | | |

**IV. Witnesses Requested at Hearing:** Witnesses requested by inmate, Team, or Hearing Officer in addition to those inmates already identified in Section II or III above.

| Name of Witness | DC6-112C Read YES/NO | Witness Requested to Appear YES/NO | Reason Witness Requested to Appear | Disposition |
|---|---|---|---|---|
| 1. | ☐/☐ | ☐/☐ | | |
| 2. | ☐/☐ | ☐/☐ | | |
| 3. | ☐/☐ | ☐/☐ | | |
| 4. | ☐/☐ | ☐/☐ | | |

Continued Comments (indicate Section # and Witness #): _____

**EXHIBIT H-4**

_____   _____   _____
Team Member Signature   Team Member Signature   Team Chairman/Hearing Officer Signature

_____   _____   _____
Printed/Typed Name   Printed/Typed Name   Printed/Typed Name

DC6-112B (Revised 5-00)   Original: Inmate File   Pink: Central Office

**Witness Statement**

**State of Florida**     Log # _72249_     **Department of Corrections**

**I.**    **Identifying Inmate Information**

DC # _185325_    Inmate Name _Stephenson Clarence_

Violation Code and Short Title _9-17_

Use of Force # _____

Date Report Written _9-5-07_

**II.**    **Witness**

☒ Staff Member: Name and Position _Sgt. Given_

☐ Other Individual: Name _____

☐ Inmate:    DC #_____    Name_____

**III.**    **Voluntary Refusal**

*The witness voluntarily refused to provide a written statement to the Investigating Officer and the following signature(s) attests to that fact:*

Witness Signature _____    Date_____

Signature of Investigating Officer_____    Date_____

**IV.**    **Statement**

Via telephone, Sgt. Given Stated that he did in fact have to counsel with Inmate Stephenson who was being disorderly

Witness Signature _Via telephone_    Date _9-10-07_

Signature of Investigating Officer _Je Con_    Date _9-10-07_

DC6-112C (Revised 8/06)     Original: Inmate File     Copy: Central Office



**EXHIBIT**
**H-5**

State of Florida     Log # _72324_     Department of Corrections

| I. | Identifying Inmate Information |
|---|---|

DC # _185325_    Inmate Name _Stephenson, Clarence_ ~~Patterson, David~~

Violation Code and Short Title _9-17 Disorderly Conduct_

Use of Force # _____

Date Report Written _9-5-07_____

| II. | Witness |
|---|---|

☐   Staff Member: Name and Position_____

☐   Other Individual: Name_____

☒   Inmate:   DC # _902790_    Name _Patterson, David_

| III. | Voluntary Refusal |
|---|---|

*The witness voluntarily refused to provide a written statement to the Investigating Officer and the following signature(s) attests to that fact:*

Witness Signature _____    Date_____

Signature of Investigating Officer_____    Date_____

| IV. | Statement |
|---|---|

Witness Signature _David Patterson_     Date _9-9-07_

Signature of Investigating Officer _Sgt. Thomas_     Date _9-9-07_

DC6-112C (Revised 8/06)      Original: Inmate File      Copy: Central Office



EXHIBIT
_H-6_

| | **Witness Statement** | |
|---|---|---|
| State of Florida | Log # _72249_ | Department of Corrections |

**I.   Identifying Inmate Information**

DC # _185325_   Inmate Name _Stephenson, Clarence_

Violation Code and Short Title _9-17 Disorderly Conduct_

Use of Force # _____

Date Report Written _9-5-07_

**II.   Witness**

☐   Staff Member: Name and Position _____

☐   Other Individual: Name_____

☒   Inmate:   DC # _185325_   Name _Stephenson, Clarence_

**III.   Voluntary Refusal**

*The witness voluntarily refused to provide a written statement to the Investigating Officer and the following signature(s) attests to that fact:*

Witness Signature _____   Date_____

Signature of Investigating Officer_____   Date_____

**IV.   Statement**

I wes not kicking the cell door. Officer Raybon was not conducting a security check. Security checks are at 2:30 p.m. Everyday. At 2:00 o'clock p.m. Officer Raybon and 3 other officers entered the wing on wing 2 of d-dorm and was looking around for someone, I called him to the cell door to ask him about my legal work and dead line that was not returned on 9/4/07. When Sgt. Givens came on the wing he walked past my cell and I called him back to notify him of my problem with my legal work and he told officer Raybon to call the library for it. When officer Raybon came back to my cell he told me that my legal work was on the way, When he left my cell Lt. Gilo that stopped him and told him to write me a DR, Lt. Gilo then came to my cell and told me he wanted to gas me for Lt. Schwarz, This DR is untrue. The camera and my roommate will verify All the above mention. This DR and officials are retaliating against me for grievances and complaints filed against staff here. I was placed on cm-1 on 9-4-07.

Witness Signature _Clarence Stephenson_   Date   _9-9-07_

Signature of Investigating Officer_Sgt. Thomas_   Date   _9-5-07_

DC6-112C (Revised 8/06)          Original: Inmate File          Copy: Central Office

EXHIBIT
H-7

Documentary or Physical Evidence Disposition

| State of Florida | Log # _____ | Department of Corrections |

DC#: _185325_   Inmate Name: _Stephenson, Clarence_ Facility: _119_
Violation Code and Short Title: _9-17 Disorderly Conduct_
Date Report Written: _9/5/07_          Date of Hearing: _9-13-07_

**I.   Notice to Inmate:** The following shall be read to the charged inmate by the Investigating Officer:

The charged inmate shall identify any documentary or physical evidence that he wants considered. In the event that you have evidence that you want considered, it must be listed below. Failure to complete and sign Section II of this form will result in a waiver of the opportunity to have documentary or physical evidence presented at hearing. If the evidence is a videotape, the investigator will determine whether the tape described will provide evidence to support the inmate's statement.

**II.   Inmate Evidence:**   I do not have any evidence ☐       I do have evidence, listed below ☑

| Identification of evidence | Reason Evidence Requested | Disposition |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |
| 9. | | |
| 10. | | |

For videotape/audiotape evidence only:

Inmate Identification of videotape/audiotape:
        Videotape of wing 2 of Delta Dorm (all tapes)

Inmate Description of what tape will show: That 4 or 5 officers come into wing 2 of d-dorm and
(Inmate's version in his own handwriting) was looking around for somebody. Two of the officers
went upstairs to pull an inmate out to be moved to another dorm. I only called officer Rayboon
to the cell to notify him of my deadline and that the Law Library never sent it back. @
Sgt. Givens told officer Rayboon to call library. officer Rayboon came back to let me know
that copies are on the way. After leaving my cell Lt. Gilo stopped him and told Rayboon
to write me a D'R for Lt. Schwarz. The Law Clerk brought me my copies of my dead-
line.
Signature of Inmate  _Clarence Stephenson_

Summary of disposition of videotape/audiotape:

Based upon review of the identified tape or the capabilities of the particular taping equipment, the tape requested

_____ provides evidence to support the inmate's statement

_____ does not provide evidence to support the inmate's statement.

Signature and Title of Investigating Officer  _Sgt. Thomas_
                                               _Sgt. TM_

**III.   Investigating Officer Evidence:** Evidence determined relevant during the investigation and not requested by charged inmate.

| Identification of evidence | Reason Evidence Requested | Disposition |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

EXHIBIT
H-8

**IV.** **Evidence Requested at Hearing:** Evidence requested by inmate, Team, or Hearing Officer in addition to evidence already identified in Section II or III above.

|  | Identification of evidence | Reason Evidence Requested | Disposition |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |

Continued Comments (indicate Section # and Evidence #):

_____

_____

_____

_____


| Team Member Signature | Team Member Signature | Team Chairman/Hearing Officer Signature |
|---|---|---|
| Printed/Typed Name | Printed/Typed Name | Printed/Typed Name |

```
                         FLORIDA DEPARTMENT OF CORRECTIONS          09/13/07
    ISSO158 (14)                 DISCIPLINARY REPORT                 PAGE  1
                              HEARING INFORMATION
                              LOG # 119-072249
--------------------------------------------------------------------------------
· DC#: 185325   INMATE NAME: STEPHENSON, CLARENCE F.          INFRACTION
  VIOLATION CODE:  0917    TITLE: DISORDERLY CONDUCT          DATE: 09/05/07
  FACILITY CODE:  119     NAME:  SANTA ROSA C.I.              TIME: 14:00
--------------------------------------------------------------------------------
            TEAM    FINDINGS AND ACTION   DATE: 09/13/07, AT: 08:50
         INMATE OFFERED STAFF ASSISTANCE: DECLINED
         INMATE PLEA: NOT GUILTY    FINDINGS: GUILTY
         INMATE PRESENT: YES
     POSTPONEMENT:
     BASIS FOR DECISION:
         BASED IN PART ON THE WRITTEN STATEMENT OF OFC. RAYBON AND
         CONFIRMED IN THE INVESTIGATION THAT ON 09/05/07 AT APPROX.
         2:00 P.M., I/M STEPHENSON, CLARENCE DC# 185325 WAS
         DISORDERLY WHEN HE WAS OBSERVED YELLING AND KICKING ON HIS
         CELL DOOR. I/M STEPHENSON REQUESTED THAT CAMERA BE REVIEWED.
         BASED ON REVIEW OF THE CAMERA OR CAMERA PLACEMENT AND
         EQUIPMENT OPERATION, THE VIDEOTAPE SHOWS OFC. RAYBON AND SGT
         GIVEN AT CELL D2119 AND ALSO SHOW SGT GIVEN COUNSELING WITH
         I/M STEPHENSON. CAMERA DOES NOT HAVE AUDIO. I/M STEPHENSON
         ALSO REQUESTED ADDITIONAL WITNESS, OFC. RAYBON AND SGT.
         GIVEN; HOWEVER, THE TEAM DID NOT CONSIDER AS OFC. RAYBON
         WROTE THE REPORT AND SGT. GIVEN HAD ALREADY PROVIDED A
         WITNSS STATEMENT DURING THE INVESTIGATION.  ALL WITNESS
         STATEMENTS AND EVIDENCE WERE READ AND CONSIDERED BY THE
         DISCIPLINARY HEARING TEAM. A COPY OF THE FINDINGS WAS
         PROVIDED TO I/M STEPHENSON LATER IN THE DAY AND HE WAS
         ADVISED THAT HE HAS FIFTEEN DAYS TO APPEAL THE TEAMS
         DECISION.

   ACTIONS TAKEN:
    DISCIPLINARY CONFINEMENT:   30; PROBATION DAYS SET:   0 CONSECUTIVE

    RESTITUTION:       $.00; INDIV.REVIEW/COUNSEL?: N; CONFISCATE CONTRABAND?: N

    TEAM CHAIRMAN:   RTM16 - REYES,T.M.
    TEAM MEMBERS:    RRW07 - ROMINE, R.W.              -
--------------------------------------------------------------------------------
--------------------------------------------------------------------------------
```

EXHIBIT
H-9

```
                         FLORIDA DEPARTMENT OF CORRECTIONS        09/25/2007
ISSG150 (01)             CHARGING DISCIPLINARY REPORT
                               LOG # 119-072424
--------------------------------------------------------------------------------
DC#: 185325   INMATE NAME: STEPHENSON, CLARENCE F.       INFRACTION
VIOLATION CODE:  0061    TITLE: DISOBEYING ORDER          DATE: 09/13/07
FACILITY CODE:  119      NAME:  SANTA ROSA C.I.           TIME: 10:36
--------------------------------------------------------------------------------
I.   STATEMENT OF FACTS
     INMATE STEPHENSON, CLARENCE DC# 185325 IS BEING CHARGED WITH
     A VIOLATION OF FAC CHAPTER 33-601.314 RULES OF PROHIBITED
     CONDUCT. 6-1 DISOBEY AN ORDER. ON SEPTEMBER 13, 2007 I WAS
     ASSIGNED AS D DORM HOUSING LIEUTENANT IN DELTA DORM. AT
     APPROXIMATELY 10:36 AM I WAS IN WING ONE AND HEARD INMATE
     STEPHENSON, CLARENCE HOUSED ALONE IN CELL D-1108, SCREAMING
     AT AN UNIDENTIFIED INMATE HOUSED ON THE SECOND FLOOR. I
     ORDERED INMATE STEPHENSON TO STOP SCREAMING BUT HE REFUSED
     MY ORDERS UNTIL I STOOD DIRECTLY IN FRONT OF HIS DOOR AND
     ORDERED HIM AGAIN. INMATE STEPHENSON BECAME ARGUMENTATIVE
     AND ACCUSED ME OF HARASSING HIM. INMATE STEPHENSON WILL
     REMAIN IN HIS CURRENT STATUS PENDING DISCIPLINARY TEAM
     ACTION. NOTE: THIS DISCIPLINARY REPORT WAS RE-WRITTEN DUE TO
     A TECHNICAL ERROR.  THE PRIOR DR LOG NUMBER WAS 119-072333.


  REPORT WRITTEN: 09/24/07, AT 13:30   OFFICER: GWL00 - GIELOW,W.L.
--------------------------------------------------------------------------------
II.  INMATE NOTIFICATION OF CHARGES: DATE DELIVERED: 9/26/07, AT 13:44

         NO HEARING SHALL COMMENCE PRIOR TO 24 HOURS OF DELIVERY OF CHARGES
         EXCEPT WHEN THE INMATE'S RELEASE DATE DOES NOT ALLOW TIME FOR SUCH
         NOTICE OR THE INMATE WAIVES THE 24 HOUR PERIOD AS AUTHORIZED IN RULE
         33-601, FLORIDA ADMINISTRATIVE CODE.

             DELIVERED BY : OFC - J DEZIMAN DJ041
--------------------------------------------------------------------------------
NOTICE TO INMATE:
AS AN INMATE BEING CHARGED WITH A VIOLATION OF THE RULES OF PROHIBITED
CONDUCT, YOU ARE ADVISED THE FOLLOWING:
--------------------------------------------------------------------------------

INVESTIGATION:
AN IMPARTIAL INVESTIGATION WILL BE CONDUCTED ON THIS DISCIPLINARY REPORT.
DURING THE INVESTIGATION OF THE DISCIPLINARY REPORT, YOU WILL BE ADVISED
OF THE CHARGES AGAINST YOU AND YOU MAY REQUEST STAFF ASSISTANCE. DURING
THE INVESTIGATION YOU SHOULD MAKE KNOWN ANY WITNESSES TO THE INVESTIGATING
OFFICER. THE TESTIMONY OF WITNESSES SHALL BE PRESENTED BY WRITTEN STATEMENTS.
SEE RULE 33-601.307(3) FOR COMPLETE INFORMATION REGARDING WITNESSES. YOU WILL
HAVE THE OPPORTUNITY TO MAKE A STATEMENT IN WRITING REGARDING THE CHARGE AND
TO PROVIDE INFORMATION RELATING TO THE INVESTIGATION.
--------------------------------------------------------------------------------
```



EXHIBIT
I

```
                           FLORIDA DEPARTMENT OF CORRECTIONS        09/25/2007
ISSO150 (01)                 CHARGING DISCIPLINARY REPORT
                                LOG # 119-072424
--------------------------------------------------------------------------------
DC#: 185325    INMATE NAME: STEPHENSON, CLARENCE F.           INFRACTION
VIOLATION CODE:  0061    TITLE: DISOBEYING ORDER              DATE: 09/13/07
FACILITY CODE:  119     NAME:  SANTA ROSA C.I.               TIME: 10:36
--------------------------------------------------------------------------------
```

DELIVERY OF CHARGES:
A COPY OF THE CHARGES WILL BE PROVIDED TO YOU AT LEAST 24 HOURS PRIOR
TO THE CONVENING OF THE DISCIPLINARY HEARING UNLESS YOU WAIVE THE WAITING
PERIOD. THE HEARING MAY BEGIN ANY TIME AFTER THE 24 HOUR PERIOD UNLESS
YOU SIGN THE WAIVER.

--------------------------------------------------------------------------------

DISCIPLINARY HEARING:
THE DECISION WILL BE MADE IN ADVANCE WHETHER THE HEARING WILL BE CONDUCTED
BY THE DISCIPLINARY TEAM OR THE HEARING OFFICER. YOU MAY REQUEST A HEARING
BY THE FULL DISCIPLINARY TEAM RATHER THAN THE HEARING OFFICER. YOU WILL
APPEAR IN PERSON BEFORE THE DISCIPLINARY TEAM/HEARING OFFICER UNLESS YOU
WAIVE THIS APPEARANCE BY SIGNING A WAIVER FORM. YOU WILL BE ADVISED OF
THE CHARGES PLACED AGAINST YOU AND THE RANGE OF PENALTY IF FOUND GUILTY.
YOU MAY REQUEST STAFF ASSISTANCE. THE CHAIRPERSON/HEARING OFFICER WILL READ
THE STATEMENT AND ASK YOU FOR YOUR PLEA. A GUILTY PLEA REQUIRES NO FURTHER
STATEMENT; HOWEVER, YOU MAY MAKE A STATEMENT FOR THE TEAM/HEARING OFFICER
TO CONSIDER. A NO CONTEST PLEA WILL BE TREATED AS A GUILTY PLEA. A REFUSAL
TO ENTER A PLEA WILL BE TREATED AS A NOT GUILTY PLEA. IF YOU ENTER A NOT
GUILTY PLEA, YOU WILL BE ALLOWED TO MAKE A STATEMENT ON YOUR OWN BEHALF,
PRESENT EVIDENCE AND REQUEST STAFF OR INMATE WITNESSES AS DEEMED APPROPRIATE
BY THE TEAM/HEARING OFFICER. AFTER THE TEAM/HEARING OFFICER HAS MADE A
DECISION, YOU WILL BE ADVISED VERBALLY AND IN WRITING AS TO THE DECISION AND
THE EVIDENCE RELIED UPON IN MAKING THAT DECISION. IF YOU ARE FOUND GUILTY, YOU
WILL BE ADVISED VERBALLY AND IN WRITING AS TO THE RECOMMENDED PENALTY.

