IN THE DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

Case No.: 3:11-cv-00455-RV-CJK

**CLARENCE STEPHENSON, DC# 185325**

    Plaintiff,

v.

**D. ELLIS,** *et al.,*

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant **STEVEN THOMAS** ("Defendant"), by and through undersigned counsel, and pursuant to Rule 8(b) and 8(c), Fed. R. Civ. P., hereby files this Answer and Defenses to Plaintiff's Second Amended Complaint (DE# 36):

### PLACE OF PRESENT CONFINEMENT

Defendant admits that Plaintiff is currently housed at Union Correctional Institution.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendant denies that Plaintiff has exhausted his administrative remedies.

### PREVIOUS LAWSUITS

Defendant is without knowledge as to Plaintiff's previous lawsuits and therefore denies them.

### COMPLAINT

1. Admit only that this is a civil action for damages.

2. Admit.

3. Admit.

4. Admit solely that Venue and Jurisdiction are proper. The factual allegations are denied.

5. Admit.

6. This paragraph is directed at an unserved Defendant, David Ellis. Without knowledge and therefore denied.

7. Admit.

8. Admit.

9. Without knowledge and therefore denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100.     Denied.

101.     Denied.

102.     Denied.

103.     Denied.

104.     Denied.

105.     Denied.

106.     Denied.

107.     Denied.

108.     Denied.

109.     Denied.

110.     Denied.

111.     Denied.

112.     Denied.

113.     Denied.

## STATEMENT OF CLAIMS

Defendant denies all allegations in the Statement of Claims.

## RELIEF REQUESTED

Defendant denies that Plaintiff is entitled to any of the relief he requests.

## DEFENSES AND AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Defendant acted reasonably within the discretion of his position and the course and scope of employment and did not violate any clearly established statutory or constitutional right of the Plaintiff with which a reasonable person would have known, and therefore is entitled to qualified immunity from suit.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

## THIRD AFFIRMATIVE DEFENSE

Defendant did not act in any way that would violate any clearly established rights guaranteed to the Plaintiff under the Constitution.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action because there is no causal connection between plaintiff's claimed injuries and action or inaction by the defendant as required for liability under 42 U.S.C. §1983.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action because plaintiff cannot establish the deliberate indifference required at a minimum for liability under 42 U.S.C. §1983.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action because negligence is not actionable under 42 U.S.C. §1983.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant asserts that any and all injuries or damages suffered by Plaintiff were caused in whole or in part by Plaintiff's negligence or wrongful acts and/or misconduct.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish as a subjective matter, that the Defendant acted with a sufficiently culpable state of mind as required for liability under 42 U.S.C. § 1983.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim for damages is barred pursuant to the Prison Litigation Reform Act (PLRA) based on lack of a physical injury as a result of the alleged actions by Defendant.

### TENTH AFFIRMATIVE DEFENSE

The actions taken by Defendant with regard to the incident were reasonable upon objective evaluation and not so grossly disproportionate to the need to take those actions so as to warrant recovery under 42 U.S.C. § 1983.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for punitive damages because he has not alleged the type of conduct that would meet the standards set forth by Smith v. Wade, 461 U.S. 30, 56, 103 S.Ct. 1625, 1640, 75 Led.2d 632 (1983).

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

This action is barred by the Prison Litigation Reform Act (PLRA) because Plaintiff failed to exhaust his administrative remedies prior to initiating this lawsuit.

## RESERVATION OF RIGHTS TO AMEND AND SUPPLEMENT

Defendant reserves the right to amend and supplement these affirmative defenses adding such additional affirmative defenses as may appear to be appropriate upon further discovery being conducted in this case.

**WHEREFORE**, having fully answered the Complaint, the Defendant denies that the Plaintiff is entitled to the relief sought, or any relief whatsoever, and further demands trial by jury of all issues so triable.

Respectfully submitted,
**PAMELA JO BONDI**
ATTORNEY GENERAL

S/ Sean W. Gellis
Sean W. Gellis (Fla Bar. 105924)
Assistant Attorney General
Sean.Gellis@myfloridalegal.com
OFFICE OF THE ATTORNEY GENERAL
The Capitol, Suite PL-01
Tallahassee, Florida 32399
Telephone:    (850) 414-3300
Facsimile:    (850) 488-4872
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically through CM/ECF and served by U.S. mail February 2, 2015 on all counsel or parties of record on the attached service list.

 S/ Sean Gellis
Sean Gellis
Assistant Attorney General


## SERVICE LIST

Clarence Stephenson, DC# 185325
Union Correctional Institution
7819 N.W. 228th Street
Raiford, Florida 32026-4000