UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CLARENCE FRANK STEPHENSON,

    Plaintiff,

v.                                                  Case No. 3:11cv455/RV/CJK

D. ELLIS, et al.,

    Defendants.
_____/

ORDER and
REPORT AND RECOMMENDATION

    This matter is before the court on plaintiff's "Motion for Corrected Service of Process" (doc. 61). On October 8, 2014, the court directed the clerk to issue summons for Captain Rhodes, a defendant named in plaintiff's second amended complaint. (Doc. 40). The court directed the U.S. Marshals Service to serve Captain Rhodes with the summons and complaint by mailing the documents to the special process server at Santa Rosa Correctional Institution ("SRCI"). (*Id.*). The special process server returned the summons unexecuted, indicating an individual named Gerald Rhodes was no longer employed by the Florida Department of Corrections and thus unable to be served. (Doc. 42, p. 7-9). In addition, the special process server provided the court with a confidential, non-institutional address at which Gerald Rhodes could be served. The court then directed the U.S. Marshals Service to serve Gerald Rhodes at the provided address. (Doc. 45). The summons was returned executed on January 14, 2015. (Doc. 55). On January 20, 2015, Gerald Rhodes filed his answer and affirmative defenses, asserting he is not the Captain Rhodes identified

in the second amended complaint. (Doc. 53, p. 9). Gerald Rhodes claims he "has only ever held the rank of Sergeant," but states there is an individual named Rhodes who holds the rank of Captain at SRCI. (*Id.*). Plaintiff, agreeing the wrong Rhodes has been served, now requests that the complaint be served on Captain Rhodes at SRCI. (Doc. 61). The court will grant plaintiff's request. In light of the parties' agreement that Gerald Rhodes is not the individual identified in the second amended complaint, the court recommends that Gerald Rhodes be dismissed from this action.

Accordingly, it is ORDERED:

1. Plaintiff's "Motion for Corrected Service of Process" (doc. 61) is GRANTED.

2. The clerk shall re-issue summons for Captain Rhodes, indicating the defendant has sixty (60) days in which to file a response to the second amended complaint. The clerk shall refer the summons to the United States Marshals Service, along with a copy of this order and a service copy of the second amended complaint.

3. Pursuant to Rule 4(c), Federal Rules of Civil Procedure, **Tammy Coursey** is specially appointed to serve process upon the defendant **Captain Rhodes** at **Santa Rosa Correctional Institution.** In the absence of Tammy Coursey, the specially appointed process server designated above, **David Temples** is designated as an alternate server and shall comply with this order as though issued in his name.

4. Within **thirty (30) days** from the date of this order, the United States Marshal or a Deputy United States Marshal shall serve the summons, a copy of the second amended complaint and a copy of this order upon Captain Rhodes. Service shall be accomplished by mailing these documents by regular mail to the above named special process servers, who shall serve the second amended complaint. All

costs of service shall be advanced by the United States.

5. Within **fourteen (14) days** after receipt of the second amended complaint and this order, the special process servers shall serve the complaint upon Captain Rhodes, complete and sign the return of service, and return to the clerk of court as proof of service. **Captain Rhodes shall also sign the return of service as an acknowledgment of receipt of service.**

6. If Captain Rhodes is no longer employed at the designated institution or facility, or is otherwise unable to be served, the server shall report this information to the clerk of court within fourteen (14) days after receipt of the second amended complaint and this order. If service is returned unexecuted, or if a return is not filed within forty-five (45) days from the date of this order, the clerk of court shall immediately notify chambers.

7. Captain Rhodes shall have sixty (60) days in which to file a response to the second amended complaint.

8. No motion for summary judgment shall be filed by any party prior to entry of an initial scheduling order without permission of the court.

9. Counsel for the defendant shall file a notice of appearance within **thirty (30) days** from the date of service.

10. Plaintiff is advised that no further amendments to the complaint shall be permitted by the court unless, as required by Rule 15 of the Federal Rules of Civil Procedure, plaintiff files a separate motion for leave to amend and provides copies of the proposed amended complaint. N.D. Fla. Loc. R. 15.1.

11. Once a notice of appearance is filed, plaintiff must mail to the attorney for each defendant a copy of every pleading or other paper he submits for filing in

this court.  Plaintiff shall include with any paper submitted for filing a certificate of service stating the date an identical copy of the paper was mailed to defendants' counsel.  Any paper submitted for filing that does not contain a certificate of service will be returned by the clerk and disregarded by the court.  Fed. R. Civ. P. 5; N.D. Fla. Loc. R. 5.1(D).

12.   Plaintiff is reminded to keep the clerk of court advised of any change in his mailing address should he be transferred, released from prison, or otherwise relocated.  Failure to do so may result in dismissal of this action for failure to prosecute or failure to comply with an order of the court, should court orders not be able to reach plaintiff.

And it is respectfully RECOMMENDED:

1.   That Gerald Rhodes be DISMISSED from this case.

At Pensacola, Florida this 2nd day of April, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).