--------------------------------------------------------------------------------

APPEAL:
IF YOU ARE FOUND GUILTY, YOU MAY APPEAL THIS DECISION BY FILING A
FORMAL GRIEVANCE WITH THE WARDEN OF YOUR FACILITY WITHIN 15 DAYS OF
THE RECEIPT OF WRITTEN NOTICE OF THE TEAM/HEARING OFFICERS DECISION.
FOR INFORMATION REGARDING THE RULES ON DISCIPLINE, REFER TO: 33-601, F. A. C.

## Disciplinary Report Worksheet

State of Florida      Log # _119-07242424_      Department of Corrections

---

**I. Identifying Inmate Information**

DC # _185325_     Inmate Name _Stephenson, Clarence_

Violation Code and Short Title _6-1 disobey an order_

Facility Name _SARCI_      Facility Code _119_
Infraction Date _9-13-07_ Date Report Written _9.24.07_ Inmate Housing Assignment _D1108_
Inmate Work/Program Assignment _____ N/A

---

**II. Statement of Facts** (Include date, time, place, circumstances, evidence, and witnesses)

Inmate Stephenson, Clarence DC# 185325 is being charged with a violation of FAC chapter 33-601.314 rules of

prohibited conduct. 6-1 Disobey an order. On September 13, 2007 I was assigned as D dorm housing Lieutenant

in Delta Dorm. At approximately 10:36 am I was in wing one and heard inmate Stephenson, Clarence housed

alone in cell D-1108, screaming at an unidentified inmate housed on the second floor. I ordered inmate

Stephenson to stop screaming but he refused my orders until I stood directly in front of his door and ordered

him again. Inmate Stephenson became argumentative and accused me of harassing him. Inmate Stephenson will

remain in his current status pending disciplinary team action. Note: This disciplinary report was re-written due

to a technical error. The Prior DR Log number was 119-072333.

_____

_____

_____

_____

_____

_____

_____

_____

Date Report Written _9.24.07_      at _1:30_   AM /PM

Signature of Reporting Officer
Name and Position (print)    W. Gielow     Lieutenant

---

**III. Review of Disciplinary Report:**    Approved ☐    Disapproved ☐

Supervisor's Signature    Same
Printed Name and Position
Date Report Reviewed     _9.24.07_    at _1:30_    AM/PM

DC6-112F Revised (5-00)

I-2

**Disciplinary Investigative Report**

State of Florida      Log #   119-072424      Department of Corrections

DC# 185325   Inmate Name Stephenson, Clarence
Date Report Written   9/24/2007   at   09:10 AM/PM
Date Investigation Began   9/24/2007   at   14:45 AM/PM
(Use ball point pen, blue or black ink when completing this form)

| | |
|---|---|
| I. | **Staff Assistance Offered:**   Declined ☒   Accepted ☐   **Provided**   Yes ☐ No ☑ |
| | Declined |

II.   **Charged Inmate's Version of Infraction:**    Date 9/26/2007 at   13:46   AM(PM)

    inmate provided written statement

III.   **Charging Staff Member Interview:**    Date 9/24/07 , at   14:45   AM/PM

Lieutenant W. Gielow stated his statements on the DC6-112f is true and accurate as written.

IV.   Charging Staff/Pertinent individual(s) Interview(s): _____

    NONE

V.   Other Inmate(s) Interview(s): _____

    NONE

VI.   **Explanation of Witness Statement Forms Not Completed and/or Other Interviews Not Completed:**

    NONE

VII.   **Explanation of Delay(s) at Any Stage of Investigation:**

    this DR was RE-written prior DR # 119-072333.

VIII.   Evidence; Other Included Reports; Other Information:

    none

    DC6-2028

Signature of Investigating Officer: _____
Legibly Printed Name:   J Dezman   D. Norris   D NORRIS

Date Investigation Completed:   9/27/07     Report Continued:   Yes ☐ No ☑

DC6-112A (Revised 5-00)     Original: Inmate File     Pink: Central Office



**EXHIBIT**
I-3

| Witness Statement | | |
|---|---|---|
| State of Florida | Log#   119-072424 | Department of Corrections |

DC #   185325   Inmate Name: Stephenson, Clarence                Facility: SARCI 119
Violation Code and Short Title:   6-1 Disobeying Order
Date Report Written:   9/24/2007                Date of Hearing:   10-30

**I.    Notice to Inmate:** The following shall be read to the charged inmate by the Investigating Officer:

"The charged inmate shall indicate whether he has any material witnesses. In the event that you have material witnesses, they must be listed below. Failure to complete and sign Section II of this form will result in a waiver of the opportunity to call witnesses either live or by written statement."

As a rule the testimony of inmate witnesses will be presented by written statements instead of witnesses appearing at the hearing. Multiple disciplinary hearings are often held at one time and limited staffing prohibits the routine retrieval and escort of inmate witnesses to the hearing and back to assignments. Further, written statements minimize the disruption of work and program assignments of inmate witnesses. A request for live testimony for witnesses not listed below must be made at the hearing and supported by cause sufficient to overcome the concerns noted above."

**II.    Inmate Witnesses:** I do not have any witnesses ☑    I do have witnesses listed below ☐

| Name of Witness | DC6-112C Read YES/NO | Witness Requested To Appear YES/NO | Reason Witness Requested to Appear | Disposition |
|---|---|---|---|---|
| 1. | ☐/☐ | ☐/☐ | | |
| 2. | ☐/☐ | ☐/☐ | | |
| 3. | ☐/☐ | ☐/☐ | | |
| 4. | ☐/☐ | ☐/☐ | | |
| 5. | ☐/☐ | ☐/☐ | | |
| 6. | ☐/☐ | ☐/☐ | | |
| 7. | ☐/☐ | ☐/☐ | | |
| 8. | ☐/☐ | ☐/☐ | | |
| 9. | ☐/☐ | ☐/☐ | | |
| 10. | ☐/☐ | ☐/☐ | | |

Signature of Inmate    X Clarence Stephenson

Signature and Title of Investigating Officer    A Lazman  C.O.

**III.    Investigating Officer Witnesses:** Witnesses determined relevant during the investigation and not requested by charged inmate.

| Name of Witness | DC6-112C Read YES/NO | Witness Requested To Appear YES/NO | Reason Witness Requested to Appear | Disposition |
|---|---|---|---|---|
| 1. | ☑/☐ | ☐/☐ | | |
| 2. | ☐/☐ | ☐/☐ | | |
| 3. | ☐/☐ | ☐/☐ | | |
| 4. | ☐/☐ | ☐/☐ | | |
| 5. | ☐/☐ | ☐/☐ | | |
| 6. | ☐/☐ | ☐/☐ | | |

**IV.    Witnesses Requested at Hearing:** Witnesses requested by inmate, Team, or Hearing Officer in addition to those inmates already identified in Section II or III above.

| Name of Witness | DC6-112C Read YES/NO | Witness Requested To Appear YES/NO | Reason Witness Requested to Appear | Disposition |
|---|---|---|---|---|
| 1. | ☐/☐ | ☐/☐ | | |
| 2. | ☐/☐ | ☐/☐ | | |
| 3. | ☐/☐ | ☐/☐ | | |
| 4. | ☐/☐ | ☐/☐ | | |

Continued Comments (indicate Section # and Witness #): _____

_____

Team Member Signature    L A Will      Team Chairman/Hearing Officer Signature    D Rules CSO

Printed/Typed Name    L A Williams      Printed/Typed Name    D Rules

DC6-112B (Revised 5-00)      Original: Inmate File      Pink: Central Office

**EXHIBIT  I-4**

**Witness Statement**

| State of Florida | Log# 119-072424 | Department of Corrections |
|---|---|---|

**I.   Identifying Inmate Information**

DC #   185325      Inmate Name: Stephenson, Clarence
Violation Code and Short Title      6-1 Disobeying Order
Date Report Written      9/24/2007

**II.   Witness**

☑   Staff Member:  Name and Position   _SIDETMAN CO_
☐   Other Individual:  Name _____
☑   Inmate:   DC# **185325**   Name **Stephenson, Clarence**

**III.   Voluntary Refusal**

*The witness voluntarily refused to provide a written statement to the Investigating
Officer and the following signature(s) attests to that fact:*

Witness Signature _____   Date_____
Signature of Investigating Officer_____   Date_____

**IV.   Statement**

This did not occur. I never screamed at any one on the second floor.
This is all in retaliation from grievances being filed against staff. This is
my 6th DR in 5 days. Leave me alone! Lt. Giclow does not have any
evidence of me doing such. Hearsay is not considered evidence or proof
so stop the DRS.

Witness Signature _Clarence Stephenson_      Date _9-26-07_
Signature of Investigating Officer_____   Date _9-26-07_

DC6-112C (Revised 5-00)          Original: Inmate File          Copy: Central Office

**EXHIBIT
I-5**

Documentary or Physical Evidence Disposition

**State of Florida**     Log # 119-072424

DC#: 185325     Inmate Name: Stephenson, Clarence     Facility: 119- Santa Rosa CI
Violation Code and Short Title:     6-1 Disobeying Order
Date Report Written:     09/24/2007     Date of Hearing: _____ 10-20

**I.     Notice to Inmate:** The following shall be read to the charged inmate by the Investigating Officer:

The charged inmate shall identify any documentary or physical evidence that he wants considered. In the event that you have evidence that you want considered, it must be listed below. Failure to complete and sign Section II of this form will result in a waiver of the opportunity to have documentary or physical evidence presented at hearing. If the evidence is a videotape, the investigator will determine whether the tape described will provide evidence to support the inmate's statement.

**II.     Inmate Evidence:** I do not have any evidence ☒     I do have evidence, listed below ☑

|   | Identification of evidence | Reason Evidence Requested | Disposition |
|---|---|---|---|
| 1. | 2 Still Camera | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |
| 6. | | | |
| 7. | | | |
| 8. | | | |
| 9. | | | |
| 10. | | | |

**For videotape/audiotape evidence only:**

Inmate Identification of videotape/audiotape: I request Audio because the cameras are suppose to have them. I never yelled or screamed at anyone.

Inmate Description of what tape will show: The camera will show that ofc Bielow is only
(Inmate's version in his own handwriting) making a routine security check and just stop by my Cell door to harass me about the D'R I was given on 9-5-#07. The camera will show that he ~~eve~~ only step to my door to talk to me nothing about screaming.

Signature of Inmate X Clarence Stephenson

**Summary of disposition of videotape/audiotape:**

Based upon review of the identified tape or the capabilities of the particular taping equipment, the tape requested

_____ provides evidence to support the inmate's statement

_____ does not provide evidence to support the inmate's statement.

Signature and Title of Investigating Officer ____Josh___ Co____

**III.     Investigating Officer Evidence:** Evidence determined "relevant" during the investigation and not requested by charged inmate.

|   | Identification of evidence | Reason Evidence Requested | Disposition |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |
| 6. | | | |

DC6-151 (3-05)     Original: Inmate File     Pink: Central Office

**EXHIBIT**
I-6

• IV.   Evidence Reques. at Hearing: Evidence requested by it.   ate, Team, or Hearing Officer in addition to evidence already identified In Section II or III above.

*Identification of evidence*          Reason Evidence Requested     Disposition

1. _____    _____    _____
2. _____    _____    _____
3. _____    _____    _____
4. _____    _____    _____

Continued Comments (indicate Section # and Evidence #): _____

_____

_____

_____

_____

_____        _____        _____
Team Member Signature          Team Member Signature      Team Chairman/Hearing Officer Signature

_____        _____        _____
Printed/Typed Name             Printed/Typed Name        Printed/Typed Name

| **24 Hour/Refusal to Appear Waiver** | | |
|---|---|---|
| State of Florida | Log # 19-072424 | Department of Corrections |

**I. Identifying Inmate Information**

DC # 195325  Inmate Name Stephenson, Clarence

Violation Code and Short Title 6-1 Disobey an order

Date Report Written 9-13-07

**II. A. ☐ Waiver of 24 Hour Waiting Period**

*I waive my right to the provision of Rule 33-601 stipulating that the disciplinary hearing is not to commence prior to 24 hours of delivery of the charges. My signature below attest to the fact that I do so voluntarily and that I understand that the disciplinary hearing may commence at the discretion of the Team Chairman/Hearing Officer.*

**B. ☐ Waiver of Right to be Present at Disciplinary Hearing**

*I waive my right to be present at the disciplinary hearing for the disciplinary report described in Section I above. My signature below attests to the fact that I do so voluntarily and that I am aware that the disciplinary hearing will be conducted in my absence.*

Personal Reasons

Inmate Signature  Clarence Stephenson  Date 10/2/07

Signature of Witnessing Employee

**III. Refusal of Right to be Present at Disciplinary Hearing**

The inmate identified in Section I above refused to appear at the Disciplinary Hearing and refused to affix his signature to: Section II. A. ☐   Section II. B. ☐

*My signature attests to the fact that the inmate was given the opportunity to be present at the disciplinary hearing and that the inmate voluntarily refused to be present and refused to participate in attesting to that decision by signing this form.*

Signature of Witnessing Employee  Date 10/2/07

**IV. Additional Comments:**

DC6-112D (Revised 5-00)    Original: Inmate File    Copy: Central Office

EXHIBIT
I-7

```
                         FLORIDA.DEPARTMENT OF CORRECTIONS              10/02/07
ISSO158 (14)                  DISCIPLINARY REPORT                        PAGE  1
                             HEARING INFORMATION
                             LOG # 119-072424
-------------------------------------------------------------------------------
DC#: 185325   INMATE NAME: STEPHENSON, CLARENCE F.             INFRACTION
VIOLATION CODE:  0061   TITLE: DISOBEYING ORDER               DATE: 09/13/07
FACILITY CODE:   119    NAME:  SANTA ROSA C.I.                TIME: 10:36
-------------------------------------------------------------------------------
        TEAM   FINDINGS AND ACTION  DATE: 10/02/07, AT: 07:49
     INMATE OFFERED STAFF ASSISTANCE: DECLINED
     INMATE PLEA: NO PLEA      FINDINGS: GUILTY
     INMATE PRESENT: REFUSED TO APPEAR
  POSTPONEMENT:
  BASIS FOR DECISION:
     BASED IN PART ON THE WRITTEN STATEMENT OF LT. GIELOW AND
     CONFIRMED IN THE INVESTIGATION THAT ON 09/13/07 AT APPROX.
     10:36 A.M , I/M STEPHENSON, CLARENCE DC# 185325 DISOBEYED
     ORDERS WHEN HE WAS ORDERED TO STOP SCREAMING AND HE REFUSED
     TO STOP. I/M STEPHENSON WAS ORDER AGAIN TO STOP SCREAMING
     AND HE BECAME AGRUMENTATIVE AND ACCUSED THE LT OF HARRASSING
     HIM. I/M STEPHENSON REFUSED TO APPEAR AT THE DISCIPLINARY
     HEARING AND SIGNED A WAIVER OF RIGHT TO BE PRESENT AT THE
     DISCIPLINARY HEARING. I/M STEPHENSON REQUESTED THAT THE
     CAMERA BE REVIEWED. BASED UPON REVIEW OF THE CAMERA OR
     CAMERA PLACEMENT AND EQUIPMENT OPERATION , THE VIDEOTAPE
     DOES NOT PROVIDE EVIDENCE TO SUPPORT THE INMATE'S WRITTEN
     STATEMENT. ALL WITNESS STATEMENTS AND EVIDENCE WERE READ AND
     CONSIDERED BY THE DISCIPLINARY HEARING TEAM. A COPY OF THE
     FINDINGS WAS PROVIDED TO I/M STEPHENSON ·LATER IN THE DAY AND
     HE WAS ADVISED THAT HE HAS FIFTEEN DAYS TO APPEAL THE TEAMS
     DECISION.

ACTIONS TAKEN:
  DISCIPLINARY CONFINEMENT:   30; PROBATION DAYS SET:   0 CONSECUTIVE

  RESTITUTION:       $.00; INDIV.REVIEW/COUNSEL?: N; CONFISCATE CONTRABAND?: N

  TEAM CHAIRMAN:   RTM16 - REYES,T.M.
  TEAM MEMBERS:    WA002 - WILLIAMS, A.              -
-------------------------------------------------------------------------------
-------------------------------------------------------------------------------
```



EXHIBIT I-8

```
                    FLORIDA DEPARTMENT OF CORRECTIONS            09/17/2007
  SO150 (01)            CHARGING DISCIPLINARY REPORT
                             LOG # 119-072348
-----------------------------------------------------------------------------
DC#: 185325   INMATE NAME: STEPHENSON, CLARENCE F.            INFRACTION
VIOLATION CODE:  0023   TITLE: PART.IN DISTURBANCE            DATE: 09/14/07
FACILITY CODE:  119    NAME:  SANTA ROSA C.I.                 TIME: 07:47
-----------------------------------------------------------------------------
   STATEMENT OF FACTS
   INMATE STEPHENSON, CLARENCE DC#185325 IS BEING CHARGED WITH
   A VIOLATION OF FAC CHAPTER 33-601.314 RULES OF PROHIBITED
   CONDUCT. (2-3) CREATING A MINOR DISTURBANCE.  ON SEPTEMBER
   14, 2007 I WAS ASSIGNED TO D-DORM AS CLOSE MANAGEMENT
   HOUSING SERGEANT. AT APPROXIMATELY.7:47AM I WAS CONDUCTING A
   SECURITY CHECK IN WING ONE. AS I APPROACHED CELL
   D1108L WHERE INMATE STEPHENSON, CLARENCE # 185325 IS HOUSED
   ALONE, I OBSERVED INMATE STEPHENSON YELLING IN THE WING. I
   COUNSELED WITH INMATE STEPHENSON ABOUT HIS DISRUPTIVE
   BEHAVIOR. AT THIS TIME INMATE STEPHENSON BECAME
   ARGUMENTATIVE AND BEGAN KICKING ON HIS CELL DOOR. I ADVISED
   THE DORM LIEUTENANT OF THE SITUATION. CHEMICAL AGENTS HAD TO
   BE USED TO QUELL THE DISTURBANCE INMATE STEPHENSON WAS
   CREATING. THE DORM SUPERVISOR AUTHOR
```

REPORT WRITTEN: 09/14/07, AT 11:20    OFFICER: ~~GRE01~~   ~~GOODWIN, RICHARD F.~~  Given, F
-----------------------------------------------------------------------------

II.   INMATE NOTIFICATION OF CHARGES: DATE DELIVERED: _09/18/07_, AT _1_:_08 PM_

      NO HEARING SHALL COMMENCE PRIOR TO 24 HOURS OF DELIVERY OF CHARGES
      EXCEPT WHEN THE INMATE'S RELEASE DATE DOES NOT ALLOW TIME FOR SUCH
      NOTICE OR THE INMATE WAIVES THE 24 HOUR PERIOD AS AUTHORIZED IN RULE
      33-601, FLORIDA ADMINISTRATIVE CODE.

            DELIVERED BY : _R Farmer_
-----------------------------------------------------------------------------

NOTICE TO INMATE:
AS AN INMATE BEING CHARGED WITH A VIOLATION OF THE RULES OF PROHIBITED
CONDUCT, YOU ARE ADVISED THE FOLLOWING:
-----------------------------------------------------------------------------
INVESTIGATION:
AN IMPARTIAL INVESTIGATION WILL BE CONDUCTED ON THIS DISCIPLINARY REPORT.
DURING THE INVESTIGATION OF THE DISCIPLINARY REPORT, YOU WILL BE ADVISED
OF THE CHARGES AGAINST YOU AND YOU MAY REQUEST STAFF ASSISTANCE. DURING
THE INVESTIGATION YOU SHOULD MAKE KNOWN ANY WITNESSES TO THE INVESTIGATING
OFFICER. THE TESTIMONY OF WITNESSES SHALL BE PRESENTED BY WRITTEN STATEMENTS.
SEE RULE 33-601.307(3) FOR COMPLETE INFORMATION REGARDING WITNESSES. YOU WILL
HAVE THE OPPORTUNITY TO MAKE A STATEMENT IN WRITING REGARDING THE CHARGE AND
TO PROVIDE INFORMATION RELATING TO THE INVESTIGATION.
-----------------------------------------------------------------------------

Exh. J-1

```
                       FLORIDA DEPARTMENT OF CORRECTIONS          09/17/2007
ISSO150 (01)              CHARGING DISCIPLINARY REPORT
                            LOG # 119-072348
------------------------------------------------------------------------------
 DC#: 185325   INMATE NAME: STEPHENSON, CLARENCE F.            INFRACTION
 VIOLATION CODE:  0023    TITLE: PART.IN DISTURBANCE           DATE: 09/14/07
 FACILITY CODE:  119     NAME:  SANTA ROSA C.I.               TIME: 07:47
------------------------------------------------------------------------------
```

DELIVERY OF CHARGES:
A COPY OF THE CHARGES WILL BE PROVIDED TO YOU AT LEAST 24 HOURS PRIOR
TO THE CONVENING OF THE DISCIPLINARY HEARING UNLESS YOU WAIVE THE WAITING
PERIOD. THE HEARING MAY BEGIN ANY TIME AFTER THE 24 HOUR PERIOD UNLESS
YOU SIGN THE WAIVER.
------------------------------------------------------------------------------

DISCIPLINARY HEARING:
THE DECISION WILL BE MADE IN ADVANCE WHETHER THE HEARING WILL BE CONDUCTED
BY THE DISCIPLINARY TEAM OR THE HEARING OFFICER. YOU MAY REQUEST A HEARING
BY THE FULL DISCIPLINARY TEAM RATHER THAN THE HEARING OFFICER. YOU WILL
APPEAR IN PERSON BEFORE THE DISCIPLINARY TEAM/HEARING OFFICER UNLESS YOU
WAIVE THIS APPEARANCE BY SIGNING A WAIVER FORM. YOU WILL BE ADVISED OF
THE CHARGES PLACED AGAINST YOU AND THE RANGE OF PENALTY IF FOUND GUILTY.
YOU MAY REQUEST STAFF ASSISTANCE. THE CHAIRPERSON/HEARING OFFICER WILL READ
THE STATEMENT AND ASK YOU FOR YOUR PLEA. A GUILTY PLEA REQUIRES NO FURTHER
STATEMENT; HOWEVER, YOU MAY MAKE A STATEMENT FOR THE TEAM/HEARING OFFICER
TO CONSIDER. A NO CONTEST PLEA WILL BE TREATED AS A GUILTY PLEA. A REFUSAL
TO ENTER A PLEA WILL BE TREATED AS A NOT GUILTY PLEA. IF YOU ENTER A NOT
GUILTY PLEA, YOU WILL BE ALLOWED TO MAKE A STATEMENT ON YOUR OWN BEHALF,
PRESENT EVIDENCE AND REQUEST STAFF OR INMATE WITNESSES AS DEEMED APPROPRIATE
BY THE TEAM/HEARING OFFICER. AFTER THE TEAM/HEARING OFFICER HAS MADE A
DECISION, YOU WILL BE ADVISED VERBALLY AND IN WRITING AS TO THE DECISION AND
THE EVIDENCE RELIED UPON IN MAKING THAT DECISION. IF YOU ARE FOUND GUILTY, YOU
WILL BE ADVISED VERBALLY AND IN WRITING AS TO THE RECOMMENDED PENALTY.
------------------------------------------------------------------------------

APPEAL:
IF YOU ARE FOUND GUILTY, YOU MAY APPEAL THIS DECISION BY FILING A
FORMAL GRIEVANCE WITH THE WARDEN OF YOUR FACILITY WITHIN 15 DAYS OF
THE RECEIPT OF WRITTEN NOTICE OF THE TEAM/HEARING OFFICERS DECISION.
FOR INFORMATION REGARDING THE RULES ON DISCIPLINE, REFER TO: 33-601, F. A. C.

```
                        FLORIDA DEPARTMENT OF CORRECTIONS          09/20/07
SSO158 (14)                  DISCIPLINARY REPORT                   PAGE  1
                             HEARING INFORMATION
                              LOG # 119-072348
-------------------------------------------------------------------------------
DC#: 185325   INMATE NAME: STEPHENSON, CLARENCE F.             INFRACTION
VIOLATION CODE:  0023   TITLE: PART.IN DISTURBANCE             DATE: 09/14/07
FACILITY CODE:  119     NAME:  SANTA ROSA C.I.                 TIME: 07:47
-------------------------------------------------------------------------------
        TEAM    FINDINGS AND ACTION   DATE: 09/20/07, AT: 08:15
     INMATE OFFERED STAFF ASSISTANCE: DECLINED _
     INMATE PLEA: NO PLEA       FINDINGS: GUILTY
     INMATE PRESENT: REFUSED TO APPEAR
  POSTPONEMENT:
  BASIS FOR DECISION:
     BASED IN PART ON THE WRITTEN STATEMENT OF SGT. GIVEN AND
     CONFIRMED IN THE INVESTIGATION THAT ON 09/14/07 AT APPROX.
     7:47 A.M , I/M STEPHENSON, CLARENCE DC# 185325 PARTICIPATED
     IN A DISTURBANCE BY YELLING IN THE WING. WHEN COUNSELED
     ABOUT HIS DISRUPTIVE BEHAVIOR, HE BECAME AGRUMENTATIVE AND
     BEGAN KICKING ON HIS CELL DOOR. I/M STEPHENSON REQUESTED
     THAT THE CAMERA BE REVIEWED. THE CAMERA WAS REVIEWED OR
     CONSIDERED, DUE TO THE TIME THAT I/M STEPHENSON WAS ASKING
     FOR THE CAMERA TO BE REVIEWED, HAD NOTHING TO DO WITH THE
     INCIDENT AT 7:47 A.M. IN ADDITION, THE CAMERAS DO NOT RECORD
     AUDIO. A PEN & INK CHANGE WAS MADE TO OFFICER STAFF NAME
     FROM: GOODWIN, RICHARD F. TO GIVENS, F. ALL WITNESS
     STATEMENTS AND EVIDENCE WERE READ AND CONSIDERED BY THE
     DISCIPLINARY HEARING TEAM.  A COPY OF THE FINDINGS WAS
     PROVIDED TO I/M STEPHENSON LATER IN THE DAY AND HE WAS
     ADVISED THAT HE HAS FIFTEEN DAYS TO APPEAL THE TEAMS
     DECISION.

ACTIONS TAKEN:
 DISCIPLINARY CONFINEMENT:   30; PROBATION DAYS SET:   0 CONSECUTIVE

 RESTITUTION:       $.00; INDIV.REVIEW/COUNSEL?: N; CONFISCATE CONTRABAND?: N

 TEAM CHAIRMAN:   RTM16 - REYES,T.M.
 TEAM MEMBERS:    RRW07 - ROMINE, R.W.               -
-------------------------------------------------------------------------------
-------------------------------------------------------------------------------
```

J-2

FLORIDA DEPARTMENT OF CORRECTIONS 09/20/2007
ISSO150 (01) CHARGING DISCIPLINARY REPORT
LOG # 119-072363

--------------------------------------------------------------------------------

DC#: 185325   INMATE NAME: STEPHENSON, CLARENCE F.          INFRACTION
VIOLATION CODE: 0023   TITLE: PART.IN DISTURBANCE          DATE: 09/17/0
FACILITY CODE: 119   NAME: SANTA ROSA C.I.                 TIME: 08:39

--------------------------------------------------------------------------------

I.   STATEMENT OF FACTS
     INMATE STEPHENSON, CLARENCE DC#185325 IS BEING CHARGED WITH
     A VIOLATION OF FAC CHAPTER 33-601.314 RULES OF PROHIBITED
     CONDUCT. (2-3) CREATING A MINOR DISTURBANCE.  O N SEPTEMBER
     17, 2007 I WAS ASSIGNED TO D-DORM AS CLOSE MANAG EMENT
     HOUSING SERGEANT. AT APPROXIMATELY 8:39AM I WAS CONDUCTING A
     SECURITY CHECK IN WING ONE. AS I APPROACHED CELL D1108L
     WHERE INMATE STEPHENSON, CLARENCE # 185325 IS HOUSED ALONE,
     I OBSERVED INMATE STEPHENSON YELLING IN THE WING. I
     COUNSELED WITH INMATE STEPHENSON ABOUT HIS DISRUPTIVE
     BEHAVIOR. AT THIS TIME INMATE STEPHENSON BECAME
     ARGUMENTATIVE AND BEGAN KICKING ON HIS CELL DOOR. I ADVISED
     THE DORM LIEUTENANT OF THE SITUATION. CHEMICAL AGENTS HAD TO
     BE USED TO QUELL THE DISTURBANCE INMATE STEPHENSON WAS
     CREATING.  THE DORMITORY SUPERVISOR WAS NOTIFIED AND
     AUTHORIZED THIS REPORT.

     REPORT WRITTEN: 09/17/07, AT 11:20   OFFICER: TSS09 - THOMAS, S. S.

--------------------------------------------------------------------------------

II.   INMATE NOTIFICATION OF CHARGES: DATE DELIVERED: _9 /23/07_, AT _11 :45am_

          NO HEARING SHALL COMMENCE PRIOR TO 24 HOURS OF DELIVERY OF CHARGES
          EXCEPT WHEN THE INMATE'S RELEASE DATE DOES NOT ALLOW TIME FOR SUCH
          NOTICE OR THE INMATE WAIVES THE 24 HOUR PERIOD AS AUTHORIZED IN RULE
          33-601. FLORIDA ADMINISTRATIVE CODE.

                    DELIVERED BY : _____

--------------------------------------------------------------------------------

NOTICE TO INMATE:
AS AN INMATE BEING CHARGED WITH A VIOLATION OF THE RULES OF PROHIBITED
CONDUCT, YOU ARE ADVISED THE FOLLOWING:

--------------------------------------------------------------------------------

INVESTIGATION:
AN IMPARTIAL INVESTIGATION WILL BE CONDUCTED ON THIS DISCIPLINARY REPORT.
DURING THE INVESTIGATION OF THE DISCIPLINARY REPORT, YOU WILL BE ADVISED
OF THE CHARGES AGAINST YOU AND YOU MAY REQUEST STAFF ASSISTANCE. DURING
THE INVESTIGATION YOU SHOULD MAKE KNOWN ANY WITNESSES TO THE INVESTIGATING
OFFICER. THE TESTIMONY OF WITNESSES SHALL BE PRESENTED BY WRITTEN STATEMENTS.
SEE RULE 33-601.307(3) FOR COMPLETE INFORMATION REGARDING WITNESSES. YOU WILL
HAVE THE OPPORTUNITY TO MAKE A STATEMENT IN WRITING REGARDING THE CHARGE AND
TO PROVIDE INFORMATION RELATING TO THE INVESTIGATION.

--------------------------------------------------------------------------------



EXHIBIT
K

```
02/27/2008  14:41   3864312264          CLASSIFICATION/UNICI          PAGE  05/13
```

```
                        FLORIDA DEPARTMENT OF CORRECTIONS            09/20/2007
ISSC150 (01)                CHARGING DISCIPLINARY REPORT
                              LOG # 119-072363
-------------------------------------------------------------------------------
DC#: 155325   INMATE NAME: STEPHENSON, CLARENCE F.          INFRACTION
VIOLATION CODE:  0023   TITLE: PART.IN DISTURBANCE          DATE: 09/17/0
FACILITY CODE:  119   NAME:  SANTA ROSA C.I.                TIME: 08:33
-------------------------------------------------------------------------------
```

DELIVERY OF CHARGES:
A COPY OF THE CHARGES WILL BE PROVIDED TO YOU AT LEAST 24 HOURS PRIOR
TO THE CONVENING OF THE DISCIPLINARY HEARING UNLESS YOU WAIVE THE WAITING
PERIOD. THE HEARING MAY BEGIN ANY TIME AFTER THE 24 HOUR PERIOD UNLESS
YOU SIGN THE WAIVER.

-------------------------------------------------------------------------------

DISCIPLINARY HEARING:
THE DECISION WILL BE MADE IN ADVANCE WHETHER THE HEARING WILL BE CONDUCTED
BY THE DISCIPLINARY TEAM OR THE HEARING OFFICER. YOU MAY REQUEST A HEARING
BY THE FULL DISCIPLINARY TEAM RATHER THAN THE HEARING OFFICER. YOU WILL
APPEAR IN PERSON BEFORE THE DISCIPLINARY TEAM/HEARING OFFICER UNLESS YOU
WAIVE THIS APPEARANCE BY SIGNING A WAIVER FORM. YOU WILL BE ADVISED OF
THE CHARGES PLACED AGAINST YOU AND THE RANGE OF PENALTY IF FOUND GUILTY.
YOU MAY REQUEST STAFF ASSISTANCE. THE CHAIRPERSON/HEARING OFFICER WILL READ
THE STATEMENT AND ASK YOU FOR YOUR PLEA. A GUILTY PLEA REQUIRES NO FURTHER
STATEMENT; HOWEVER, YOU MAY MAKE A STATEMENT FOR THE TEAM/HEARING OFFICER
TO CONSIDER. A NO CONTEST PLEA WILL BE TREATED AS A GUILTY PLEA. A REFUSAL
TO ENTER A PLEA WILL BE TREATED AS A NOT GUILTY PLEA. IF YOU ENTER A NOT
GUILTY PLEA, YOU WILL BE ALLOWED TO MAKE A STATEMENT ON YOUR OWN BEHALF,
PRESENT EVIDENCE AND REQUEST STAFF OR INMATE WITNESSES AS DEEMED APPROPRIATE
BY THE TEAM/HEARING OFFICER. AFTER THE TEAM/HEARING OFFICER HAS MADE A
DECISION, YOU WILL BE ADVISED VERBALLY AND IN WRITING AS TO THE DECISION AND
THE EVIDENCE RELIED UPON IN MAKING THAT DECISION. IF YOU ARE FOUND GUILTY, YO
WILL BE ADVISED VERBALLY AND IN WRITING AS TO THE RECOMMENDED PENALTY.

-------------------------------------------------------------------------------

APPEAL:
IF YOU ARE FOUND GUILTY, YOU MAY APPEAL THIS DECISION BY FILING A
FORMAL GRIEVANCE WITH THE WARDEN OF YOUR FACILITY WITHIN 15 DAYS OF
THE RECEIPT OF WRITTEN NOTICE OF THE TEAM/HEARING OFFICERS DECISION.
FOR INFORMATION REGARDING THE RULES ON DISCIPLINE, REFER TO: 33-601, F. A. C.

| Disciplinary Report Worksheet | | |
|---|---|---|
| State of Florida | Log # 119-072363 | Department of Corrections |

**I. Identifying Inmate Information**

DC # 185325    Inmate Name Stephenson, Clarence

Violation Code and Short Title 2-3 Creating a minor disturbance

Facility Name    SARCI    Facility Code    119
Infraction Date 09/17/2007 Date Report Written 09/17/2007 Inmate Housing Assignment 1108L
Inmate Work/Program Assignment    N/A

**II. Statement of Facts** (Include date, time, place, circumstances, evidence, and witnesses)

Inmate Stephenson, Clarence DC#185325 is being charged with a violation of FAC chapter 33-601.314 rules of prohibited conduct. (2-3) Creating a minor disturbance.

On September 17, 2007 I was assigned to D-dorm as Close Management Housing Sergeant. At approximately 8:39am I was conducting a security check in Wing one. As I approached cell D1108L where Inmate Stephenson, Clarence # 185325 is housed alone, I observed Inmate Stephenson yelling in the wing. I counseled with Inmate Stephenson about his disruptive behavior. At this time Inmate Stephenson became argumentative and began kicking on his cell door. I advised the dorm Lieutenant of the situation. Chemical Agents had to be used to quell the disturbance Inmate Stephenson was creating. The dorm supervisor authorized this report. Inmate Stephenson will remain in his current status pending disciplinary team action.

Date Report Written    September 17, 2007    at 11:20    AM ☒/PM ☐

Signature of Reporting Officer
Name and Position (print)    Sergeant Steven Thomas    TSSC9

**III. Review of Disciplinary Report:**    Approved ☒    Disapproved ☐

Supervisor's Signature
Printed Name and Position    Lieutenant Walter Gielow
Date Report Reviewed    September 17, 2007    at 11:45 am    AM/PM

DC6-112F Revised (5-00)

K-2

| | Disciplinary Investigative Report | |
|---|---|---|
| State of Florida | Log # 119-072363 | Department of Corrections |

DC# 185325 Inmate Name Stephenson, Clarence
Date Report Written 09/17/2007 at 08:39 AM/PM
Date Investigation Began 09/17/2007 at 12:00 AM/PM.
(Use ball point pen, blue or black ink, when completing this form)

I. Staff Assistance Offered: Declined ☒ Accepted ☐ Provided Yes ☐ No ☐

I'm declined

II. Charged Inmate's Version of Infraction: Date 9-20-07, at 11:40 AM/PM

Inmate provided Statement

III. Charging Staff Member Interview: Date 9/17/07 , at 12:00 Accep

Sergeant S. Thomas stated his statements on the DC6-112f is true and accurrate as written.

IV. Charging Staff/Pertinent individual(s) Interview(s): _____

None

V. Other Inmate(s) Interview(s): _____

NA

VI. Explanation of Witness Statement Forms Not Completed and/or Other Interviews Not Completed:

NA

VII. Explanation of Delay(s) at Any Stage of Investigation:

NA

VIII. Evidence; Other Included Reports; Other Information:

DC6-203?

Signature of Investigating Officer _____
Legibly Printed Name Sgt. E. G. Jean

Date Investigation Completed: 9-23-07 Report Continued: Yes ☐ No ☑

DC6-112A (Revised 5-00) Original: Inmate File Pink: Central Office


EXHIBIT
K-2

**Witness Statement**

| State of Florida | Log# 119-072363 | Department of Corrections |
|---|---|---|

DC #  185325   Inmate Name Stephenson, Clarence          Facility SARC 119
Violation Code and Short Title    2-3 Part In Disturbance
Date Report Written          09/17/2007                Date of Hearing  9-250

**I.** **Notice to Inmate:** The following shall be read to the charged inmate by the Investigating Officer:

"The charged inmate shall indicate whether he has any material witnesses. In the event that you have material witnesses, they must be listed below. Failure to complete and sign Section II of this form will result in a waiver of the opportunity to call witnesses either live or by written statement."

As a rule the testimony of inmate witnesses will be presented by written statements instead of witnesses appearing at the hearing. Multiple disciplinary hearings are often held at one time and limited staffing prohibits the routine retrieval and escort of inmate witnesses to the hearing and back to assignments. Further, written statements minimize the disruption of work and program assignments of inmate witnesses. A request for live testimony for witnesses not listed below must be made at the hearing and supported by cause sufficient to overcome the concerns noted above."

**II.** **Inmate Witnesses:** I do not have any witnesses ☒   I do have witnesses listed below ☐

| Name of Witness | DCG-112C Read YES/NO | Witness Requested To Appear YES/NO | Reason Witness Requested to Appear | Disposition |
|---|---|---|---|---|
| 1. | ☐/☐ | ☐/☐ | | |
| 2. | ☐/☐ | ☐/☐ | | |
| 3. | ☐/☐ | ☐/☐ | | |
| 4. | ☐/☐ | ☐/☐ | | |
| 5. | ☐/☐ | ☐/☐ | | |
| 6. | ☐/☐ | ☐/☐ | | |
| 7. | ☐/☐ | ☐/☐ | | |
| 8. | ☐/☐ | ☐/☐ | | |
| 9. | ☐/☐ | ☐/☐ | | |
| 10. | ☐/☐ | ☐/☐ | | |

Signature of Inmate   C. Stephenson

Signature and Title of Investigating Officer   Sgt. G. Guier

**III.** **Investigating Officer Witnesses:** Witnesses determined relevant during the investigation and not requested by charged inmate.

| Name of Witness | DCG-112C Read YES/NO | Witness Requested To Appear YES/NO | Reason Witness Requested to Appear | Disposition |
|---|---|---|---|---|
| 1. | ☐/☐ | ☐/☐ | | |
| 2. | ☐/☐ | ☐/☐ | | |
| 3. | ☐/☐ | ☐/☐ | | |
| 4. | ☐/☐ | ☐/☐ | | |
| 5. | ☐/☐ | ☐/☐ | | |
| 6. | ☐/☐ | ☐/☐ | | |

**IV.** **Witnesses Requested at Hearing:** Witnesses requested by inmate, Team, or Hearing Officer in addition to those inmates already identified in Section II or III above.

| Name of Witness | DCG-112C Read YES/NO | Witness Requested To Appear YES/NO | Reason Witness Requested to Appear | Disposition |
|---|---|---|---|---|
| 1. | ☐/☐ | ☐/☐ | | |
| 2. | ☐/☐ | ☐/☐ | | |
| 3. | ☐/☐ | ☐/☐ | | |
| 4. | ☐/☐ | ☐/☐ | | |

Continued Comments (indicate Section # and Witness #): _____

_____

Team Member Signature  LT A Will.

Team Member Signature  LT A Williams

Team Chairman/Hearing Officer Signature  Reyes.CSO

Printed/Typed Name _____   Printed/Typed Name  LT A Williams   Printed/Typed Name _____

DCG-112B (Revised 5-00)      Original: Inmate File                Pink: Central Office



EXHIBIT
K-4

| **Witness Statement** | | |
|---|---|---|
| State of Florida | Log#   119-072363 | Department of Corrections |

**I.     Identifying Inmate Information**

DC #      185325        Inmate Name Stephenson, Clarence
Violation Code and Short Title      23 Part. In Disturbance
Date Report Written          09/17/2007

**II.    Witness**

☐     Staff Member:  Name and Position _____
☐     Other Individual:  Name _____
☑     Inmate:     DC# 185325     Name Stephenson, Clarence

**III.   Voluntary Refusal**

*The witness voluntarily refused to provide a written statement to the Investigating Officer and the following signature(s) attests to that fact:*

Witness Signature _____                    Date _____
Signature of Investigating Officer _____          Date _____

**IV.    Statement**

This did not occur. I never kick the door or yell or became
argumentative. This is all in Retaliation of grievances being filed
against staff here at Santa Rosa C.I.

Witness Signature  *Clarence Stephenson*                    Date  9-23-07
Signature of Investigating Officer  _____          Date  9-23-07

DC6-112C (Revised 5-00)                    Original: Inmate File          Copy: Central Office



EXHIBIT
K-5

02/17/2008   14:41   3964312264                      CLASSIFICATION/UNICI                    PAGE   11/13

## Documentary or Physical Evidence Disposition

State of Florida          Log #   119-072363

DC#:  185325 _____          Inmate Name:   Stephenson, Clarence _____     Facility:   119- Santa Rosa CI
Violation Code and Short Title:          2-3 Participating In disturbance
Date Report Written:     09/17/2007 _____          Date of Hearing:                     9-25-07

I.     **Notice to Inmate:** The following shall be read to the charged inmate by the Investigating Officer:

The charged inmate shall identify any documentary or physical evidence that he wants considered. In the event that you have evidence that you want considered, it must be listed below. Failure to complete and sign Section II of this form will result in a waiver of the opportunity to have documentary or physical evidence presented at hearing. If the evidence is a videotape, the investigator will determine whether the tape described will provide evidence to support the inmate's statement.

II.     **Inmate Evidence:**  I do not have any evidence ☐       I do have evidence, listed below ☒

| | *Identification of evidence* | *Reason Evidence Requested* | *Disposition* |
|---|---|---|---|
| 1. | Camera, Fixed Wing | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |
| 6. | | | |
| 7. | | | |
| 8. | | | |
| 9. | | | |
| 10. | | | |

**For videotape/audiotape evidence only:**

Inmate Identification of videotape/audiotape:   The camera is suppose to have Audio. I want That reviewed.

Inmate Description of what tape will show:  Thpe will show that sgt. Thomas came on the (Inmate's version in his own handwriting)  wing and walk straight to my cell D-1108. The Camera will also show that my cell door was not shaking or moving from I was kicking the cell door the camera would show the cell door moving.

Signature of Inmate    Clarence Stephenson

Summary of disposition of videotape/audiotape:

Based upon review of the identified tape or the capabilities of the particular taping equipment, the tape requested

_____ provides evidence to support the inmate's statement

_____ does not provide evidence to support the inmate's statement

Sgt. G. Deval

Signature and Title of Investigating Officer

III.     **Investigating Officer Evidence:** Evidence determined relevant during the investigation and not requested by charged inmate.

| | *Identification of evidence* | *Reason Evidence Requested* | *Disposition* |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |
| 6. | | | |

**EXHIBIT**
tabbies
K-6

IV. **Evidence Requested at Hearing:** Evidence requested by inmate, Team, or Hearing Officer in addition to evidence already identified in Section II or III above.'

| | Identification of evidence | Reason Evidence Requested | Disposition |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |

Continued Comments (indicate Section # and Evidence #): _____

_____

_____

_____

_____

Team Member Signature            Team Member Signature            Team Chairman/Hearing Officer Signature

Printed/Typed Name            Printed/Typed Name            Printed/Typed Name

```
                        FLORIDA DEPARTMENT OF CORRECTIONS              09/25/07
      ISSO158 (14)            DISCIPLINARY REPORT                      PAGE   1
                               HEARING INFORMATION
                               LOG # 119-072363
--------------------------------------------------------------------------------
  DC#: 185325   INMATE NAME: STEPHENSON, CLARENCE F.            INFRACTION
  VIOLATION CODE:  0023    TITLE: PART.IN DISTURBANCE          DATE: 09/17/07
  FACILITY CODE:  119     NAME:  SANTA ROSA C.I.               TIME: 08:39
--------------------------------------------------------------------------------
         TEAM     FINDINGS AND ACTION   DATE: 09/25/07, AT: 07:53
      INMATE OFFERED STAFF ASSISTANCE: DECLINED
      INMATE PLEA: NOT GUILTY   FINDINGS: GUILTY
      INMATE PRESENT: YES
   POSTPONEMENT:
   BASIS FOR DECISION:
      BASED IN PART ON THE WRITTEN STATEMENT OF SGT. THOMAS AND
      CONFIRMED IN THE INVESTIGATION THAT ON 09/17/07 AT APPROX.
      8:39 A.M., I/M STEPHENSON, CLARENCE DC# 185325 PARTICIPATED
      IN A DISTURBANCE BY YELLING INTO THE WING. I/M STEPHENSON
      WAS COUSNELED ABOUT HIS DISRUPTIVE BEHAVIOR AND HE BECAME
      ARGUMENTATIVE AND BEGAN KICKING ON HIS CELL DOOR. CHEMICAL
      AGENTS HAD TO BE USED TO QUELL THE DISTURBANCE I/M
      STEPHENSON WAS CREATING. I/M STEPHENSON REQUESTED THAT THE
      CAMERA BE REVIEWED. BASED UPON REVIEW OF THE CAMERA OR
      REVIEW OF THE CAMERA PLACEMENT AND EQUIPMENT OPERATION, THE
      VIDEOTAPE DOES NOT PROVIDED EVIDENCE TO SUPPORT THE INMATE'S
      WRITTEN STATEMENT. THE CAMERA SHOWS SGT. THOMAS AT CELL
      FRONT AT TIME OF INCIDENT. CAMERA DOES NOT HAVE AUDIO AND
      DOES NOT FILM INSIDE CELL. ALL WITNESS STATEMENTS WERE READ
      AND CONSIDERED BY THE DISCIPLINARY HEARING TEAM. A COPY OF
      THE FINDINGS WAS PROVIDED TO I/M STEPHENSON LATER IN THE DAY
      AND HE WAS ADVISED THAT HE HAS FIFTEEN DAYS TO APPEAL THE
      TEAMS DECISION.

   ACTIONS TAKEN:
    DISCIPLINARY CONFINEMENT:   30; PROBATION DAYS SET:    0 CONSECUTIVE
    PRIVILEGE SUSP-OTHER        15; PROBATION DAYS SET:    0            ;

    RESTITUTION:       $.00; INDIV.REVIEW/COUNSEL?: N; CONFISCATE CONTRABAND?: N

    TEAM CHAIRMAN:   RTM16 - REYES,T.M.
    TEAM MEMBERS:    WA002 - WILLIAMS, A.               -
--------------------------------------------------------------------------------
--------------------------------------------------------------------------------
```

EXHIBIT

K-7

```
                        FLO...DA DEPARTMENT OF CORRECTIO..S          09/20/2007
  ISSO150 (01)            CHARGING DISCIPLINARY REPORT
                            LOG # 119-072364
-------------------------------------------------------------------------------
   DC#: 185325   INMATE NAME: STEPHENSON, CLARENCE F.         INFRACTION
   VIOLATION CODE: 0011   TITLE: ASSAULTS OR ATTEMPT          DATE: 09/17/07
   FACILITY CODE: 119   NAME: SANTA ROSA C.I.                 TIME: 09:56
-------------------------------------------------------------------------------
```

I.   STATEMENT OF FACTS
     INMATE STEPHENSON, CLARENCE DC#185325 IS BEING CHARGED WITH
     A VIOLATION OF FAC CHAPTER 33-601.314 RULES OF PROHIBITED
     CONDUCT. (1-1) ASSAULT OR ATTEMPTED ASSAULT.  ON SEPTEMBER
     17, 2007 I WAS ASSIGNED TO D-DORM AS CLOSE MANAGEMENT
     HOUSING SERGEANT. AT APPROXIMATELY 9:56AM INMATE STEPHENSON
     CLARENCE DC# 185325 HOUSED ALONE IN CELL D1108L ATTEMPTED TO
     STRIKE AND ASSAULT ME WITH A RAG THROUGH THE OPEN
     HANDCUFFING PORTAL ON HIS CELL DOOR. THE DORM LIEUTENANT,
     LIEUTENANT WALTER GIELOW, WAS PRESENT DURING THIS INCIDENT.
     CHEMICAL AGENTS HAD TO BE USED TO QUELL THE DISTURBANCE
     INMATE STEPHENSON WAS CREATING. THE DORM SUPERVISOR
     AUTHORIZED THIS REPORT. INMATE STEPHENSON WILL REMAIN IN HIS
     CURRENT STATUS PENDING DISCIPLINARY TEAM ACTION.


   REPORT WRITTEN: 09/17/07, AT 11:25   OFFICER: TSS09 - THOMAS, S. S.
-------------------------------------------------------------------------------

II.  INMATE NOTIFICATION OF CHARGES: DATE DELIVERED: _9_/_23_/_07_, AT _11:46am_

        NO HEARING SHALL COMMENCE PRIOR TO 24 HOURS OF DELIVERY OF CHARGES
        EXCEPT WHEN THE INMATE'S RELEASE DATE DOES NOT ALLOW TIME FOR SUCH
        NOTICE OR THE INMATE WAIVES THE 24 HOUR PERIOD AS AUTHORIZED IN RULE
        33-601, FLORIDA ADMINISTRATIVE CODE.

                    DELIVERED BY : _____
-------------------------------------------------------------------------------

   NOTICE TO INMATE:
   AS AN INMATE BEING CHARGED WITH A VIOLATION OF THE RULES OF PROHIBITED
   CONDUCT, YOU ARE ADVISED THE FOLLOWING:
-------------------------------------------------------------------------------

   INVESTIGATION:
   AN IMPARTIAL INVESTIGATION WILL BE CONDUCTED ON THIS DISCIPLINARY REPORT.
   DURING THE INVESTIGATION OF THE DISCIPLINARY REPORT, YOU WILL BE ADVISED
   OF THE CHARGES AGAINST YOU AND YOU MAY REQUEST STAFF ASSISTANCE. DURING
   THE INVESTIGATION YOU SHOULD MAKE KNOWN ANY WITNESSES TO THE INVESTIGATING
   OFFICER. THE TESTIMONY OF WITNESSES SHALL BE PRESENTED BY WRITTEN STATEMENTS.
   SEE RULE 33-601.307(3) FOR COMPLETE INFORMATION REGARDING WITNESSES. YOU WILL
   HAVE THE OPPORTUNITY TO MAKE A STATEMENT IN WRITING REGARDING THE CHARGE AND
   TO PROVIDE INFORMATION RELATING TO THE INVESTIGATION.
-------------------------------------------------------------------------------

   DELIVERY OF CHARGES:
   A COPY OF THE CHARGES WILL BE PROVIDED TO YOU AT LEAST 24 HOURS PRIOR
   TO THE CONVENING OF THE DISCIPLINARY HEARING UNLESS YOU WAIVE THE WAITING
   PERIOD. THE HEARING MAY BEGIN ANY TIME AFTER THE 24 HOUR PERIOD UNLESS
   YOU SIGN THE WAIVER.
-------------------------------------------------------------------------------

**EXHIBIT**

```
                            FLO..DA DEPARTMENT OF CORRECTIO.S         09/20/2007
` ISSO150 (01)              CHARGING DISCIPLINARY REPORT
                               LOG # 119-072364
-----------------------------------------------------------------------------
  DC#: 185325   INMATE NAME: STEPHENSON, CLARENCE F.              INFRACTION
  VIOLATION CODE:  0011   TITLE: ASSAULTS OR ATTEMPT             DATE: 09/17/07
  FACILITY CODE:  119    NAME:  SANTA ROSA C.I.                  TIME: 09:56
-----------------------------------------------------------------------------
```

DISCIPLINARY HEARING:
THE DECISION WILL BE MADE IN ADVANCE WHETHER THE HEARING WILL BE CONDUCTED
BY THE DISCIPLINARY TEAM OR THE HEARING OFFICER. YOU MAY REQUEST A HEARING
BY THE FULL DISCIPLINARY TEAM RATHER THAN THE HEARING OFFICER. YOU WILL
APPEAR IN PERSON BEFORE THE DISCIPLINARY TEAM/HEARING OFFICER UNLESS YOU
WAIVE THIS APPEARANCE BY SIGNING A WAIVER FORM. YOU WILL BE ADVISED OF
THE CHARGES PLACED AGAINST YOU AND THE RANGE OF PENALTY IF FOUND GUILTY.
YOU MAY REQUEST STAFF ASSISTANCE. THE CHAIRPERSON/HEARING OFFICER WILL READ
THE STATEMENT AND ASK YOU FOR YOUR PLEA. A GUILTY PLEA REQUIRES NO FURTHER
STATEMENT; HOWEVER, YOU MAY MAKE A STATEMENT FOR THE TEAM/HEARING OFFICER
TO CONSIDER. A NO CONTEST PLEA WILL BE TREATED AS A GUILTY PLEA. A REFUSAL
TO ENTER A PLEA WILL BE TREATED AS A NOT GUILTY PLEA. IF YOU ENTER A NOT
GUILTY PLEA, YOU WILL BE ALLOWED TO MAKE A STATEMENT ON YOUR OWN BEHALF,
PRESENT EVIDENCE AND REQUEST STAFF OR INMATE WITNESSES AS DEEMED APPROPRIATE
BY THE TEAM/HEARING OFFICER. AFTER THE TEAM/HEARING OFFICER HAS MADE A
DECISION, YOU WILL BE ADVISED VERBALLY AND IN WRITING AS TO THE DECISION AND
THE EVIDENCE RELIED UPON IN MAKING THAT DECISION. IF YOU ARE FOUND GUILTY, YOU
WILL BE ADVISED VERBALLY AND IN WRITING AS TO THE RECOMMENDED PENALTY.
-----------------------------------------------------------------------------

APPEAL:
IF YOU ARE FOUND GUILTY, YOU MAY APPEAL THIS DECISION BY FILING A
FORMAL GRIEVANCE WITH THE WARDEN OF YOUR FACILITY WITHIN 15 DAYS OF
THE RECEIPT OF WRITTEN NOTICE OF THE TEAM/HEARING OFFICERS DECISION.
FOR INFORMATION REGARDING THE RULES ON DISCIPLINE, REFER TO: 33-601, F. A. C.

| Disciplinary Report Worksheet | | |
|---|---|---|
| **State of Florida** | Log # 119-07236-1 | **Department of Corrections** |

**I.    Identifying Inmate Information**

DC # __185325__    Inmate Name ___Stephenson, Clarence___

Violation Code and Short Title  1-1 Assault or attempted assault

Facility Name ____SARCI____                                        Facility Code ___119___
Infraction Date 09/17/2007 Date Report Written 09/17/2007 Inmate Housing Assignment 1108L
Inmate Work/Program Assignment _____ N/A

**II.    Statement of Facts** (Include date, time, place, circumstances, evidence, and witnesses)

Inmate Stephenson, Clarence DC#185325 is being charged with a violation of FAC chapter 33-601.314 rules of

prohibited conduct. (1-1) Assault or attempted Assault

On September 17, 2007 I was assigned to D-dorm as Close Management Housing Sergeant. At approximately

9:56am Inmate Stephenson Clarence DC# 185325 housed alone in cell D1108L Attempted to strike and assault

me with a rag through the open handcuffing portal on his cell door. The dorm Lieutenant, Lieutenant Walter

Gielow, was present during this incident. Chemical Agents had to be used to quell the disturbance Inmate

Stephenson was creating. The dorm supervisor authorized this report. Inmate Stephenson will remain in his

current status pending disciplinary team action.

Date Report Written ____September 17, 2007 _____ at  11:25 _ AM ☒/PM☐

Signature of Reporting Officer
Name and Position (print) _____ Sergeant Steven Thomas

**III.    Review of Disciplinary Report:**        Approved  ☒    Disapproved  ☐

Supervisor's Signature _____ Lieutenant Walter Gielow
Printed Name and Position _____ W Gielow
Date Report Reviewed _____ September 17, 2007 ____ at ___11:45 am ____ AM/PM

DC6-112F Revised (5-00)

L-2

**Disciplinary Investigative Report**

State of Florida      Log #  119-072364      **Department of Corrections**

DC#  185325      Inmate Name **Stephenson, Clarence**
Date Report Written ...... 09/17/2007 ........ at  09:56  AM/PM
Date Investigation Began ......... 09/17/2007 ....... at  12:00  AM/PM
(Use ball point pen, blue or black ink, when completing this form)

| I. | **Staff Assistance Offered:** | Declined ☒ | Accepted ☐ | **Provided** | Yes ☐ No ☐ |

Im declined

| II. | **Charged Inmate's Version of Infraction:** | Date 9/23/07 at  11:44  AM/PM |

IM provided statent

| III. | **Charging Staff Member Interview:** | Date 9/17/07 , at  12:00  AM/PM |

Sergeant S. Thomas stated his statements on the DC6-112f is true and accurrate as written.

| IV. | **Charging Staff/Pertinent individual(s) Interview(s):** _____ |

Done

| V. | **Other Inmate(s) Interview(s):** _____ |

Une

| VI. | **Explanation of Witness Statement Forms Not Completed and/or Other Interviews Not Completed:** |

None

| VII. | **Explanation of Delay(s) at Any Stage of Investigation:** |

None

| VIII. | **Evidence; Other Included Reports; Other Information:** |

DC6-2098

Signature of Investigating Officer:  Sgt. C. Phillips
Legibly Printed Name:  Sgt. C. Given

Date Investigation Completed:  9-23-07      Report Continued:  Yes ☐ No ☑

DC6-112A (Revised 5-00)      Original: Inmate File      Pink: Central Office



EXHIBIT
L-3

**Witness Statement**

| State of Florida | Log# 119-072364 | Department of Corrections |
|---|---|---|

DC # 185325 Inmate Name **Stephenson, Clarence** Facility **SARCI 119**

Violation Code and Short Title **1-1 Assaults or Attempt**

Date Report Written **09/17/2007** Date of Hearing

**I.** **Notice to Inmate:** The following shall be read to the charged inmate by the Investigating Officer:

"The charged inmate shall indicate whether he has any material witnesses. In the event that you have material witnesses, they must be listed below. Failure to complete and sign Section II of this form will result in a waiver of the opportunity to call witnesses either live or by written statement."

As a rule the testimony of inmate witnesses will be presented by written statements instead of witnesses appearing at the hearing. Multiple disciplinary hearings are often held at one time and limited staffing prohibits the routine retrieval and escort of inmate witnesses to the hearing and back to assignments. Further, written statements minimize the disruption of work and program assignments of inmate witnesses. A request for live testimony for witnesses not listed below must be made at the hearing and supported by cause sufficient to overcome the concerns noted above."

**II.** **Inmate Witnesses:** I do not have any witnesses ☒ I do have witnesses listed below ☐

| Name of Witness | DC6-112C Read YES/NO | Witness Requested To Appear YES/NO | Reason Witness Requested to Appear | Disposition |
|---|---|---|---|---|
| 1. | ☐/☐ | ☐/☐ | | |
| 2. | ☐/☐ | ☐/☐ | | |
| 3. | ☐/☐ | ☐/☐ | | |
| 4. | ☐/☐ | ☐/☐ | | |
| 5. | ☐/☐ | ☐/☐ | | |
| 6. | ☐/☐ | ☐/☐ | | |
| 7. | ☐/☐ | ☐/☐ | | |
| 8. | ☐/☐ | ☐/☐ | | |
| 9. | ☐/☐ | ☐/☐ | | |
| 10. | ☐/☐ | ☐/☐ | | |

Signature of Inmate *Clarence Stephenson*

Signature and Title of Investigating Officer

**III.** **Investigating Officer Witnesses:** Witnesses determined relevant during the investigation and not requested by charged inmate.

| Name of Witness | DC6-112C Read YES/NO | Witness Requested To Appear YES/NO | Reason Witness Requested to Appear | Disposition |
|---|---|---|---|---|
| 1. | ☐/☐ | ☐/☐ | | |
| 2. | ☐/☐ | ☐/☐ | | |
| 3. | ☐/☐ | ☐/☐ | | |
| 4. | ☐/☐ | ☐/☐ | | |
| 5. | ☐/☐ | ☐/☐ | | |
| 6. | ☐/☐ | ☐/☐ | | |

**IV.** **Witnesses Requested at Hearing:** Witnesses requested by inmate, Team, or Hearing Officer in addition to those inmates already identified in Section II or III above.

| Name of Witness | DC6-112C Read YES/NO | Witness Requested To Appear YES/NO | Reason Witness Requested to Appear | Disposition |
|---|---|---|---|---|
| 1. | ☐/☐ | ☐/☐ | | |
| 2. | ☐/☐ | ☐/☐ | | |
| 3. | ☐/☐ | ☐/☐ | | |
| 4. | ☐/☐ | ☐/☐ | | |

Continued Comments (indicate Section # and Witness #):

_____

| Team Member Signature | Team Member Signature *L T A Will* | Team Chairman/Hearing Officer Signature |
|---|---|---|
| Printed/Typed Name | Printed/Typed Name *L T A Williams* | Printed/Typed Name |

DC6-112B (Revised 5-00)     Original: Inmate File     Pink: Central

**EXHIBIT**

|  |  | **Witness Statement** |  |
|---|---|---|---|
| State of Florida | | Log#   119-072364 | Department of Corrections |

**I.    Identifying Inmate Information**

DC #    **185325**    Inmate Name **Stephenson, Clarence**
Violation Code and Short Title    **1-1 Assaults or Attempt**
Date Report Written    **09/17/2007**

**II.    Witness**

☐    Staff Member:  Name and Position    _____
☐    Other Individual:  Name    _____
☑    Inmate:    DC# **185325**    Name **Stephenson, Clarence**

**III.    Voluntary Refusal**

*The witness voluntarily refused to provide a written statement to the Investigating Officer and the following signature(s) attests to that fact:*

Witness Signature _____    Date_____
Signature of Investigating Officer_____    Date_____

**IV.    Statement**

This is all in Retaliation of grievances being filed against the staffs at Santa Rosa C.I. I was the one being assaulted with chemical Agents while being unclothes. How Can I assault any one with a rag outside my cell door. No officer is allowed to stick his hands inside my flap. The rule requires that the inmate must stick both hands out to be cuffed. I was not being cuffed at 9:56 A.M.

Witness Signature *Clarence Stephenson*    Date **9-23-07**
Signature of Investigating Officer *Sgt. O. Gwin*    Date **9-23-07**

DC6-112C (Revised 5-00)    Original:  Inmate File    Copy:  Central Office


EXHIBIT
L-5

| | Witness Statement | |
|---|---|---|
| **State of Florida** | **Log #** IM-07231d | **Department of Corrections** |

**I.   Identifying Inmate Information**

DC # 165325   Inmate Name Stephenson, C.

Violation Code and Short Title 1-1 Assault or A+t

Use of Force # _____

Date Report Written _____

**II.   Witness**

☒   Staff Member: Name and Position Lt. W. Dulou

☐   Other Individual: Name_____

☐   Inmate:   DC #_____   Name_____

**III.   Voluntary Refusal**

*The witness voluntarily refused to provide a written statement to the Investigating Officer and the following signature(s) attests to that fact:*

Witness Signature _____   Date_____

Signature of Investigating Officer_____   Date_____

**IV.   Statement**

Via telephone. On Sept. 17. 2007, I

was present + observed I/M Stephenson

attempting to strike Sgt. Thomas

with a rag through the open

handcuff portal.

Witness Signature W Julow J.V.   Date 9.25.07

Signature of Investigating Officer _____   Date 9-25.07

DC6-112C (Revised 8/06)          Original: Inmate File          Copy: Central Office


**EXHIBIT**
L-6

Documentary or Physical Evidence Disposition

**State of Florida**     Log #  119-072364

| | |
|---|---|
| DC#:  185325    Inmate Name:  **Stephenson, Clarence** | Facility:  **119- Santa Rosa CI** |

Violation Code and Short Title:    **1-1 Assaults or Attempt**

Date Report Written:    **09/17/2007**      Date of Hearing: _____ 9-25-07

**I.**    **Notice to Inmate:** The following shall be read to the charged inmate by the Investigating Officer:

The charged inmate shall identify any documentary or physical evidence that he wants considered. In the event that you have evidence that you want considered, it must be listed below.  Failure to complete and sign Section II of this form will result in a waiver of the opportunity to have documentary or physical evidence presented at hearing. If the evidence is a videotape, the investigator will determine whether the tape described will provide evidence to support the inmate's statement.

**II.**    **Inmate Evidence:**   I do not have any evidence ☐     I do have evidence, listed below ☒

| Identification of evidence | Reason Evidence Requested | Disposition |
|---|---|---|
| 1. FIXED WING Camera | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |
| 9. | | |
| 10. | | |

**For videotape/audiotape evidence only:**

**Inmate Identification of videotape/audiotape:**

videotape
_____

**Inmate Description of what tape will show:** The Tape will show that I was being assaulted
**(Inmate's version in his own handwriting)** by Sgt. Thomas with chemical agents which while
I only had and only wearing (1) pair of boxers short at 9:56 a.m. He had
no reason to be at my cell.

Signature of Inmate    Clarence Stephenson

**Summary of disposition of videotape/audiotape:**

Based upon review of the identified tape or the capabilities of the particular taping equipment, the tape requested

_____ provides evidence to support the inmate's statement

_____ does not provide evidence to support the inmate's statement.

Signature and Title of Investigating Officer    Sgt. G. Hailo

**III.**    **Investigating Officer Evidence:** Evidence determined relevant during the investigation and not requested by charged inmate.

| Identification of evidence | Reason Evidence Requested | Disposition |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |

EXHIBIT
L-7

DC6-151 (3-05)     Original: Inmate File     Pink: Central Office

IV.   Evidence Requested at Hearing: Evidence requested by inmate, team, or hearing Officer in addition to evidence already identified in Section II or III above.

Identification of evidence                    Reason Evidence Requested        Disposition

1. _____        _____        _____
2. _____        _____        _____
3. _____        _____        _____
4. _____        _____        _____

Continued Comments (indicate Section # and Evidence #): _____

_____

_____

_____

_____        _LT A Will_____        _____Reyes CSO____
Team Member Signature            Team Member Signature            Team Chairman/Hearing Officer Signature

_____        _LT A Williams_____        ____Reyes_____
Printed/Typed Name               Printed/Typed Name               Printed/Typed Name

```
                         FLORIDA DEPARTMENT OF CORRECTIONS            09/25/07
    ISSO158 (14)             DISCIPLINARY REPORT                     PAGE   1
                             HEARING INFORMATION
                             LOG # 119-072364
------------------------------------------------------------------------------
    DC#: 185325   INMATE NAME: STEPHENSON, CLARENCE F.          INFRACTION
    VIOLATION CODE:  0011    TITLE: ASSAULTS OR ATTEMPT         DATE: 09/17/07
    FACILITY CODE:  119    NAME:  SANTA ROSA C.I.               TIME: 09:56
------------------------------------------------------------------------------
             TEAM    FINDINGS AND ACTION   DATE: 09/25/07, AT: 08:00
          INMATE OFFERED STAFF ASSISTANCE: DECLINED
          INMATE PLEA: NOT GUILTY    FINDINGS: GUILTY
          INMATE PRESENT: YES
    POSTPONEMENT:
    BASIS FOR DECISION:
          BASED IN PART ON THE WRITTEN STATEMENT OF SGT. THOMAS AND
          CONFIRMED IN THE INVESTIGATION THAT ON 09/17/07 AT APPROX.
          9:56 A.M., I/M STEPHENSON, CLARENCE DC# 185325 COMMITTED
          ASSAULT OR ATTEMPTED ASSAULT WHEN HE ATTEMPTED TO STRIKE AND
          ASSAULT SGT. THOMAS WITH A RAG THROUGH THE OPEN HANDCUFFING   .
          PORTAL ON HIS CELL DOOR. CHEMICAL AGENTS HAD TO BE USED TO
          QUELL THE DISTURBANCE I/M STEPHENSON WAS CREATING. I/M
          STEPHENSON REQUESTED THAT THE CAMERA BE REVIEWED. BASED UPON
          REVIEW OF THE CAMERA OR REVIEW OF THE CAMERA PLACEMENT AND
          EQUIPMENT OPERATION, THE VIDEOTAPE DOES NOT PROVIDED
          EVIDENCE TO SUPPORT THE INMATE'S WRITTEN STATEMENT. ALL
          WITNESS STATEMENTS AND EVIDECEN WERE READ AND CONSIDERED BY
          THE DISCIPLINARY HEARING TEAM. A COPY OF THE FINDINGS WAS
          PROVIDED TO I/M STEPHENSON LATER IN THE DAY AND HE WAS
          ADVISED THAT HE HAS FIFTEEN DAYS TO APPEAL THE TEAMS
          DECISION.

    ACTIONS TAKEN:
      DISCIPLINARY CONFINEMENT:   60; PROBATION DAYS SET:   0 CONSECUTIVE

      RESTITUTION:        $.00; INDIV.REVIEW/COUNSEL?: N; CONFISCATE CONTRABAND?: N

      TEAM CHAIRMAN:   RTM16 - REYES,T.M.
      TEAM MEMBERS:    WA002 - WILLIAMS, A.                -
------------------------------------------------------------------------------
------------------------------------------------------------------------------
```



EXHIBIT
L-8

ISS0150 (01)

FLORIDA DEPARTMENT OF CORRECTIONS
CHARGING DISCIPLINARY REPORT
LOG # 119-072365

09/20/2007

----------------------------------------------------------------------

DC#: 185325    INMATE NAME: STEPHENSON, CLARENCE F.
VIOLATION CODE:  0934    TITLE: TAMPER W/SAFETY DEV
FACILITY CODE:  119    NAME: SANTA ROSA C.I.

INFRACTION
DATE: 09/17/07
TIME: 09:32

----------------------------------------------------------------------

I.    STATEMENT OF FACTS
      INMATE STEPHENSON, CLARENCE DC#185325 IS BEING CHARGED WITH
      A VIOLATION OF FAC CHAPTER 33-601.314 RULES OF PROHIBITED
      CONDUCT. (9-34) TAMPERING WITH FIRE SAFETY DEVICE.  ON
      SEPTEMBER 17, 2007 I WAS ASSIGNED TO D-DORM AS CLOSE
      MANAGEMENT HOUSING SERGEANT. AT APPROXIMATELY 9:32AM INMATE
      STEPHENSON CLARENCE DC# 185325 HOUSED ALONE IN CELL D1108L
      DESTROYED THE SPRINKLER HEAD WITHIN HIS CELL. CAUSING THE
      CELL TO FLOOD WITH WATER. THE APPROXIMATE COST FOR THE
      SPRINKLER HEAD IS $35.00 DOLLARS. I ADVISED THE DORM
      LIEUTENANT OF THE SITUATION. CHEMICAL AGENTS HAD TO BE USED
      TO QUELL THE DISTURBANCE INMATE STEPHENSON WAS CREATING. THE
      DORM SUPERVISOR AUTHORIZED THIS REPORT. INMATE STEPHENSON
      WILL REMAIN IN HIS CURRENT STATUS PENDING DISCIPLINARY TEAM
      ACTION.


      REPORT WRITTEN: 09/17/07, AT 11:20    OFFICER: TSS09 - THOMAS, S. S.
----------------------------------------------------------------------

II.   INMATE NOTIFICATION OF CHARGES: DATE DELIVERED: _9_/_23_/_07_, AT _11_:_55A_

          NO HEARING SHALL COMMENCE PRIOR TO 24 HOURS OF DELIVERY OF CHARGES
          EXCEPT WHEN THE INMATE'S RELEASE DATE DOES NOT ALLOW TIME FOR SUCH
          NOTICE OR THE INMATE WAIVES THE 24 HOUR PERIOD AS AUTHORIZED IN RULE
          33-601, FLORIDA ADMINISTRATIVE CODE.

               DELIVERED BY : _Sgt_ - _S. Huver_
----------------------------------------------------------------------

      NOTICE TO INMATE:
      AS AN INMATE BEING CHARGED WITH A VIOLATION OF THE RULES OF PROHIBITED
      CONDUCT, YOU ARE ADVISED THE FOLLOWING:
----------------------------------------------------------------------

      INVESTIGATION:
      AN IMPARTIAL INVESTIGATION WILL BE CONDUCTED ON THIS DISCIPLINARY REPORT.
      DURING THE INVESTIGATION OF THE DISCIPLINARY REPORT, YOU WILL BE ADVISED
      OF THE CHARGES AGAINST YOU AND YOU MAY REQUEST STAFF ASSISTANCE. DURING
      THE INVESTIGATION YOU SHOULD MAKE KNOWN ANY WITNESSES TO THE INVESTIGATING
      OFFICER. THE TESTIMONY OF WITNESSES SHALL BE PRESENTED BY WRITTEN STATEMENTS.
      SEE RULE 33-601.307(3) FOR COMPLETE INFORMATION REGARDING WITNESSES. YOU WILL
      HAVE THE OPPORTUNITY TO MAKE A STATEMENT IN WRITING REGARDING THE CHARGE AND
      TO PROVIDE INFORMATION RELATING TO THE INVESTIGATION.
----------------------------------------------------------------------



EXHIBIT
M

FLORIDA DEPARTMENT OF CORRECTIONS                          09/20/2007
ISSO150 (01)                  CHARGING DISCIPLINARY REPORT
                                  LOG # 119-072365

--------------------------------------------------------------------------------
   DC#: 185325   INMATE NAME: STEPHENSON, CLARENCE F.              INFRACTION
   VIOLATION CODE: 0934   TITLE: TAMPER W/SAFETY DEV              DATE: 09/17/07
   FACILITY CODE: 119      NAME: SANTA ROSA C.I.                  TIME: 09:32
--------------------------------------------------------------------------------

   DELIVERY OF CHARGES:
   A COPY OF THE CHARGES WILL BE PROVIDED TO YOU AT LEAST 24 HOURS PRIOR
   TO THE CONVENING OF THE DISCIPLINARY HEARING UNLESS YOU WAIVE THE WAITING
   PERIOD. THE HEARING MAY BEGIN ANY TIME AFTER THE 24 HOUR PERIOD UNLESS
   YOU SIGN THE WAIVER.
--------------------------------------------------------------------------------

   DISCIPLINARY HEARING:
   THE DECISION WILL BE MADE IN ADVANCE WHETHER THE HEARING WILL BE CONDUCTED
   BY THE DISCIPLINARY TEAM OR THE HEARING OFFICER. YOU MAY REQUEST A HEARING
   BY THE FULL DISCIPLINARY TEAM RATHER THAN THE HEARING OFFICER. YOU WILL
   APPEAR IN PERSON BEFORE THE DISCIPLINARY TEAM/HEARING OFFICER UNLESS YOU
   WAIVE THIS APPEARANCE BY SIGNING A WAIVER FORM. YOU WILL BE ADVISED OF
   THE CHARGES PLACED AGAINST YOU AND THE RANGE OF PENALTY IF FOUND GUILTY.
   YOU MAY REQUEST STAFF ASSISTANCE. THE CHAIRPERSON/HEARING OFFICER WILL READ
   THE STATEMENT AND ASK YOU FOR YOUR PLEA. A GUILTY PLEA REQUIRES NO FURTHER
   STATEMENT; HOWEVER, YOU MAY MAKE A STATEMENT FOR THE TEAM/HEARING OFFICER
   TO CONSIDER. A NO CONTEST PLEA WILL BE TREATED AS A GUILTY PLEA. A REFUSAL
   TO ENTER A PLEA WILL BE TREATED AS A NOT GUILTY PLEA. IF YOU ENTER A NOT
   GUILTY PLEA, YOU WILL BE ALLOWED TO MAKE A STATEMENT ON YOUR OWN BEHALF,
   PRESENT EVIDENCE AND REQUEST STAFF OR INMATE WITNESSES AS DEEMED APPROPRIATE
   BY THE TEAM/HEARING OFFICER. AFTER THE TEAM/HEARING OFFICER HAS MADE A
   DECISION, YOU WILL BE ADVISED VERBALLY AND IN WRITING AS TO THE DECISION AND
   THE EVIDENCE RELIED UPON IN MAKING THAT DECISION. IF YOU ARE FOUND GUILTY, YOU
   WILL BE ADVISED VERBALLY AND IN WRITING AS TO THE RECOMMENDED PENALTY.
--------------------------------------------------------------------------------

   APPEAL:
   IF YOU ARE FOUND GUILTY, YOU MAY APPEAL THIS DECISION BY FILING A
   FORMAL GRIEVANCE WITH THE WARDEN OF YOUR FACILITY WITHIN 15 DAYS OF
   THE RECEIPT OF WRITTEN NOTICE OF THE TEAM/HEARING OFFICERS DECISION.
   FOR INFORMATION REGARDING THE RULES ON DISCIPLINE, REFER TO: 33-601, F. A. C.

| Disciplinary Report Worksheet | | |
|---|---|---|
| **State of Florida** | Log # 119-072365 | **Department of Corrections** |

**I.   Identifying Inmate Information**

DC # __185325__    Inmate Name ___Stephenson, Clarence___

Violation Code and Short Title  9-34 Tampering with Fire Safety Device _____.

Facility Name ___SARCI___                               Facility Code ___119___
Infraction Date 09/17/2007 Date Report Written 09/17/2007 Inmate Housing Assignment 1108L
Inmate Work/Program Assignment _____ N/A _____

**II.   Statement of Facts** (Include date, time, place, circumstances, evidence, and witnesses)

Inmate Stephenson, Clarence DC#185325 is being charged with a violation of FAC chapter 33-601.314 rules of

prohibited conduct. (9-34) Tampering with Fire Safety Device. On September 17, 2007 I was assigned to D-

dorm as Close Management Housing Sergeant. At approximately 9:32am Inmate Stephenson Clarence DC#

185325 housed alone in cell D1108L destroyed the sprinkler head within his cell. Causing the cell to flood with

water. The approximate cost for the sprinkler head is $35.00 dollars. I advised the dorm Lieutenant of the

situation. Chemical Agents had to be used to quell the disturbance Inmate Stephenson was creating. The dorm

supervisor authorized this report. Inmate Stephenson will remain in his current status pending disciplinary team

action. _____

_____

_____

_____

_____

_____

_____

_____

_____

Date Report Written ____September 17, 2007_____ at 11:20 __ AM ☒/PM☐

Signature of Reporting Officer
Name and Position (print)              Sergeant Steven Thomas

**III.   Review of Disciplinary Report:**          Approved ☒     Disapproved ☐

Supervisor's Signature                  Lieutenant Walter Gielow
Printed Name and Position               W. Qielon
Date Report Reviewed                    September 17, 2007          at  11:45 am     AM/PM

DC6-112F Revised (5-00)

M-2

| State of Florida | Disciplinary Investigative Report<br>Log # 119-072365 | Department of Corrections |
|---|---|---|

DC# 185325    Inmate Name **Stephenson, Clarence**
Date Report Written                    09/17/2007                    at        09:32   AM/PM
Date Investigation Began               09/17/2007                    at        12:00   AM/PM
(Use ball point pen, blue or black ink, when completing this form)

**I.**  Staff Assistance Offered:    Declined ☒    Accepted ☐    Provided    Yes ☐ No ☐

*Im declined*

**II.**  Charged Inmate's Version of Infraction:        Date *9-23-07*   at   *11:5.5* AM/PM

*Im provided Statent*

**III.**  Charging Staff Member Interview:        Date 9/17/07   at   12:00   AM/PM
Sergeant S. Thomas stated his statements on the DC6-112f is true and accurrate as written.

**IV.**  Charging Staff/Pertinent individual(s) Interview(s):

*NA*

**V.**  Other Inmate(s) Interview(s):

*NA*

**VI.**  Explanation of Witness Statement Forms Not Completed and/or Other Interviews Not Completed:

*NA*

**VII.**  Explanation of Delay(s) at Any Stage of Investigation:

*NA*

**VIII.**  Evidence; Other Included Reports; Other Information:

*DC6-2028*

Signature of Investigating Officer: _____
Legibly Printed Name: *SGT. E. GIVEN*

Date Investigation Completed: *9-23-07*        Report Continued:    Yes ☐  No ☑

DC6-112A (Revised 5-00)        Original: Inmate File        Pink: Central Office


EXHIBIT
M-3

| | | **Witness Statement** | | **Department of Corrections** |
| State of Florida | | Log#    119-072365 | | |

| DC #    185325    Inmate Name Stephenson, Clarence | | Facility SARCI 119 |
| Violation Code and Short Title    1-1 Assaults or Attempt | | |
| Date Report Written    09/17/2007 | | Date of Hearing    9-25-07 |

**I.  Notice to Inmate:**  The following shall be read to the charged inmate by the Investigating Officer:

"The charged inmate shall indicate whether he has any material witnesses.  In the event that you have material witnesses, they must be listed below.  Failure to complete and sign Section II of this form will result in a waiver of the opportunity to call witnesses either live or by written statement."

As a rule the testimony of inmate witnesses will be presented by written statements instead of witnesses appearing at the hearing.  Multiple disciplinary hearings are often held at one time and limited staffing prohibits the routine retrieval and escort of inmate witnesses to the hearing and back to assignments.  Further, written statements minimize the disruption of work and program assignments of inmate witnesses.  A request for live testimony for witnesses not listed below must be made at the hearing and supported by cause sufficient to overcome the concerns noted above."

**II.  Inmate Witnesses:** I do not have any witnesses  ☒      I do have witnesses listed below  ☐

| Name of Witness | DC6-112C Read YES/NO | Witness Requested To Appear YES/NO | Reason Witness Requested to Appear | Disposition |
|---|---|---|---|---|
| 1. | ☐/☐ | ☐/☐ | | |
| 2. | ☐/☐ | ☐/☐ | | |
| 3. | ☐/☐ | ☐/☐ | | |
| 4. | ☐/☐ | ☐/☐ | | |
| 5. | ☐/☐ | ☐/☐ | | |
| 6. | ☐/☐ | ☐/☐ | | |
| 7. | ☐/☐ | ☐/☐ | | |
| 8. | ☐/☐ | ☐/☐ | | |
| 9. | ☐/☐ | ☐/☐ | | |
| 10. | ☐/☐ | ☐/☐ | | |

Signature of Inmate    Clarence Stephenson

Signature and Title of Investigating Officer    Sgt. G. Guider

**III.  Investigating Officer Witnesses:**  Witnesses determined relevant during the investigation and not requested by charged inmate.

| Name of Witness | DC6-112C Read YES/NO | Witness Requested To Appear YES/NO | Reason Witness Requested to Appear | Disposition |
|---|---|---|---|---|
| 1. | ☐/☐ | ☐/☐ | | |
| 2. | ☐/☐ | ☐/☐ | | |
| 3. | ☐/☐ | ☐/☐ | | |
| 4. | ☐/☐ | ☐/☐ | | |
| 5. | ☐/☐ | ☐/☐ | | |
| 6. | ☐/☐ | ☐/☐ | | |

**IV.  Witnesses Requested at Hearing:**  Witnesses requested by inmate, Team, or Hearing Officer in addition to those inmates already identified in Section II or III above.

| Name of Witness | DC6-112C Read YES/NO | Witness Requested To Appear YES/NO | Reason Witness Requested to Appear | Disposition |
|---|---|---|---|---|
| 1. | ☐/☐ | ☐/☐ | | |
| 2. | ☐/☐ | ☐/☐ | | |
| 3. | ☐/☐ | ☐/☐ | | |
| 4. | ☐/☐ | ☐/☐ | | |

Continued Comments (Indicate Section # and Witness #): 

| Team Member Signature | Team Member Signature | Team Chairman/Hearing Officer Signature |
| LT A. Williams | LT A. Williams | Keyes |
| Printed/Typed Name | Printed/Typed Name | Printed/Typed Name |

DC6-112B (Revised 5-00)        Original: Inmate File        Pink: Central Office

**EXHIBIT**
m-4

| | **Witness Statement** | |
|---|---|---|
| State of Florida | Log# 119-072365 | Department of Corrections |

**I.**    **Identifying Inmate Information**

DC #   185325     Inmate Name Stephenson, Clarence
Violation Code and Short Title    1-1 Assaults or Attempt
Date Report Written     09/17/2007

**II.**    **Witness**

☐   Staff Member: Name and Position
☐   Other Individual: Name
☑   Inmate:   DC# 185325    Name Stephenson, Clarence

**III.**   **Voluntary Refusal**

*The witness voluntarily refused to provide a written statement to the Investigating
Officer and the following signature(s) attests to that fact:*

Witness Signature _____   Date_____
Signature of Investigating Officer_____   Date_____

**IV.**    **Statement**

This is in Retaliation of grievances being filed against staffs
hear at Santa Rosa C.I. I was in my cell when sgt. Thomas open
my flap and spraid chemical Agents all in my face and groin Area, At
9:32 a.m. He had no reason for doing that.

Witness Signature *Clarence Stephenson*   Date 9-23-07
Signature of Investigating Officer *Sgt. T. Newton*   Date 9-23-07

DC6-112C (Revised 5-00)     Original: Inmate File     Copy: Central Office

EXHIBIT
M-5

Documentary or Physical Evidence Disposition

State of Florida     Log # _119-072365_

| DC#: 185325 | Inmate Name: Stephenson, Clarence | Facility: 119- Santa Rosa CI |
|---|---|---|
| Violation Code and Short Title: | 9-34 Tamper w/Security Device | 9-25-07 |
| Date Report Written: 09/17/2007 | Date of Hearing: | |

**I.**    **Notice to Inmate:** The following shall be read to the charged inmate by the Investigating Officer:

The charged inmate shall identify any documentary or physical evidence that he wants considered. In the event that you have evidence that you want considered, it must be listed below. Failure to complete and sign Section II of this form will result in a waiver of the opportunity to have documentary or physical evidence presented at hearing. If the evidence is a videotape, the investigator will determine whether the tape described will provide evidence to support the inmate's statement.

**II.**    **Inmate Evidence:**   I do not have any evidence ☐      I do have evidence, listed below ☒

| Identification of evidence | Reason Evidence Requested | Disposition |
|---|---|---|
| 1. Fixed Wing Camera | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |
| 9. | | |
| 10. | | |

**For videotape/audiotape evidence only:**

**Inmate Identification of videotape/audiotape:**

\_\_\_\_

**Inmate Description of what tape will show:**   The camera will show that I was being
_(Inmate's version in his own handwriting)_   gassed with Chemical agents by Sgt. Thomas
and he spraid a whole can into my face and
groin Area.

Signature of Inmate   _Clarence Stephinson_

**Summary of disposition of videotape/audiotape:**

Based upon review of the identified tape or the capabilities of the particular taping equipment, the tape requested

\_\_\_\_ provides evidence to support the inmate's statement

\_\_\_\_ does not provide evidence to support the inmate's statement

Signature and Title of Investigating Officer   _Sgt. G. Lewis_

**III.**    **Investigating Officer Evidence:** Evidence determined relevant during the investigation and not requested by charged inmate.

| Identification of evidence | Reason Evidence Requested | Disposition |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |

DC6-151 (3-05)         Original: Inmate File         Pink: Central Office



EXHIBIT
M-6

IV.   **Evidence Requested**:   **Hearing**: Evidence requested by inmate   eam, or Hearing Officer in addition
to evidence already identified in Section II or III above.

| Identification of evidence | Reason Evidence Requested | Disposition |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |

Continued Comments (indicate Section # and Evidence #): _____

_____

_____

_____

| Team Member Signature | Team Member Signature | Team Chairman/Hearing Officer Signature |
|---|---|---|
| Printed/Typed Name | Printed/Typed Name | Printed/Typed Name |

```
                              FLORIDA DEPARTMENT OF CORRECTIONS              09/25/07
         ISSO158 (14)              DISCIPLINARY REPORT                       PAGE   1
                                   HEARING INFORMATION
                                   LOG # 119-072365
--------------------------------------------------------------------------------
   DC#: 185325    INMATE NAME: STEPHENSON, CLARENCE F.            INFRACTION
   VIOLATION CODE:  0934    TITLE: TAMPER W/SAFETY DEV            DATE: 09/17/07
   FACILITY CODE: 119    NAME:  SANTA ROSA C.I.                  TIME: 09:32
--------------------------------------------------------------------------------
           TEAM    FINDINGS AND ACTION   DATE: 09/25/07, AT: 08:04
        INMATE OFFERED STAFF ASSISTANCE: DECLINED
        INMATE PLEA: NOT GUILTY    FINDINGS: GUILTY
        INMATE PRESENT: YES
     POSTPONEMENT:
     BASIS FOR DECISION:
           BASED IN PART ON THE WRITTEN STATEMENT OF SGT. THOMAS AND
           CONFIRMED IN THE INVESTIGATION THAT ON 09/17/07 AT APPROX.
           9:32 A.M., I/M STEPHENSON, CLARENCE DC# 185325 TAMPERED WITH
           SAFETY DEVICE WHEN HE DESTROYED THE SPRINKLER HEAD WITHIN
           HIS CELL CAUSING THE CELL TO FLOOD WITH WATER. THE
           APPROXIMATE COST FOR THE SPRINKLER HEAD IS $35.00. CHEMICAL
           AGENTS HAD TO BE USED TO QUELL THE DISTURBANCE I/M
           STEPHENSON WAS CREATING. I/M STEPHENSON REQUESTED THAT THE
           CAMERA BE REVIEWED. BASED UPON REVIEW OF THE CAMERA OR
           REVIEW OF THE CAMERA PLACEMENT AND EQUIPMENT OPERATION, THE
           VIDEOTAPE DOES NOT PROVIDE EVIDENCE TO SUPPORT THE INMATE'S
           WRITTEN STATEMENT. THE CAMERA SHOWS WATER GUSHING OUT FROM
           UNDER CELL DOOR D1108. ALL WITNESS STATEMENTS AND EVIDENCE
           WERE READ AND CONSIDERED BY THE DISCIPLINARY HEARING TEAM. A
           COPY OF THE FINDINGS WAS PROVIDED TO I/M STEPHENSON LATER
           IN THE DAY AND HE WAS ADVISED THAT HE HAS FIFTEEN DAYS TO
           APPEAL THE TEAMS DECISION.

     ACTIONS TAKEN:
       DISCIPLINARY CONFINEMENT:   60; PROBATION DAYS SET:   0 CONSECUTIVE

       RESTITUTION:      $35.00; INDIV.REVIEW/COUNSEL?: N; CONFISCATE CONTRABAND?: N

       TEAM CHAIRMAN:   RTM16 - REYES,T.M.
       TEAM MEMBERS:    WA002 - WILLIAMS, A.
--------------------------------------------------------------------------------
--------------------------------------------------------------------------------
```



WITHDRAWAL NOTIFICATION

NUMBER: 1572991


DATE: 09/29/07                    FACILITY: SANTA ROSA C.I.
WITHDRAWN FROM: 185325             HOUSING LOC: D1214L
             STEPHENSON, CLARENCE F    P.O. BOX: 8

WITHDRAWAL TYPE: DEST. OF PROPERTY WD    CHECK NO:
    AMOUNT:        $0.00              PAYEE:
    REFERENCE: 119072365             ADDRESS:

                         .

ENDING BALANCE FOR 09/29/07:        $0.00
             $      35.00 LIEN PLACED


M-8

STATE OF FLORIDA
COUNTY OF SANTA ROSA

Exh. N

I MARION HIGGINS, DO HEREBY SWEAR THAT THE FOLLOWING STATEMENT IS TRUE AND CORRECT AND MADE OF MY OWN FREE WILL FROM MY OWN PERSONAL KNOWLEDGE.

ON SEPTEMBER 14, 2007 APPROXIMATELY BETWEEN 6:10-6:20 AM I OBSERB LT GIELOW APPEAR TO CLARENCE STEPHENSON CELL DOOR REFERRING TO PRIOR GRIEVANCES AND STATING HE'D BE BACK LATER WITH SOMETHING FOR HIM.

AT BETWEEN 8:10-8:16 AM LT GIELOW AND SGT GIVENS APPEARED TO CLARENCE STEPHENSON CELL WITH THREATS OF UTILIZING CHEMICAL AGENTS AT THIS TIME THEY BOTH LEFT, SGT GIVENS RE-APPEARED BETWEEN 8:30-8:35 AM AT 8:48 AM THE 1ST CAN OF CHEMICAL AGENTS WAS USED ON CLARENCE STEPHENSON AT 9:00 AM THE 2ND CAN WAS UTILIZE ALONG WITH THE 3RD CAN AT OR BETWEEN 9:20-9:30 AM.

AT 9:37 AM INMATE CLARENCE STEPHENSON SUBMITTED TO HAND RESTRAINTS SO HE COULD TAKE A SHOWER ONCE IN HAND RESTRAINTS HE WAS ESCORTED TO ANOTHER WING OF THIS DORMITORY TO TAKE A SHOWER, AFTER 45 MINUTES TIL A HOUR HAD ELAPSED HE WAS RETURNED TO HIS CELL.

BE ADVISED THESE ARE CRUEL AND ATROCIOUS ACTS BEING COMMITTED ON INMATES REPEATED! DURING THIS ORDEAL THERE WASN'T NO RANKING OFFICER ABOVE LT GIELOW PRESENT TO ORALLY ADVISED ON CAMERA THAT CLARENCE STEPHENSON SHOULD CEASED HIS ALLEGEDLY DISORDERLY BEHAVIOR AS FLORIDA ADMINISTRATION CHAPTER 33-602.210 REQUIRES. THIS WAS A CIRCUMVENT TO USED CHEMICAL AGENTS ON CLARENCE STEPHENSON AS A PUNISHMENT, RETALIATION. AND TO DEPRIVED HIM OF HIS PROPERTY SO HE COULD NOT WRITE ANYMORE GRIEVANCE OR LAW AGENCY ON THESE MATTERS.

INMATE CLARENCE STEPHENSON WAS PLACED ON PROPERTY RESTRICTION WHERE HE RECEIVED 1) ONE PAIR OF BOXER SHURTS, AS A REMINDER SANTA ROSA CORRECTIONAL IS ON THE GULF COAST WHERE IT'S BELOW 70° DEGREE'S AT NIGHT WHERE STEPHENSON SLEEPS ON A BUNK MADE OF STEEL, NO BLANKETS, MATTRESS, SHEETS OR ETC.

ON SEPTEMBER 17, 2007 SGT THOMPSON WAS SENT TO CLARENCE STEPHENSON DOOR AT 8:42 A BY LT GIELOW ASKING WHY WAS HE ON PROPERTY RESTRICTION AND THAT TODAY IS LT GIELOW 1ST DAY BACK AND HAS SOMETHING TO GIVE HIM, AFTER STATING THIS I OBSERB HIM LEAVE STEPHENSON DOOR RETURNING AT 8:46 AM WITH LT GIELOW, LT GIELOW STATED GET READY FOR ROUND 2 REFERRING TO CHEMICAL AGENTS THAT WAS USED 3 DAYS BEFORE ON SEPTEMBER 14TH, 2007.

AT THIS TIME I HEARD AND OBSERB LT GIELOW STATE TURN ON THE CAMERA ONCE BEING RECORDED LT GIELOW STATES DATE AND TIME, STATING STEPHENSON CEASED YOUR DISORDER BEHAVIOR OR ILL HAVE TO USE CHEMICAL AGENTS ON YOU, AT THIS TIME THEY LEFT AND RETURNED SOMEWHERE BETWEEN 9:20-9:30 AM UTILIZING A CAN OF CHEMICAL AGENTS ON STEPHENSON WHERE HE THEN POPPED THE WATER SPRINKLER INSIDE THE CELL BECAUSE HE WAS SPRAYED IN HIS FACE AND PENIS WHERE IT BEGIN TO BURN.

(1)

RECORDING OF USE OF FORCE
ALL EXCESSIVE USE OF FORCE SHOULD BE RECORDED IF NOT A SPUR OF THE MOMENT. INCIDE
BY LT GIELOW GIVEN A ORAL STATEMENT ON VIDEO EARLIER, PRIOR TO THE USE OF THE CHEMIC
AGENT SHOW A DISPLAY OF ATROCIOUS ACTS. AGAIN AS REQUIREMENTS OF THE USE OF CHAPTER
THERE WAS NO RANKING OFFICER ABOVE LT GIELOW PRESENT TO ADVISE STEPHENSON ORAL
(LY TO CEASE) HIS ALLEGEDLY DISORDERLY BEHAVIOR, THESE ARE ACTS BEING AUTHORIZE BY
ADMINISTRATION UNTIL STEPHENSON CEASE HIS GRIEVANCE(S) LEGAL PROCEEDURES AND OTHER
WRITTEN PROCEEDURES THAT MAY INITIATE AN INVESTIGATION ON SANTA ROSA CORRETIONAL INSTITUTION.

BETWEEN 9:55 AM -10:05 AM A 2ND CAN WAS USED ON STEPHENSON AS CAPTAIN RHODES OBSERB
AND THE CAMERA BEING USED ALL OF A SUDDEN AFTER STEPHENSON WAS SATUATED IN THOSE CHEMIC
FOR MAYBE 20 MINUTES A 3RD CAN WAS UTILIZE AT OR BETWEEN 10:20 -10:30 AM, STEPHENSON
SUBMITTED TO HAND RESTRAINTS AND WAS ESCORTED TO WING. TWO OF THIS DORMITORY TO TAKE
SHOWER WHERE HE ALSO WAS HOUSED IN ANOTHER CELL UNTIL HE WAS BROUGHT BACK TWO
DAYS LATER ON SEPTEMBER 19TH, 2007 BETWEEN 9:55 -10:05 PM.

ON SEPTEMBER 19TH, 2007 SOMEWHERE BETWEEN 8:05 - 8:35 AM I WAS   APPROACH BY  LT
GIELOW WHERE STATED YOU KNOW LITTLE STEPHENSON CALLED TO MAKE A WITNESS STATEMENTS
AND YOU'RE LISTED A WITNESS, I WOULDN'T MAKE ONE IF I WAS YOU, I OBSERB HIM THEN GO
TO INMATE CARTER CELL (D-111A), JESSIE RAMOS, JAMES JACKSON WHO WAS ALSO LISTED AS A
GIELOW MADE HIS PRESENCE BE KNOWN STARING AT THOSE WHO WAS GIVEN WITNESS FORMS
APPEARING TO THOSE DOOR WHO WERE WRITING STATEMENTS RUSHING THOSE TO QUICKLY MAKE A
STATEMENT.

AFTER THOSE STATEMENTS WERE COMPLETED LT GIELOW AND OFFICER RAYBON APPEARED TO
ONE OF THOSE WITNESSES CELL (JAMES JACKSON) STATING THEY WERE GOING TO GAS HIM FOR
WRITING A STATEMENT AND TO PACK HIS SHIT BECAUSE WAS MOVING IN CELL 1108 WHERE INMATE
STEPHENSON WAS HOUSED IN, THEY THEN LEFT AND RETURNED TO JAMES JACKSON CELL WHERE
HE SUBMITTED TO RESTRAINTS AND ESCORTED TO CELL 1108 WHERE CHEMICAL AGENTS WAS
STILL PRESENT AND HIS PERSONAL PROPERTY AND STATE PROPERTY SUCH AS MATTRESS, SHEETS
BLANKET, CLOTHES AND ETC. WAS DEPRIVED OF FOR PARTICIPATING IN A WITNESS STATEMENTS.

THIS WAS A DISPLAY OF INTIMIDATION TO DEMONSTRATE THIS IS WHAT HAPPENS IF YOU MAKE ANY
STATEMENTS FOR ANOTHER INMATE OR AGAINST AN EMPLOYEE, THIS INMATE WAS HOUSED IN THIS
CELL WITH OUT ANY LINEN IN A BELOW 70° DEGREE'S WEATHER ON A BUNK MADE OF STEEL
FOR SEVERAL DAYS.

IN SEPTEMBER 21ST, 2007 AT 7:20 AM SGT GIVENS ASKED JAMES JACKSON WHY WAS HE WRITING WITNES
STATEMENTS FOR STEPHENSON ONCE HE APPEARED TO HIS CELL HE THEN LEFT RETURNING AT
7:34 AM LEAVING BUT RETURNING WITH LT GIELOW AT 7:40 AM, ONCE THEY BOTH LEFT THEY RETURNED
AT 9:52 AM WITH A VIDEO CAMERA SPRAYING CHEMICAL AGENTS IN HIS CELL AT 8:33 AM TURNING HIS
LATER OFF AT 8:34 AM, AT 8:46 AM JAMES JACKSON SUBMITTED TO RESTRAINTS FOR A SHOWER AND
RETURNED TO HIS CELL WITH NOTHING BUT A PAIR OF BOXER SHORTS.

N -2

SEVERAL OF OFFICERS HAVE BEEN TO MY CELL THREATENING ME WITH THESE ATROCIOUS ACTS THAT L HAVE WITNESSED AGAINST STEPHENSON AND JACKSON DUE TO MY PARTICIPATION IN THE WITNESS FORMS SERVE TO, ADMINISTRATION HAS OVERLOOKED THESE MATTERS HAVING OTHER EMPLOYEE'S TO INFORM ME THAT THESE ACTS DOESN'T AFFECT OR CONCERNS ME OR OTHER WHO HAVE GRIEVE THESE ACTS.

L ONLY AM WRITING THIS BECAUSE OTHERS HAVE BEEN AFRAID TO COME FORWARD BECAUSE THE FEAR OF RETALIATION WHICH REVOLVES AROUND MANAGEMENT MEALS, PROPERTY RESTRICTION,       FALSIFIED DISCIPLINARY REPORTS WHERE INMATES WOULD NOT BE ABLE TO PROGRESS TO THE NEXT LEVEL OF CLOSE MANAGEMENT(S) OR COULD CAUSE LOST OF GAIN TIME, EXCESSIVE USE OF FORCE BY CHEMICAL OR PHYSICAL, DEPRIVED OF INCOMING MAIL, TAMPERING WITH LEGAL AND OUT GOING MAIL SOMETIMES OUTSIDE CRIMINAL CHARGES.

UNDER PENALTIES OF PERJURY, L DECLARE THAT L HAVE READ THE FOREGOING AFFIDAVIT, AND THE FACTS STATED THEREIN ARE TRUE AND CORRECT IN ACCORDANCE WITH SECTION 92.525 FLORIDA STATUES (2007)

BY _Marion Higgins_
     AFFIANT SIGNATURE

SEPTEMBER 21ST, 2007
        DATE

N-3.

# DEPARTMENT OF CORRECTIONS

## Inmate Impounded Personal Property List
### (Please Print)

Inmate's Name STEPHENSON, CLARENCE  Inmate Number 185325

Institution SARCI  Date Property Stored 9-14-7

| Item | Number | Code | Item | Number | Code |
|---|---|---|---|---|---|
| MISC LEGAL | | S | | | |
| MISC LETTERS | | S | | | |
| MAGAZINES | 4 | S | | | |
| SPEED STICK DEOD. | 2 | S | | | |
| SHAMPOO | 1 | S | | | |
| GPX RADIO | 1 | S | | | |
| KOSS HEADSET | 1 | S | | | |
| HAIR BRUSH | 1 | S | | | |
| 1 PR MIKE SNEAKS | 1 PR | S | | | |
| PERSONAL BLUE SHORTS | 1 | S | | | |
| PERSONAL BOOKS | 14 | S | | | |
| BIBLE | 2 | S | | | |
| VITAMINS | 1 | S | | | |
| GLASSES | 2 | S | | | |
| COLGATE TOOTHPOSTE | 1 | S | | | |
| TOOTHBRUSH HOLDER | 1 | S | | | |
| GRX ANALGESIC BALM | 2 | S | | | |
| PLAYING CARDS | 1 DECK | S | | | |
| SHAMPOO | 1 | S | | | |
| 1 PR PAJAMAS | 1 | S | | | |
| (2) SWEAT SHIRTS | 2 | S | | | |
| RELIGIOUS BOOKS | 4 | S | | | |
| LEGAL BOOKS | 1 | S | | | |
| PAPER-WRITING | 2 | S | | | |
| CHESS PIECES | 1 SET | S | | | |
| | | | | | |
| | | | | | |
| | | | | | |

I.  Signature of Officer(s) inventorying property:

Date 9-N-7  Signature of Officer _____  Rank CC

Date 9.14-7  Signature of Officer _____  Rank C

II.  The personal property listed above was inventoried in my presence and is a true listing of all personal property taken from me.

_____  _____  _____
Date  Signature of Inmate  Inmate Number

III.  I have on this date received all of the above personal property marked K – Inmate allowed to keep.

_____  _____  _____
Signature of Inmate  Inmate Number  Date

_____  _____  _____
Date  Signature of Officer issuing kept property  Rank

Exh. O

_____ I/the above listed personal property which has been stored

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

Clarence Frank Stephenson
      **Plaintiff,**

    Vs.            Case No: **3:11cv455 RV/CJK**

David Ellis et. AL
      **Defendants.**

---

## DECLARATION STATEMENT BY INMATE CLARENCE STEPHENSON #185325

    Inmate **Clarence F. Stephenson** Declares on 9-5-07 around 2:00 P.M., (4) four or (5) five officers came on the wing (Quad-2) of D-Dormitory to move an inmate in cell (D-2204) to another cell. No one was conducting a Security check on the wing. When I saw officer Raybon, I called him to my cell front (D-2119) about my legal material (deadline) that was given to the law clerk for copies on 9-4-07. Officer Raybon told me that he had nothing to do with it and I **HEREBY DECLARE** under Penalty of Perjury that the foregoing statement is true and correct to the best of my Knowledge Executed at Union Correctional Institution on August 10th, 2014 in Raiford, Florida.

P-1

Continuation declaration statement of Inmate Clarence F.
Stephenson #185325:

that I had to take that up with the law library. He then left
the cell to go sit on the (Quad-2) wing table.

Sgt. Given the walked on the wing and when he walked pass-
ed my cell, I called him back to my cell to explain my legal
deadline situation, and that my paper work was given to the
law clerk on 9-4-07 for photo copies. When officer Raybon
told and confirmed that it was true and that he was the one
who open the (cell-flap) to give the law clerk the legal doc-
uments to be copied, sgt. Given then ordered officer Raybon
to go and call the library and see whats going on with my
copies, and he left to go make the phone-call.

After a few minutes, officer Raybon came back to my
cell and told me that the librarian said that I had (50)days
to file to the courts, why you waited so long. Officer Raybon
then left my cell (D-2119) only to be stopped by Lt. Gielow. Lt.
Gielow then told officer Raybon to write me a (DR) for
Disorderly Conduct. Lt. Gielow then walked to my cell mean-
muggin me with the look of hatred in his eyes and stated
maliciously " I have no rap for you". "I wanna gas your
ass for writing complaints/grievances against Lt. swartz."
My roommate David Patterson heard everything word for word
and he is a witness to these facts.

On 9-9-07 during the investigation of that (DR) I made
I HEREBY declares under Penalty of Perjury that the foregoing
Statement is true and correct to the best of my knowledge
Executed at Union Correctional Institution on August 10th,
2014 in Raiford, Florida.

P-2

## Continuation declaration statement of Inmate Clarence F. Stephenson #185325:

a written statement in my behalf and what the video tape would show as evidence of the falsified report. During the (DR) Hearing that took place on 9-13-07, Lt. Gielow was reading my written statement and what tape would show as I entered the hearing. He was replaced by Lt. Romine. I was found guilty based on officer's statement. Plaintiff received the fact finders decision by a unidentified officer later in the day violating my due process.

That same day on 9-13-07, officer Dorn came to my cell with an orientation form back dated to 4-27-07, for me to sign from the Classification Department. I signed that form on 9-13-07 and was gassed the very next day by Lt. Gielow and sgt. Given who both were involved in the (DR) written by office Raybon.

On 9-14-07 Lt. Gielow came to my cell before (shift change) about 6:13 A.M., and woke me up out of my sleep and stated, "get ready! I'll be back!" At 8:16 A.M. Lt. Gielow and sgt. Given came back to my cell together. Sgt. Given and Lt. Gielow told me to "get ready, We about to spank you in a few minutes."

At 8:35 A.M., Lt. Gielow alone returned to my cell to make it appear on the Quad's video camera that he was counseling me about my unproper behavior (Yelling and kicking the cell door) when I was not. (The video camera has no Audio).

I HEREBY declares under Penalty of Perjury that the foregoing statement is true and correct to the best of my Knowledge Executed at Union Correctional Institution on August 10th, 2014 in Raiford, Florida.

Continuation declaration statement of Inmate Clarence F. Stephenson #185325:

Around 8:42 A.M., Lt. Gielow and Sgt. Given returned to my cell again together, to make on the Quad's video that they were counseling me again. This time the handheld camera was accompanied by both defendants. At 8:48 A.M., Lt. Gielow and Sgt. Given came back to my cell and maliciously and sadistically Administered chemical Agents in my cell directly in his face and on **my clothes, skin** and property. The Spray was excessive!

While I was suffering intense Physical Pain, burning sensation in the mucous membranes, involuntary closing of the eyes, gagging, Paralysis of the larynx, disorientation, anxiety, and Panic as a result of the exposures to gas, Sgt. Given was Pushing the Quad's video camera up toward the ceiling to prevent the recording of the excessive and malicious use of gas.

At 9:00 A.M., Lt. Gielow ordered **that I be gassed** a 2nd time. At 9:20 A.M., both officials administered chemical Agents into my cell for the 3rd time violating rules 33-602.210(14), F.A.C.

About 9:30 A.M., Lt. Gielow came back to my cell with the video camera ordering me to come out my cell or he would call or use the Extraction Team to remove me from the cell. I still refused! I felt that my life was in danger and I needed to see the captain or a higher rank.

**I HEREBY declares** under Penalty of perjury that the foregoing statement is true and correct to the best of my knowledge. Executed at Union Correctional Institution on August 10th, 2014 in Raiford, Florida.

## Continuation declaration statement of Inmate Clarence F. Stephenson #185325:

I then stated directly into the handheld video camera that my life was in danger and Lt. Gielow was retaliating against me for filing grievances against him at 8:48 A.M.. The camera was turned off in violation of the Department's own rules. Lt. Gielow did not want me talking this way!

About 9:40 A.M., officers Dorn and Wilson came to my cell alone, without the camera, and told me to cuff up, it was alright to come out the cell. Lt. Gielow is not on the wing and that he would not bother me. I then let officers Dorn and Wilson escort me to the showers on wing-2.

At or about 9:43 A.M., while I was attempting to wash gas out of my hair and skin, Lt. Williams and Lt. Gielow came on the wing smiling at me. While still smiling at me, Lt. Gielow came to my shower and stated "I wanna gas you again to-day are you with it?" I told him no! I then asked Lt. Gielow why he was retaliating against me and he stated "because you a piece of shit," "You wrote all them grievances on staff and now you got the Warden and colonel upset with you."

At 10:00 A.M., I was then taken to see Nurse Austin, D, after I had already refused to come out the cell. I was told to sign up for sickcall if I continued to burn.

During my physical Lt. Gielow ordered all my property be

I HEREBY declares under penalty of Perjury that the foregoing statement is true and correct to the best of my knowledge Executed at Union Correctional Institution on August 10th, 2014 in Raiford, Florida.

Continuation declaration statement of Inmate clarence F. Stephenson #185325 :

removed from my cell. I was placed on property and recreation restriction for 72 hours and 15 day suspension, leaving me with a pair of boxer shorts and shower slides so that I couldn't file anymore complaints and be gassed without any clothes to protect my skin, body and face. This occurred from the grievances written statements and what tapes will show as evidence.

Around 10:30 A.M., I was taken back to the same cell without clothes or property to notify anyone of the abuse, of excessive gas, lying and sleeping on a steel bunk in cold temperatures.

At 2:50 p.m., Lt. Gielow who had just retaliated against me came to my cell door and told me to say I'm sorry on my use of force witness statement and that he would have some one to bring it to me. Around 3:00 P.M. or so, the housing sergeant came to my cell with the use of force witness statement form for me to sign. I wrote on it "I can-not make a statement at this time because my life's in danger."

On 9-14-07 at 11:20 A.M., Sgt. Given wrote a false (DR) against me, in retaliation for filing grievances and writing statements in my behalf against Lt. Gielow and Lt. Swartz. Lt. Gielow approved the (DR). The (DR) was overturned on appeal!

On 9-17-07 Lt. Gielow sent Sgt. Thomas to my cell to ma-

I HEREBY Declares under penalty of perjury that the foregoing statement is true and correct to the best of my knowledge Executed at Union Correctional Institution on August 10th, 2014 in Raiford, Florida.

P-6

Continuation declaration statement of Inmate Clarence F. Stephenson #185325 :

nipulate the Quad's **video**, acting like I was causing a problem on the Quad and to see what I was doing inside my stripped cell. At the time, I didn't know that this was done to **set** the stage to gas me again while I was still on (strip). I was due to get off strip this same day.

Sgt. Thomas was staring in my cell looking directly at me, where I was silent. When I looked up and saw him at my cell door looking at me, I asked him for and about my property and clothes, and that I had deadlines to meet, and sgt. Thomas stated, "We'll see. You still on strip?" I told him my 72 hours were up and he left my cell knowing already that I had been gassed and on strip.

At 8:46 A.m. Lt. Gielow and sgt. Thomas came to my cell with the handheld video camera and made his speach about if I keep up the disturbance chemical Agents will be used to quell the disturbance. Their was no disturbance. And again, No captain was notified or the shift (O.I.C.). Lt. Gielow can-not Authorize chemical Agents to be used without an Approval.

At about 9:30 A.m., sgt. Thomas and Lt. Gielow came to my cell again, this time administered chemical Agents (gas) into my ~~face~~. face, torso area, scrotum (groin) and legs. The spray was excessive! I couldn't see, my eyes and scrotum (groin) area was burning sooo badly from the gas, that I had no other choice of relief, but to

I HEREBY **declares** under Penalty of Perjury that the foregoing statement is true and correct to the best of my knowledge. Executed at Union Correctional Institution on August 10th, 2014 in Raiford, Florida.

Continuation declaration statem + of Inmate clarence F. Stephenson #185325:

Pull the small pin from the water sprinkler inside my cell for relief. This is not dangerous. Nor does it effect anyone outside the cell. This does not break the sprinkler system. It only unfasting the latch which holds the pin.

**Between** 9:30-10:00 AM, was the first time I ever seen the captain, and he was more concerned about the sprinkler head (the small pin) than my health and the abuse. I explained to the captain why pulled the pin from the sprinkler system and the captain told me between 10:00 and 10:30 A.M., that I would be burning more in a minute and that I would be receiving an outside charge for the sprinkler system. I suffered servere pain that whole day and the captain then ordered more (gas) chemical Agents to be used on me.

About 10:00 am, I was repeatedly abused by both officials Lt. Gielow, sgt. Thomas and the Captain who was an onlooker after he ordered more gas to be used on me.

About 10:25 A.m., chemical Agents were used a third time on me while I was still in the cell, what felt like I was going to die, in cell D-1108.

Between 10:30—10:45 Am., Lt. Gielow, and sgt. Thomas return-ed to my cell and asked me if I wanted to take a shower, I was then handcuffed with my hands behind my back and **I HEREBY Declare** under Penalty of Perjury that the foregoing Statement is true and correct to the best of my knowledge Executed at Union Correctional Institution on August 10th, 2014 in Raiford, Florida.

## Continuation declaration statement of Inmate Clarence F. Stephenson #185325:

taken to the shower on (wing) Quad-2. After I showered, and was referred to go through sickcall for my injuries by the use of force Nurse in medical after the incident, I was placed in a suicide strip cell for mental health (SOS) observation for 72 hours in Quad-2.

Again, I was brought another witness statement form (DC6-112) by the housing sergeant and he told me that Lt. Gielow said that he wanted me to say that I was sorry for writing complaints (grievances) and witness statements against him, Lt. Swartz and other staff members, or the gassing will continue until I do. I wrote in my written statement that I was sorry because the institutional Warden wouldn't do anything about it. This was proving through the denials for help in my Formal Grievances as well as my Appeals. It was made clear to me that the Warden and Colonel has told Lt. Gielow to abuse me until I backed off the complaints and grievances.

On 9-17-07 In the abuse against me by Lt. Gielow and Sgt. Thomas, I called 5 eyewitnesses in my behalf: Marion Higgins DC#W10132 cell D-111; Jesse Ramos DC#W29966 cell D-1116; Terrance Carter DC#125470 cell D-1114; Gerald Houston DC#N16231 cell D-1216; and James Jackson DC#522595 and they were all threatened by Lt. Gielow that if they made a statement they would be stripped of there belongings. (Note, it is

I HEREBY DECLARE under penalty of perjury that the foregoing statement is true and correct to the best of my knowledge Executed at Union Correctional Institution on August 10th, 2014 in Raiford, Florida.

p-9

## Continuation declaration statement of Inmate Clarence F. Stephenson #185325

Cold in Milton, Florida at night this time of the year.).

On 9-19-07, I was taken back to (Wing-I) from the (SOS) mental Health strip cell around or between 9:55-10:00 p.m., where I discovered that Lt. Gielow had placed James Jackson, DC#522598 in my old cell (D-1108), took all his property and stripped him of all his belongings, placing him on Restrictions. I was Just gassed/abuse twice in (3) days, 9-14-07 and 9-17-07.

On 9-21-07, I witnessed Lt. Gielow and Sgt. Given at 7:20 A.m., come to inmate Jackson's cell for no reason at all Just holding a regular conversation, then left the cell. At 7:34 A.m. Sgt. Given returned to inmate Jackson's cell again with the same nonsense Just to manipulate the video camera. There was no noise on the Quad because everybody was still asleep. The only noise came from the exhaust fans. At 7:40 A.m.

At 7:52 Lt. Gielow and Sgt. Given returned to Jackson's cell with officer Bawl holding the handheld video camera and Lt. Gielow saying if you don't stop being disorderly chemical agents will be used against you. At 8:33 A.m., James Jacksons was sprayed with Chemical Agents in the same cell as I did, For writing a statement for me.

On 10-7-07 at 2:20 p.m., Sgt. Given went to cell (D-1111) to harass inmate Marion Higgins DC#W10132. Just because I was on the door looking at how Sgt. Given was harassing him, Sgt. Given came to my cell (D-1214) and told me I was a piece of shit and that I wont live to file a Civil complaint or the next (20)

I HEREBY DECLARE Under Penalty of Perjury that the foregoing statement is true and correct to the best of my knowledge Executed at Union Correctional Institution on August 10th, 2014 in Raiford, Florida.

Continuation declaration statement of Inmate Clarence F. Stephenson #185325:

twenty days. He also called me a pussy boy and that if he was in prison I would be his boy and fuck me. While leaving my cell with a property slip he told me that he's going to gas me this week at 2:45 p.m., Lt. Gielow and sgt. Given was planning to harm me again the following week because the Quad's camera had been moved away from facing my cell. And I feel it was done in retaliation.

I have seen and told the Inspector on 10-4-07 that sgt. Given and Lt. Gielow has been threatening and promising to gas me if I filed another complaint and she told me that they would not bother me anymore.

**Note.** that I called at least (14) witnesses who heard and saw sgt. Givens threat me and none was interviewed or investigated. However, I was transferred to Union Correctional Institution (U.C.I), where I was safe from these abusers, on 10-29-07.

Clarence Stephenson

I HEREBY DECLARE under Penalty of perjury that the foregoing statement is true and correct to the best of my Knowledge Executed at Union Correctional Institution on August 10th, 2014 in Raiford, Florida.

Clarence Stephenson #185325
Union Correctional Institution
7819 N.W. 228th Street
Raiford, Florida 32026



U.S. District Court
One, North Palafox Street
Pensacola, Fla.
32502

Mailed from A
State Correctional
Institution

Priority Mail
ComBasPrice


